IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| PAMELA G. CAPPETTA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08-cv-00288-JRS |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
COMPLAINT OR, IN THE ALTERNATIVE, FOR
A MORE DEFINITE STATEMENT**

COMES NOW Defendant GC Services Limited Partnership ("GC Services"), by counsel, and for its Memorandum in Support of its Motion to Dismiss Complaint or, in the alternative, for a More Definite Statement, states as follows:

**INTRODUCTION**

Plaintiff Pamela G. Cappetta ("Plaintiff") filed her Complaint against GC Services on or about May 9, 2008, alleging one count of violation of the Fair Debt Collection Practices Act ("FDCPA"), §§ 15 U.S.C. 1692, *et seq.*  In her Complaint, Plaintiff specifically alleges that her action is brought pursuant to 15 U.S.C. § 1692c(c) and "for common law conversion"; however, she fails to state any claim for which relief can be granted under either theory and, thus, the Complaint must be dismissed as a matter of law.  In the alternative, should this Court decline to grant Defendant's Motion to Dismiss, GC Services requests that this Court enter an Order requiring Plaintiff to file a More Definite Statement, for the reasons discussed in detail below.

**ARGUMENT**

I.       **Plaintiff has failed to state any claim upon which relief can be granted.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims "for failure to state a claim upon which relief can be granted."  Dismissal of a plaintiff's claims pursuant to Rule 12(b)(6) is proper where, after accepting all well-pleaded facts in the plaintiff's complaint as true, and viewing the factual allegations in the light most favorable to the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).  Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, the Court may assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. Pship.*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the facts must be taken in the light most favorable to the plaintiff, a court need not accept the legal conclusions drawn from the facts.  *Id.* (citing *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991)).  Similarly, unwarranted inferences, unreasonable conclusions or arguments need not be accepted as true on a 12(b)(6) motion to dismiss.  *Id.*  (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1357 (2d ed. 1990 & 1998 Supp.)).

Plaintiff alleges in her Complaint that she was contacted by a representative of GC Services in or about May 2007 regarding the collection of a debt owed by Plaintiff's former husband to American Express.  (*See* Comp. ¶ 5, 7.)   Plaintiff further alleges that in that communication, GC Services' representative informed her that she was responsible for the debt because her social security number was on the account.  (Compl. ¶ 7.)  Plaintiff does not allege that she disputed these alleged representations of GC Services, and in fact alleges that she paid the debt

in the amount of $10,519.59.  (*See* Compl. ¶ 9.)  However, Plaintiff alleges that over two months later, in or about August 2007, she "wrote to GC Services and demanded a refund of the monies paid based on the fact that this was not her account." (Compl. ¶ 10.)  Plaintiff claims that GC Services did not respond to this communication.  (*Id*.)  These allegations comprise the entirety of Plaintiff's factual allegations against GC Services.

Plaintiff's Complaint fails to address facts necessary to support her allegations: for instance, whether her social security number or name were on the American Express account in question, or whether she was a co-signatory to or otherwise responsible for her former husband's account.  Nor does Plaintiff allege that she informed GC Services that she believed that she was not responsible for the debt on said account, or that she ever instructed American Express to remove her name or social security number from the account, if in fact she was at any time affiliated with the account.  In fact, Plaintiff's only allegations in support of her claim that GC Services violated that FDCPA are the nebulous, *ex post facto* assertions that she "never owed such a debt" (Compl. ¶ 8) and that "this was not her account."  These assertions, even as viewed in the light most favorable to the Plaintiff under Rule 12(b)(6), when juxtaposed against Plaintiff's allegations that she paid the debt as requested, constitute nothing more than bare conclusory allegations which need not be accepted as legal conclusions by this Court.  More detail is required of a complaint than merely the bold statement by a plaintiff that she has a valid claim of "some type" against the defendant.  *See Davis v. City of Portsmouth*, 579 F. Supp. 1205 (E.D. Va. 1983), aff'd, 742 F.2d 1448 (4th Cir. 1984)).

It is unclear whether Plaintiff contests the existence of the debt (which she refers to as "fictional" (Compl. ¶ 9)) or merely her responsibility for its payment; in either event, Plaintiff has failed to allege facts sufficient to state a claim against GC Services for which relief can be granted.

Plaintiff's claim that GC Services has violated 15 U.S.C. § 1692c(c) is unsupported by her factual

allegations.  Section 1692c(c) provides that

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to each such debt, except –
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

Plaintiff does not allege that, at any time, she notified GC Services that she wished for it to

cease further communication with her.  Nor does she allege that she notified GC Services that she

refused to pay a debt – her only allegation regarding written correspondence with the company is

that she notified GC Services that she wanted a refund of the debt she had already paid several

months prior.  (Compl. ¶ 10.)  Additionally, she does not allege that, at any time, GC Services

continued to communicate with her in violation of 15 U.S.C. 1692c(c); in fact, she specifically

alleges that it did *not* communicate with her further.  (*Id*.)  Plaintiff has alleged no facts which,

even if taken as true under a Rule 12(b)(6) analysis, state a claim under the FDCPA, and thus her

claim must be dismissed.

Similarly, Plaintiff has alleged no facts in support of her claim against GC Services for

conversion under Virginia common law (which claim is referenced generally in Paragraph 1 of the

Complaint, but which does not appear in Count One or anywhere else in the Complaint).  She has

failed to plead the elements of a conversion claim, which consist of any wrongful exercise of authority by a party over another's goods, depriving him of their possession, and any act of dominion wrongfully exerted over property in denial of the owner's right or inconsistent with it. *See United Leasing Corp. v. Thrift Ins. Corp.*, 440 S.E.2d 902 (Va. 1994).  Again, aside from mere conclusory statements, Plaintiff has not alleged facts sufficient to demonstrate that GC Services wrongfully exercised its authority over the monies paid voluntarily by Plaintiff in satisfaction of the debt or that it otherwise wrongfully retained the monies in denial of any right of Plaintiff. Plaintiff's claim fails for her inability to allege specific facts that would tend to support her claims that she did not owe the debt in question (particularly, her pointed avoidance of the issue as to whether her name or social security number appeared on the account, or whether she had co-signed or otherwise bore joint responsibility for any debt on the account); without such facts, even viewing the scant allegations in the Complaint in the light most favorable to Plaintiff, she has stated no claim for common law conversion.  For the same reasons, Plaintiff's mere conclusory assertions that GC Services violated the FDCPA "by misrepresenting that Plaintiff was responsible for payment of the debt and the misrepresentation that [her] social security number was on the debt" is insufficient to state a claim under the FDCPA, and Plaintiff's Complaint should be dismissed accordingly.

**II.     Plaintiff's Complaint is vague, ambiguous and fails to adequately advise GC Services of the true nature of the claim.**

For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted, and thus her Complaint should be dismissed.  However, should this Court decline to dismiss the Complaint pursuant to Rule 12(b)(6), GC Services moves the Court to order Plaintiff to file a more definite statement of her claim pursuant to Rule 12(e).  As discussed in detail, *supra*,

the Complaint is vague, ambiguous and fails to adequately advise GC Services of the true nature of Plaintiff's claim, including the details of the alleged violations of the Fair Debt Collection Practices Act, the identity of the "representative" of Defendant who allegedly committed said violations, and any details at all relating to Plaintiff's putative common law conversion claim, to the extent that GC Services is unable to frame a responsive pleading thereto.

## CONCLUSION

WHEREFORE, Defendant G.C. Services Limited Partnership, by counsel, respectfully requests that this Court dismiss this action for failure to state a claim, and that it be awarded its costs and attorneys' fees for defending this action as there is no basis in law or fact for this claim. In the alternative, should this Court deny GC Services' Motion to Dismiss the Complaint, GC Services requests that this Court order Plaintiff to file and serve a more definite statement of her claim within ten (10) days of the entry of its Order, or within such other time as this Court may fix.

Respectfully submitted,

G.C. SERVICES LIMITED PARTNERSHIP

By: /s/_____
    James C. Skilling (VSB No. 27998)
    Rebecca H. Royals (VSB No. 71420)
    Attorneys for GC Services Limited Partnership
    BUTLER, WILLIAMS & SKILLING, P.C.
    100 Shockoe Slip, 4th Floor
    Richmond, Virginia 23219
    Telephone: (804) 648-4848
    Facsimile: (804) 648-6814
    E-mail: jskilling@ butlerwilliams.com
           rroyals@butlerwilliams.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of June, 2008, I electronically filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss Complaint or, in the Alternative, for a More Definite Statement with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Leonard Anthony Bennett, Esquire
> Consumer Litigation Associates PC
> 12515 Warwick Blvd, Suite 100
> Newport News, VA 23606
> *Counsel for Plaintiffs*

> /s/_____
> James C. Skilling (VSB No. 27998)
> Attorney for GC Services Limited Partnership
> BUTLER, WILLIAMS & SKILLING, P.C.
> 100 Shockoe Slip, 4th Floor
> Richmond, Virginia 23219
> Telephone: (804) 648-4848
> Facsimile: (804) 648-6814
> E-mail: jskilling@ butlerwilliams.com