IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA G. CAPPETTA,

      **Plaintiff,**

v.

                                              CIVIL ACTION NO. 3:08CV00288

GC SERVICS LIMITED PARTNERSHIP,

      **Defendant.**

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATE, FOR A MORE DEFINITE STATEMENT

COMES NOW the Plaintiff, PAMELA G. CAPPETTA, by counsel, and for her Memorandum in Opposition to defendant's Motion to Dismiss Complaint or, in the Alternate, for a More Definite Statement, she alleges as follows:

Defendant's Motion ignores entirely the pleadings standards incorporated in Fed. R. Civ. P. 8 or federal jurisprudence interpreting same. Instead, it presents a series of questions that seem best characterized as Defendant's stream of consciousness. Plaintiff accepts that Defendant may wish to learn more about how the Plaintiff would testify or what evidence she has to support her claim that she did not own the subject debt. However, these are inquiries appropriately reserved for discovery. As it currently stands, Ms. Cappetta's Complaint provides defendant adequate notice of the basic facts (Defendant misrepresented indebtedness and urgency in order to extract payment) and her claim (Federal Fair Debt Collection Practices Act).

Despite her opposition to the present Motion, the Plaintiff, by her counsel, acknowledges a typographical error in the Complaint. In paragraph one (1), her counsel mistakenly failed to remove the language referencing 15 U.S.C. §1692c(c) or a "tort of conversion." Neither of these are alleged

in the present action, as should be apparent from the actual substantive allegations thereafter. If this typo was the source of Defendant's confusion, Plaintiff's counsel regrets that Defense counsel did telephone, email, write or fax Plaintiff's counsel before filing the pending motion.

### *ARGUMENT*

#### I. Standard of Review

Rule 8(a)(2) requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has recently repeated that the purpose of this rule is to provide a defendant with "fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "While a complaint comprised solely of labels and conclusions is insufficient to satisfy this rule, specific facts, elaborate arguments, or fanciful language are not necessary." *Spencer v. Earley,* Unpublished, 2008 WL 2076429 (4th Cir. 2008)(citing *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007)).

The modest rigor of Rule 8's pleading standard applies as well to claims under the FDCPA, even those based on a debt collector's misrepresentations. *Neild v. Wolpoff & Abramson, L.L.P.,* 453 F.Supp.2d 918 (E.D.Va. 2006). Defendant's failure to articulate Rule 8's requirement and its inability to find any authority to support its position is not surprising. District courts thus regularly reject motions to dismiss claims that are indistinguishable from Defendant's. *See e.g. Harrison v. Federal Pacific Credit Co., LLC,* 2006 WL 276605 (W.D.N.Y. 2006) ("Defendant has failed to point to any case law supporting dismissal of Plaintiff's claims under either 15 U.S.C. § 1692c(3), based on Defendant's repeated telephone calls to Plaintiff's place of employment, or 15 U.S.C. § 1692d(5)... Nor has the court's research revealed any case that would support dismissal of Plaintiff's claims at this time. Moreover, [under Rule 8(a)], a federal civil complaint shall 'contain a short and

plain statement of the claims showing that the pleader is entitled to relief.' Thus, even with a required liberal reading, unless such statement unequivocally demonstrates Plaintiff cannot recover under any applicable legal theory of liability under the Act, assuming that the facts as alleged are proved, the Amended Complaint cannot be dismissed."). Indeed,

## II. Plaintiff's Complaint Adequately States a Claim

The FDCPA expressly prohibits "False or Misleading Representations." 15 U.S.C. §1692(e). In relevant part the Act states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.*1 The allegations in the Complaint certainly state a claim under this FDCPA prohibition. The Plaintiff has alleged that Defendant misrepresented to her that (a.) she was responsible for the debt and (b.) her social security number was on the account. (Complaint ¶7). Defendant also claimed that the debt had to be repaid within 7 days to avoid additional penalty. *Id.* In her Complaint, Ms. Cappetta has alleged that each of these representations were false. (Complaint ¶8). Standing alone, these facts are more than adequate to state a claim under the FDCPA. In fact, Defendant ignores entirely Plaintiff's allegation of law in the Complaint, alleging:

> Defendant violated the Fair Debt Collection Practices Act in multiple ways, including by example only and without limitation, by misrepresenting that the Plaintiff was responsible for the payment of the debt and the misrepresentation that the Plaintiff's social security number was on the debt.

(Complaint ¶12). These allegations more than adequately state a claim for violation of §1681e. *Collins v. Sparacio*, 2003 WL 21254256, *2 (N.D.Ill. 2003) ("Otherwise, Collins's

---

1 Plaintiff restates only this general prohibition in order to simplify this argument. However, the same FDCPA section prohibits specific deceptive acts or practices, including: the false representation of the legal status of any debt, §1692e(2); the threat to take any action that cannot legally be taken or that is not intended to be taken, §1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt, §1692e(10).

Complaint sufficiently alleges a FDCPA violation. <u>Collins pleads that the State Complaint falsely represented the character, amount or legal status of an alleged debt under 15 U.S.C. § 1692e(2)(A) and attempted to collect an amount not authorized by contract or law</u> under 15 U.S.C. § 1692f(1). This is sufficient to satisfy the notice pleading standard under Rule 12(b)(6). *See, e.g., Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1059 (7th Cir.1999).)(Emphasis added).

Against what is a clear and simple set of allegations in a case that could be tried in two hours, Defendant objects and demands that the Plaintiff answer a series of questions. For example, Defendant complains:

> Plaintiff's Complaint fails to address facts necessary to support her allegations: for instance, whether her social security number or name were on the American Express account in question, or whether she was a co-signatory to or otherwise responsible for her former husband's account. Nor does Plaintiff allege that she informed GC Services that she believed that she was not responsible for the debt on said account, or that she ever instructed American Express to remove her name or social security number from the account, if in fact she was at any time affiliated with the account.

(Def. Mem. p.3). However, discounting this stream of consciousness demand, there appear to be four elements that Defendant claims are missing from Ms. Cappetta's Complaint, the first three pertaining to the Fair Debt Collection Practices Act (FDCPA) claim and the fourth to the phantom Conversion claim (the Complaint does not have a conversion claim):

1. The Plaintiff did not adequately allege that she disputed the subject debt to the Defendant (Def. Mem. pp.2-3);

2. The Plaintiff did not adequately allege how or specifically why she did not owe the subject debt (Def. Mem. p.3);

3. The Plaintiff does not allege that it informed Defendant to cease communication or that Defendant failed to do so (Def. Mem. p.4);

    4.       The Plaintiff does not adequately allege that she did not owe the debt sufficient to make out the wrongful exercise over Plaintiff's bank account.

To the extent that the Defendant re-characterizes its arguments otherwise, Plaintiff asks the Court for leave to file a Sur-Reply.

With respect to the first of these – the asserted inadequacy of Plaintiff's allegations that she disputed the debt – this is not an element of a §1681e claim. In fact, it is not an element of most FDCPA claims. The same is true for the third of Defendant's objections - Plaintiff is not alleging that Defendant failed to cease communication. It is unnecessary that a Plaintiff plead facts sufficient to state a claim under every section of the FDCPA and as well unnecessary that all alleged facts state any claim at all, so long as at least one FDCPA violation is properly pled, the Motion to Dismiss should be denied. *Neild v. Wolpoff & Abramson, L.L.P.*, 453 F.Supp.2d 918, 924-925 (E.D.Va. 2006). It is also unnecessary to plead FDCPA legal theories. *Hartman v. Meridian Financial Services, Inc.* 191 F.Supp.2d 1031, 1040 (W.D.Wis. 2002) ("Plaintiffs were not required to provide even a non-exhaustive list of specific FDCPA code violations in order to satisfy the notice pleading requirements under Fed.R.Civ.P. 8(a)(2). *See Bennett,* 153 F.3d at 518 (complaint need not identify legal theories, this is "*the* difference between notice pleading and code pleading") Moreover, the fact that plaintiffs provided an explicitly non-exhaustive list of alleged FDCPA violations does not otherwise defeat their compliance with Rule 8(a). *See id.* ("Complaints need not plead law or match facts to every element of a legal theory.").)

As for Defendant's remaining objections, Plaintiff has little more to state. She has alleged that she did not owe the subject debt. (Complaint ¶8). That it was her husband's only. (Complaint ¶5). And that it was "fictional." (Complaint ¶9). The Complaint even alleges that Defendant's representation that the account was connected to Ms. Cappetta's social security number was false.

(Complaint ¶¶7, 8). Defendant's remaining questions are properly left to Discovery. Certainly Defendant has seven hours of a party deposition within which to learn all that it wants to learn about why Ms. Cappetta is certain she does not owe the debt.

## *CONCLUSION*

Accordingly, the Court should deny Defendant's Motion and order it to file a substantive Answer within 10 days.

**PAMELA G. CAPPETTA,**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:


James C. Skilling, Esq.
Attorney for Defendant GC Services Limited Partnership
BUTLER, WILLIAMS & SKILLING, P.C.
100 Shockoe Slip, 4th Floor
Richmond, VA  23219
jskilling@butlerwilliams.com


                                                    /s/
                                    Leonard A. Bennett, Esq.
                                    VSB #37523
                                    Attorney for Plaintiff
                                    CONSUMER LITIGATION ASSOCIATES, P.C.
                                    12515 Warwick Boulevard, Suite 100
                                    Newport News, Virginia 23606
                                    (757) 930-3660 - Telephone
                                    (757) 930-3662 – Facsimile
                                    lenbennett@cox.net