

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PAMELA G. CAPPETTA,<br><br>Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Action No. 3:08-CV-288 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss and a Motion for a More Definite Statement by GC Services Limited Partnership ("GC"). For the reasons stated in this Memorandum Opinion, the Court will GRANT in part and DENY in part the Motion to Dismiss, dismissing Pamela G. Cappetta's claim for conversion and allowing her claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., to proceed. And, the Court will GRANT the Motion for a More Definite Statement, requiring Cappetta to describe with specificity any alleged violations of § 1692e or § 1692g of the FDCPA, as the Court discusses in this Memorandum Opinion.

1. <u>Background</u>

Cappetta alleges that on May 21, 2007, GC called her place of business and told her that she was responsible for a debt of $10,444.59 that her former husband, Robert Cappetta, allegedly owed to American Express ("the Debt"). GC allegedly told Cappetta that she was responsible for the Debt because her Social Security number was on the

account in question ("the Account"), and that she had to pay the Debt within seven days. Cappetta complied, paying $10,519,59 to GC, apparently without disputing the Debt. But, on August 8, 2007, she contacted GC to obtain a refund of the payment on the ground that the Account was not hers. GC allegedly failed to respond to her inquiry.

Subsequently, Cappetta filed suit, arguing that (1) GC violated § 1692c(c) of the FDCPA by representing falsely that she was responsible for the Debt and that her Social Security number was on the Account, and (2) the company's conduct constitutes conversion.[1] She is seeking actual damages for the emotional distress that she allegedly suffered, statutory damages, punitive damages, her attorney's fees, costs, and interest.

GC asks the Court to dismiss Cappetta's Complaint on the ground that she has not stated a claim for which relief may be granted. GC contends that several necessary allegations are missing from the Complaint, including allegations that (1) Cappetta was not responsible for the Debt or the Account; (2) she told GC that she was not responsible for the Debt or otherwise refused to pay it; (3) she informed GC that she wanted it to stop communicating with her; (4) GC continued to communicate with her after she contacted it; and (5) GC wrongfully exercised authority over her goods. GC also argues that it is not clear whether Cappetta challenges the existence of the debt or merely her responsibility for it. Since Cappetta has failed to allege these elements of her claims, GC concludes, her

---

[1] In her response to GC's Motion, Cappetta states that each of these claims reflect "typographical error[s]." Apparently, Cappetta did not intend to plead a claim for conversion and intended to plead a claim for a violation of § 1692e, not § 1692c(c).

claims cannot succeed. Alternatively, GC asks the Court to require Cappetta to specify how GC allegedly violated the FDCPA or committed conversion.

2.  Discussion

A motion to dismiss for failure to state a claim for which relief can be granted, see Fed. R. Civ. P. 12(b)(6), challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Thus, in ruling on a Rule 12(b)(6) motion, a court must regard as true all of the factual allegations in the complaint, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), as well as any facts that could be proved that are consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, Christopher v. Harbury, 536 U.S. 403, 406 (2002). But, since the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must allege facts that show that its claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964, 1966 (2007); see Fed. R. Civ. P. 8(a)(2). The court does not have to accept legal conclusions that are couched as factual allegations, Bell Atl. Corp., 127 S.Ct. at 1964, or "unwarranted inferences, unreasonable conclusions, or arguments," E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). But, the plaintiff does not have to show that it is likely to obtain relief: if the complaint alleges – directly or indirectly – each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. Bell Atl. Corp., 127 S.Ct. at 1969 & n.8.

A. <u>The FDCPA</u>

Section 1692c(c) of the FDCPA, which Cappetta alleges that GC violated, provides:

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except–

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c).

Cappetta fails to allege a violation of this provision. She does not allege that she notified GC in writing that she refused to pay the Debt or that she wanted GC to stop communicating with her. In fact, she refers to only one written communication that she sent GC, which she sent <u>after</u> she paid the Debt. Cappetta did not provide the Court with a copy of that letter, which she characterizes as "demand[ing] a refund of the monies [that she] paid" because the Account was not hers. Based on that description, the letter could (with difficulty, but plausibly) be construed as a notice that Cappetta refused to pay the debt. But, even if the Court regarded the letter that way, Cappetta does not allege that GC communicated with her in any way after she sent that letter – in fact, she complains that GC did <u>not</u> respond to the letter. Thus, Cappetta's Complaint fails to allege a violation of § 1692c(c).

However, even though Cappetta's Complaint is poorly drafted, it contains the barest outline of a recognizable claim that GC violated § 1692e of the FDCPA. That provision prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation ... in connection with the collection of any debt," including "the character ... or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." Id. § 1692e, (2)(A), (10). Cappetta claims that GC falsely represented that she owed the Debt because her Social Security number was on the Account. See Pl.'s Compl. ¶ 8. She denies that she "[]ever owed such a debt" and implies that her Social Security number was not on the Account, id. ¶¶ 8, 12. GC correctly observes that Cappetta does not explicitly deny that her Social Security number was on the Account and that she was responsible for it. But, her allegations give GC "fair notice of what the claim is and the grounds upon which it rests," satisfying Bell Atlantic Corp. See 127 S.Ct. at 1964. Thus, the Court finds that Cappetta's allegations that GC violated § 1692e are sufficient to survive a challenge under Rule 12(b)(6). However, Cappetta will be directed to describe the basis for this claim more specifically so that GC may respond.

In addition, Cappetta alleges that GC told her that she had to pay the Debt within seven days, which is inconsistent with the requirements of § 1692g. That section requires a debt collector, within five days after it first contacts a person to collect a debt, to notify her in writing that she may dispute the validity of the debt within thirty days after she receives the notice and, by disputing the debt in writing within thirty days, require the debt collector to verify the debt. See id. § 1692g(a)(3). The Fourth Circuit has ruled that the notice required

by § 1692g "must be conveyed effectively to the debtor" and may "not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." Miller v. Payco-Gen. Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991). Thus, the Miller court found, a notice that demanded "IMMEDIATE FULL PAYMENT" and directed a consumer to "PHONE [THE DEBT COLLECTION AGENCY] TODAY" did not comply with § 1692g, which gives a consumer thirty days to dispute a debt. Id. at 484–485 (reversing a ruling by a district court).

In applying the FDCPA, the Fourth Circuit has adopted the "least sophisticated consumer" test, interpreting a statement by a debt collector from the perspective of a person who is "gullible" and "trusting" – yet is reasonable, possesses "a basic level of understanding," and is willing to read a collection notice with care. See United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135–36 (4th Cir. 1996); see also Chaudhry v. Gallerizzo, 174 F.3d 394, 408–09 (4th Cir. 1999) (stating that the doctrine is designed to protect "naive" consumers who do not understand law or finance, not people with unrealistic or irrational expectations).

Cappetta does not state whether GC sent her the required notice. But, her allegation that GC told her that she had to pay the Debt within seven days constitutes a claim that GC violated § 1692g, especially since that GC's statements must be interpreted in light of the "least sophisticated consumer" doctrine. While Cappetta does not cite that provision explicitly, she charges GC with violating the FDCPA "in multiple ways," Pl.'s Compl. ¶ 12, providing a basis for allowing the claim to proceed. Accordingly, the Court will deny the

Motion to Dismiss with respect to this claim. But, as with Cappetta's claim under § 1692e, her claim under § 1692g must be described more specifically if she wishes to prosecute it, and she will be ordered to do so.

B. Conversion

Under Virginia law, "any wrongful exercise or assumption of authority over another's goods, depriving [her] of their possession; and any act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it[,]" constitutes conversion. United Leasing Corp. v. Thrift Ins. Corp., 440 S.E.2d 902, 905 (Va. 1994). Cappetta alleges that GC is liable for conversion only in the "Preliminary Statement" of her Complaint. The Complaint does not contain a Count alleging conversion or discuss this claim in any way. Nor does Cappetta allege facts that suggest that GC deprived her of the possession of her goods or exerted dominion over her property. Thus, the Court will GRANT GC's Motion to Dismiss with respect to Cappetta's claim of conversion.

3. Conclusion

For these reasons, the Court will GRANT in part and DENY in part the Motion to Dismiss and GRANT the Motion for a More Definite Statement.

It will be SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 31st day of July 2008