IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA G. CAPPETTA              )<br>                                                   )<br>           Plaintiff,                           )<br>                                                   )<br>    v.                                           )           Civil Action<br>                                                   )           No. 3:08cv288<br>GC SERVICES, LP                         )<br>                                                   )<br>           Defendant.                      )<br>_____ ) | |

**PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES
AND TO AMEND THE SCHEDULING ORDER**

On August 1, 2008, this matter was referred to this Court by Judge Spencer. Following the referral, this Court entered an Order setting a trial date of November 7, 2008, and a final pretrial conference on November 3, 2008. This Court's August 1st order also stated that it superceded all previous scheduling and pre-trial orders that had been entered in this case.

On August 11th, following receipt of a joint letter from the parties establishing a schedule by which the Plaintiff would either file a more definite statement or a motion to amend her Complaint, this Court entered an order requiring the Plaintiff to file her motion or more definite statement by August 13th. She did so on August 12th in compliance with that order, contemplating that the parties would conduct a Rule 26(f) conference and provide their initial disclosures following the Court's ruling on the same.

On August 25th, late in the afternoon, the Defendant hand-delivered discovery on Plaintiff's local counsel, Jason Krumbein. It issued this discovery despite that the parties had not yet conferred pursuant to Rule 26(f), either before or after the referral to this Court and despite that initial disclosures had not been provided. Then, on August 26th, the Defendant filed its broad opposition to Plaintiff's Motion to Amend, as to each and every claim contained therein, and, for example, challenging whether it was a "person" for purposes of the Credit Repair

Organizations Act claim. However, despite each of the arguments that it made in its opposition, the discovery that it served on August 25th was squarely directed at the claims made in the proposed First Amended Complaint.

In the current posture, the core claims at issue in this case have yet to be determined, given the Defendant's opposition. The parties have yet to make their Rule 26(a)(1) disclosures or to confer pursuant to Rule 26(f). On the Plaintiff's side, third-party discovery needs to be taken from at least three non-party entities. The Plaintiff also needs to depose the Defendant's corporate representatives, as well as the actual collection employees that extorted more than $10,000 from her. However, Plaintiff cannot serve subpoenas on the collection employees because the Defendant has not provided its Rule 26(a)(1) disclosures which would contain their addresses.

By the terms of this Court's scheduling order, entered just a month ago, discovery now closes in 22 days, on September 24th. While the Plaintiff has now issued written discovery of her own, and has noticed the deposition of one of the third-party entities, the Defendant has now indicated that it will not answer her written discovery because its responses would not be due until 2 days after the current discovery deadline.

While the Plaintiff appreciates that "justice delayed is justice denied", the interests of justice require that Plaintiff should be provided with an adequate amount of time to conduct discovery once this Court has decided which claims are at issue and after the parties have provided their initial disclosures. Accordingly, Plaintiff moves that this Court require the parties to confer pursuant to Rule 26(f) immediately following its ruling on Plaintiff's motion to amend, that it order the parties to provide their initial disclosures within 3 days thereafter, and that it reset the trial and final pre-trial conference dates so as to provide for a discovery window of at least 60 days once the Amended Complaint is filed.

In the alternative, and in recognition of the fact that the Court will often prefer to keep its trial and pre-trial dates intact, Plaintiff moves that the Court extend the current discovery deadline by 30 days, while retaining all other deadlines as currently set. While this result would limit the evidence available to the parties for purposes of summary judgment, it would provide the parties with sufficient opportunity to make their Rule 26(a)(3) disclosures in a timely fashion and in preparation for the final pre-trial conference on November 3rd.

                                         Respectfully submitted,
                                         **PAMELA G. CAPPETTA**,


                                           _____/s/_____
                                         Matthew J. Erausquin, VSB#65434
                                         Leonard A. Bennett, VSB#37523
                                         *Counsel for the Plaintiff*
                                         CONSUMER LITIGATION ASSOCIATES, P.C.
                                         3615-H Chain Bridge Road
                                         Fairfax, VA  22030
                                         Tel:    703-273-7770
                                         Fax:   888-892-3512
                                         matt@clalegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of September, 2008 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Rebecca H. Royals
Butler Williams & Skilling PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
rroyals@butlerwilliams.com

James Curie Skilling
Butler Williams & Skilling PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
jskilling@butlerwilliams.com

                              /s/
                    Matthew J. Erausquin, VSB#65434
                    Leonard A. Bennett, VSB#37523
                    Counsel for the Plaintiff
                    CONSUMER LITIGATION ASSOCIATES, P.C.
                    3615-H Chain Bridge Road
                    Fairfax, VA  22030
                    Tel:    703-273-7770
                    Fax:   888-892-3512
                    matt@clalegal.com