IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA G. CAPPETTA,                        )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        Civil Action No. 3:08-cv-00288
                                           )
GC SERVICES LIMITED PARTNERSHIP,           )
                                           )
            Defendant.                     )

## ANSWER

COMES NOW Defendant GC Services Limited Partnership ("Defendant"), by counsel, and states the following as its Answer[1] to the First Amended Complaint ("Complaint") filed herein by Plaintiff Pamela G. Cappetta ("Plaintiff"):

1.      The allegations contained in Paragraph 1 of the Complaint assert legal conclusions which Defendant is required neither to admit nor deny, and therefore denies.

2.      The allegations contained in Paragraph 2 of the Complaint assert legal conclusions which Defendant is required neither to admit nor deny, and therefore denies.  With regard to the allegations in Paragraph 2 concerning the location of Defendant's registered office and registered agent, Defendant admits that same are located in Glen Allen, Virginia.  All remaining allegations not specifically admitted herein are denied.

3.      As to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a "natural person."  Defendant lacks sufficient information to admit or deny the factual allegations contained in Paragraph 3 of the Complaint as to Plaintiff's place of residence,

---

[1] Defendant has filed a Motion to Dismiss Counts II through V of Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the interest of avoiding further delay in this matter, Defendant is filing its Answer to Plaintiff's First Amended Complaint subject to, and without waiving, any defenses or arguments asserted in the Motion to Dismiss.  No waiver is intended.

and therefore denies same.  The remaining allegations contained in Paragraph 3 assert legal conclusions which Defendant is required neither to admit nor to deny, and Defendant therefore denies same.

4.      As to the allegations contained in Paragraph 4 of the Complaint, Defendant admits that it is a limited partnership with its primary headquarters in Texas and that it regularly conducts business in the Commonwealth of Virginia.  Defendant further admits that it maintains registered offices in Glen Allen, Virginia.  Defendant affirmatively states that its principal business is the collection of debts.  The remaining allegations contained in Paragraph 4 assert legal conclusions which Defendant is required neither to admit nor to deny, and Defendant therefore denies same.

5.      As to the allegations contained in Paragraph 5 of the Complaint, Defendant admits that in or about May of 2007, it began efforts to collect a debt owed to American Express for an account on which Plaintiff's name was listed as a supplemental debtor along with that of Robert Cappetta.  Defendant further affirmatively states that it was unable to contact Robert Cappetta and that Robert Cappetta did not remit payment on said account.  Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 5 as to the marital status of Plaintiff and Robert Cappetta in May of 2007, and therefore denies same.  All remaining allegations contained in Paragraph 5 are denied.

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.      As to the allegations contained in Paragraph 7 of the Complaint, Defendant admits that following its acquisition of the American Express account in question, it accessed a "skip trace" report which provided certain information regarding Plaintiff.  All remaining allegations contained in Paragraph 7 are denied.

2

8.      As to the allegations contained in Paragraph 8 of the Complaint, Defendant admits that it had a permissible purpose to obtain any information it obtained regarding Plaintiff.  All remaining allegations contained in Paragraph 8 are denied.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     As to the allegations contained in Paragraph 11 of the Complaint, Defendant admits that on or about May 21, 2007, an employee of Defendant called Plaintiff directly at the business she owns and left a message requesting that Plaintiff return the employee's call.  Defendant further admits that, when Plaintiff returned the call to Defendant's employee, said employee informed Plaintiff of the debt owed to American Express, and obtained Plaintiff's agreement to pay $10,444.59 on the account.  All remaining allegations contained in Paragraph 11 are denied.

12.     The allegations contained in Paragraph 12 of the Complaint assert a legal conclusion which Defendant is required neither to admit nor deny, and therefore denies.  To the extent that the Paragraph 12 contains any factual allegations, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies same.

13.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore denies same.

14.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore denies same.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and therefore denies same.

18.     As to the allegations contained in Paragraph 11 of the Complaint, Defendant admits that during the call on May 21, 2007, Defendant's employee answered all Plaintiff's questions regarding any personal information related to Plaintiff which Defendant possessed.  All remaining allegations contained in Paragraph 18 are denied.

19.     Defendant lacks sufficient information to admit or deny the factual allegations contained in Paragraph 19 of the Complaint as to whether or not Plaintiff was alarmed, and therefore denies same.  All remaining allegations contained Paragraph 19 are denied.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     As to the allegations contained in Paragraph 21 of the Complaint, Defendant admits that it never possessed a copy of any application with regard to the American Express account, and further affirmatively states that it never represented otherwise.   All remaining allegations contained in Paragraph 21 are denied.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     As to the allegations contained in Paragraph 23 of the Complaint, Defendant admits that it answered all Plaintiff's questions regarding charges on the American Express account. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23 as to which individual made what charges and as to Plaintiff's knowledge regarding such charges, and therefore denies same.  All remaining allegations contained in Paragraph 23 are denied.

24.     As to the allegations contained in Paragraph 23 of the Complaint, Defendant admits that Plaintiff initially informed Defendant's employee that Plaintiff had no knowledge regarding charges on the American Express account and that Plaintiff had no knowledge that the account existed prior to speaking to Defendant's employee.  Defendant further affirmatively states that during that same conversation, Plaintiff subsequently indicated that her son-in-law, who was

4

helping her refinance her house, had previously pulled her consumer report and pointed out that this American Express account was noted on her consumer report with a balance of $10, 444.59.

25.    Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.    As to the allegations contained in Paragraph 27 of the Complaint, Defendant admits that Plaintiff asked an employee of Defendant to provide a copy of the original application for the American Express account and statements relating to charges made on the account.  All remaining allegations contained in Paragraph 27 are denied.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint. Defendant further affirmatively states that an employee of Defendant placed a request for the documents sought by Plaintiff and informed Plaintiff that such request had been placed.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint. Defendant further affirmatively states that no such "story" was related to Plaintiff.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint. Defendant further affirmatively states that no such alleged representations regarding any "threatened collection notation" were made to Plaintiff.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

5

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint. Defendant further affirmatively states that no such alleged representations regarding a "required" timeframe for the debt to be paid were made to Plaintiff.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint. Defendant further affirmatively states that no such alleged "deadline" was given to Plaintiff by Defendant, and that Defendant does not report credit information regarding its "collection targets" to third parties for American Express accounts.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. As to the allegations contained in Paragraph 41 of the Complaint, Defendant admits that Plaintiff paid the American Express account debt in the amount of $10,444.59 on May 21, 2007. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 41 as to Plaintiff's concerns, Plaintiff's credit score, and the refinancing of Plaintiff's home, and therefore denies same. All remaining allegations contained in Paragraph 41 are denied. Defendant further affirmatively states that no such alleged representations were made to Plaintiff.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint, and therefore denies same.

44. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint, and therefore denies same.

45. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint, and therefore denies same.

46. As to the allegations contained in Paragraph 46 of the Complaint, Defendant lacks sufficient information to admit or deny the factual allegations contained therein as to Plaintiff's

reflections or realizations, and therefore denies same.  All remaining allegations contained in Paragraph 46 are denied.

47.     As to the allegations contained in Paragraph 47 of the Complaint, Defendant admits that Plaintiff contacted Defendant by phone following Plaintiff's payment of the debt owed to American Express and asked to be provided a copy of the original application for the account and additional statements related to the charges on the account.  All remaining allegations contained in Paragraph 47 are denied.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint, and therefore denies same.

53.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 53 of the Complaint, and therefore denies same.

54.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint, and therefore denies same.

55.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint, and therefore denies same.

56.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 56 of the Complaint, and therefore denies same.

57.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 57 of the Complaint, and therefore denies same.

58.     As to the allegations contained in Paragraph 58 of the Complaint, Defendant admits that Plaintiff contacted Defendant by letter in August of 2007 and asked for a refund of the payment she made on the American Express account.  All remaining allegations contained in Paragraph 58 are denied.

59.     As to the allegations contained in Paragraph 59 of the Complaint, Defendant admits that it has not returned the money that Plaintiff paid on the American Express account.  All remaining allegations contained in Paragraph 59 are denied.

60.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 59 of the Complaint, set forth above, as if fully set forth herein.  Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 63 of the Complaint, set forth above, as if fully set forth herein.  Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 67 of the Complaint, set forth above, as if fully set forth herein.  Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 71 of the Complaint, set forth above, as if fully set forth herein.  Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 74 of the Complaint, set forth above, as if fully set forth herein.  Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     At all pertinent times, Defendant complied with the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

2.     Any violation of the Fair Debt Collection Practices Act by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3.      At all pertinent times, Defendant acted in good faith reliance on the information provided by the original creditor of the account and/or other entities not under the control of Defendant.

4.      At all pertinent times, Defendant acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.

5.      Defendant did not make any false or misleading representation to Plaintiff or to anyone else.

6.      Defendant did not threaten, abuse, or harass Plaintiff.

7.      Except as provided in 15 U.S.C. § 1692b, Defendant did not communicate with any third party in the connection of the collection of Plaintiff's debt.

8.      Plaintiff did not justifiably rely upon any alleged false or misleading representation.

9.      All amounts attempted to be collected by Defendant from Plaintiff are reasonable and lawful pursuant to applicable federal law.

10.      All amounts attempted to be collected by Defendant from Plaintiff are reasonable and lawful pursuant to the common law and/or statutory law of the Commonwealth of Virginia and to the common law and/or statutory law of the State of Texas.

11.      All amounts attempted to be collected by Defendant from Plaintiff were pursuant to Plaintiff's agreement(s) to pay said amounts.

12.      Plaintiff failed to mitigate any damages which she may have suffered, if any.

13.      Plaintiff has suffered no compensable damages.

14.     Defendant denies Plaintiff was damaged to the extent alleged, if at all, and demands strict proof thereof.

15.     Plaintiff has failed to state a claim upon which relief can be granted.

16.     Plaintiff lacks standing to assert all or part of the claims set forth in the Complaint.

17.     Punitive damages are not available to Plaintiffs under the applicable statute(s).

18.     Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

19.     At all times Defendant acted in good faith.

20.     All actions taken by Defendant with respect to the amounts owed by Plaintiff were in compliance with all laws, were qualifiedly privileged, and were absolutely privileged.

21.     Plaintiff's claims are barred, in whole or in part, by the doctrine of pre-emption.


WHEREFORE, Defendant GC Services Limited Partnership, by counsel, requests that this Court dismiss Plaintiff's First Amended Complaint and Order such other relief as may be just.

Respectfully submitted,

G.C. SERVICES LIMITED PARTNERSHIP

By: /s/_____
    James C. Skilling (VSB No. 27998)
    Rebecca H. Royals (VSB No. 71420)
    Attorneys for GC Services Limited Partnership
    BUTLER, WILLIAMS & SKILLING, P.C.
    100 Shockoe Slip, 4th Floor
    Richmond, Virginia 23219
    Telephone: (804) 648-4848
    Facsimile: (804) 648-6814
    E-mail: jskilling@ butlerwilliams.com
        rroyals@butlerwilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2008, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Matthew J. Erausquin, Esquire
CONSUMER LITIGATION ASSOCIATES, P.C.
10560 Main Street, PH-15
Fairfax, Virginia  22030

Leonard A. Bennett, Esquire
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23606

Jason M. Krumbein, Esquire
KRUMBEIN CONSUMER LEGAL SERVICES
1650 Willow Lawn Drive, Suite 300
Richmond, Virginia  23230

*Counsel for Plaintiff*

/s/_____
Rebecca H. Royals (VSB No. 71420)
Attorney for GC Services Limited Partnership
BUTLER WILLIAMS & SKILLING, P.C.
100 Shockoe Slip, 4th Floor
Richmond, Virginia  23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814
Email: rroyals@butlerwilliams.com