IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA G. CAPPETTA                          )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )         Civil Action
                                            )         No. 3:08cv288
GC SERVICES, LP                             )
                                            )
            Defendant.                      )
_____)

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
## HER MOTION TO AMEND COMPLAINT

COMES NOW, the Plaintiff, and as for Reply Memorandum in Support of her Motion to

Amend her Complaint, she states as follows:

### *OVERVIEW*

Defendant – remarkably – bases nearly its entire opposition on assertions of law that are

objectively inaccurate and are based largely on citations taken out of their context or made

contrary to the holdings in the decisions presented.   It wholly fails to address the substance of

Plaintiff's arguments made in her opening brief.   And it asks the Court to do something

extraordinary – deny a party leave to amend in the midst of continuing pre-trial litigation.

Plaintiff's Motion is proper.  It should be granted.

### *ARGUMENT*

**A. The Court has jurisdiction to Decide this Motion, as well as all Matters in this
Case.**

Defendant's featured argument is the assertion that the Court lacks jurisdiction to decide

the case because "the parties did not consent to the jurisdiction of a magistrate judge for purposes

of a putative nationwide class action." *Def. Mem*. p.3.   It is unclear from a structured outline of Defendant's argument what the real basis for its position is, however Plaintiff assumes from same that GC Services is making one or more of the following positions – each addressed in turn herein:  (1.) Magistrate Judges cannot decide class action matters; (2.) Defendant only consented to magistrate for an individual case and would not have done so if the case was a class action; and/or (3.) Defendant has changed its mind and does not now want this Court to adjudicate this case.  All of course are legally inadequate basis to preclude Plaintiff's Motion to Amend.

GC Services' first assertion is that a Magistrate – apparently in all cases – may not decide issues related to a class action.  So, no decision regarding a motion for class certification; no decision regarding approval of settlement; and not even a decision regarding a Motion to add Class allegations to a party's Complaint.   To support its position, GC Services cites to two cases – without any analysis or its own explanation.   The actual text in Defendant's brief states:

> Under 28 U.S.C. § 636(b)(1)(A), district judges may not designate a magistrate judge to, among other matters, "dismiss or to permit maintenance of a class action." *See also Carroll v. City of Detroit*, 410 F. Supp. 2d 615, 619 (E.D. Mich. 2006) (concluding that certification of class by magistrate judge was of no effect); *Gonzales v. Rakkas*, 846 F. Supp. 229, 232 (E.D.N.Y. 1994) (magistrate judge may not hear and determine motions that seek to dismiss or permit the maintenance of a class action).

*Def. Mem. p. 3.*   Defendant's citation to these two cases is entirely out of context.   These decisions say nothing close to what Defendant asserts.   GC Services is either unable to understand the substance of its cited cases or it deliberately seeks to mislead the Court.  Contrary to Defendant's characterizations, neither of the cases cited holds that a Magistrate cannot ever decide issues related to a class action.  Instead, they address circumstances in which the parties – the named parties – have not consented to Magistrate jurisdiction.  This is a far cry from the circumstances in this case.

A Magistrate Judge may obtain jurisdiction to decide "any and all proceedings" in a civil case "Title 28 U.S.C. § 636(c)(1) provides that "[u]pon consent of the parties, a full time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specifically designated to exercise such jurisdiction by the district court or courts he serves."   28 U.S.C. §636(c)(1).   A Magistrate Judge's jurisdiction by consent is broader than without, of course.   Absent consent, the Court could make final rulings only as to non-dispositive matters, and would be expressly barred from deciding a Motion for Class Certification, as well as a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to dismiss for failure to state a claim upon which relief can be granted.   28 U.S.C. §636(b)(1)(A).   It was this prohibition that was considered in *Carroll v. City of Detroit*[1], one of Defendants two "arguments" made by citation alone.   In *Carroll*, the Magistrate Judge was not operating under consent jurisdiction and had not ruled upon the certification motion by Report and Recommendation.   *Id.*   at FN1; 28 U.S.C. §636(b)(1)(B).   *Carroll* was not a "consent" case.

Similarly, Defendant omits the core and critical facts in its second argument by citation. In *Gonzales v. Rakkas*[2], the Court considered a set of unusual facts in which the Defendant had defaulted and the Plaintiff wanted a jury trial on damages.   *Id.*   The Plaintiff had tendered an agreed order that consented to Magistrate jurisdiction on a qualified and limited basis, stating:  "I hereby consent to have the above action reassigned to U.S. Magistrate Judge Gold to conduct a *jury trial* on the question of damages and report upon and recommend the entry of judgment in accordance with the jury's verdict."   *Id*. at 230.   The issue in *Gonzales* was whether or not the

---

[1] 410 F. Supp. 2d 615, 619 (E.D. Mich. 2006)

[2] 846 F. Supp. 229, 232 (E.D.N.Y. 1994).

Magistrate Judge could thereafter decide to dispose of the case by other than jury trial.   The District Court ruled that it could not because of the limited consent.   An unremarkable and non-controversial outcome, given the consent order.

Defendant's argument and application of these cases – particularly without informing the Court of their posture and divergent facts is incorrect for several reasons.   First, most simply, the present question is not a Motion to Certify a Class, but rather only a Motion to Amend to add Class allegations.   By statute, without the express exclusion, the Court has full jurisdiction to decide this issue.   28 U.S.C. §636(b)(1)(A).   Defendant omits any analysis or case law to defend its stretch connecting the Motion to Amend in its statement:   "GC Services respectfully submits that the Motion is not properly decided by this Court, as a decision granting leave to amend to transform Plaintiff's individual claims into a

putative class complaint is the first step regarding whether 'to permit maintenance of a class action[.]' " *Def. Mem* at 3-4.   By Defendant's logic, the Court could never rule upon a Motion to Amend without consent for any reason, as it would just as well relate to a Rule 12(b)(6) Motion or a Motion for Summary Judgment.

Second, and conclusively, the present matter is different than in the two cases cited by the Defendant because there is unqualified consent.   The Clerk of Court issued to all parties Judge Spencer's standing order advising of the need to affirmatively object to Magistrate Judge jurisdiction before the Rule 16(b) conference.   *Notice of Pre-trial Conference*, July 11, 2008, Docket no. 11.   Both parties consented, not objecting, and on August 1, 2008, the case was referred and assigned to this Court "for all purposes."   *Order Reassigning Case*, August 1, 2008, Docket No. 17.   There is actually a debate in the case law regarding the degree of affirmation

4

required for a party to consent under 28 U.S.C. §636(c)(1).[3]   However, in this case, Defendant

does not challenge Judge Spencer's initial decision and reassignment.   In fact, in its present

memorandum, it acknowledges its initial consent and disputes only it's application beyond an

individual claim.   Defendant states:

> As noted above, the parties in this case did not oppose the jurisdiction of a magistrate
> judge in August 2008, when Plaintiff's claims consisted of a single individual count
> under the FDCPA and approximately $10,000 in damages. However, the parties did not
> consent to the jurisdiction of a magistrate judge for purposes of a putative nationwide
> class action.

*Def. Mem.* at 3. This is a different argument, addressed *infra*.   For the present claim – that a

Magistrate Judge may not adjudicate any matters related to a putative class action – the Court

properly bases its decision on Judge Spencer's uncontroverted (and unappealed) conclusion that

the parties have consented to jurisdiction "for all purposes."    This circumstance is entirely

different than in either of the two cases cited by GC Services – *Carroll* in which the Court was

without any consent and improperly decided a Motion for Class Certification and *Gonzales* in

which the language of consent expressly excluded the non-jury trial result challenged by that

party.

It is likely that Defendant relied upon the two inapposite cases because it understood that

the relevant case law actually went strongly against its position.   In the present case, both parties

have consented "for all purposes".   Possibly Defendant meant to argue that the putative class

members had not consented.   Regardless, a Magistrate Judge presiding over a case by party

---

[3] The United States Supreme Court in *Roell v. Withrow*, 123 S. Ct. 1696, 155 L. Ed. 2d 775, 55
Fed. R. Serv. 3d 1 (U.S. 2003), held that a party's consent to the designation of a magistrate
judge may be inferred from a party's conduct during the course of litigation, in a 5-4 decision,
reversing the Fifth Circuit's determination in *Withrow v. Roell*, 288 F.3d 199 (5th Cir. 2002),
*cert. granted*, 123 S. Ct. 512, 154 L. Ed. 2d 393 (U.S. 2002) and *judgment rev'd*, 123 S. Ct. 1696,
155 L. Ed. 2d 775, 55 Fed. R. Serv. 3d 1 (U.S. 2003), that such consent must be express.

consent has jurisdiction to decide the case for the parties as well as the putative class members. *Williams v. General Elec. Capital Auto Lease, Inc*., 159 F.3d 266, 269 (7th Cir. 1998); *see also, e.g. Arnold v. Arizona Dept. of Public Safety*, 233 F.R.D. 537 (D. Ariz. 2005).  This is not a close call.

      As previewed above, Plaintiff also imagines defendant to have argued that it has changed its mind and does not now want this Court to adjudicate this case.  Simply put – Defendant now wants to withdraw its earlier consent.  Such forum shopping – after the fact especially – should not be sanctioned.  Fortunately the law would not do so.   "There is no absolute right to withdraw consent to trial before a magistrate judge."  8 Fed. Proc., L. Ed. § 20:199, *Withdrawal of consent; vacation of referral to magistrate*.  A party may not withdraw their earlier consent by claiming a new found recognition of its significance.  *See, e.g. Carter v. Sea Land Services, Inc*., 816 F.2d 1018 (5th Cir. 1987).  Motions to withdraw consent to trial before a magistrate judge may be granted only for good cause or upon a showing of "extraordinary circumstances."  Id.; *Dowell v. Blackburn*, 776 F. Supp. 283 (W.D. Va. 1991).  A party cannot withdraw its earlier consent when an amendment of the Complaint increases the amount of money claimed and the Defendant's exposure to same.  *Lorenz v. Valley Forge Ins. Co*., 815 F.2d 1095, 1097 (7th Cir. 1987).

      **B. The proposed Amended Complaint properly states a claim and thus is not futile.**

      Plaintiff has cited the established legal principle that leave to amend should be liberally granted.  The Court is aware of this standard and Defendant recites same.  No more needs to be said in such regard.  However, Defendant stretches beyond this conclusion and attempts an adaptation of one of the exceptions to such enforced liberality – where the proposed amendment would be futile.  GC Services contends that the proposed amendment would be futile, essentially, because it is confident of prevailing on summary judgment when all facts are considered or on

6

certification when and if such a motion is made.   But the case is not in such a posture – the question of futility is a narrow one – whether the proposed amendment is on its face "clearly insufficient or frivolous." *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 410-511 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 695 (8th Cir.1981).")   Each of Defendant's "defenses" that would purportedly render the amendment futile are factual questions to be decided on a summary judgment or Rule 23 motion posture.

Defendant first asserts that the Plaintiff would not prevail on the Amended Complaint because she cannot prove that Defendant used a consumer report that regarded her.   Def. Mem. at 6.   ("[D]iscovery has shown that GC Services did not request Accurint or Banko reports on Plaintiff or a credit report from Experian. GC Services requested only a Micro-Bilt "Credit Commander" address update report on Plaintiff in order to verify her address[.]" )   Plaintiff is unsure how to respond to this "argument".   Regardless of the veracity of Defendant's factual claim – and its claim is in fact false – the assertion goes well beyond the pleadings in the case, and certainly beyond the proposed Amended Complaint.   *See, e.g*. Amended Complaint ¶¶ 7, 15. On its face, the proposed Amended Complaint states a claim that is neither "clearly insufficient or frivolous."   See 15 U.S.C. §§1681b; 1681e(a).   Further, even if Defendant were somehow correct – the Plaintiff has already alleged before the proposed Amended Complaint the same claim for her self – the claim that GC Services asserts to be meritless.   That claim is already pending.    Defendant also complains that the Plaintiff cannot presently identify other class members.   But this assertion, while true, is incredible in the face of Defendant's present

opposition to providing the identity of such persons in discovery.     Regardless, a Class Complaint is not "futile" simply because the Plaintiff does not then possess the class list.  This of course comes later in discovery.

Finally, Defendant complains that the Plaintiff has not yet established that the personal information reports it uses are in fact "consumer reports."  For the above reasons, this as well is a question for which an answer is not required on the face of the Complaint.     The proposed Amended Complaint alleges that the Defendant used "consumer reports."  If it contends that the personal information reports it sued were not governed by the FCRA, it should file a Motion for Summary Judgment as soon as discovery has been completed.     Nevertheless, the Plaintiff is pleased to briefly preview for the Court her impending legal argument.

Under the FCRA, a "consumer report" is:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 15 USC 1681 a(d)(1)
> (15 U.S.C. §1681a(d))

The second definitional element of a consumer report – the *content prong* -- requires that the report bear on one of seven factors identified in the FCRA: 1) credit worthiness, 2) credit standing, 3) credit capacity, 4) character, 5) general reputation, 6) personal characteristics, or 7) mode of living.  15 USC § 1681a(d).  This element is not a demanding inquiry "for almost any information about consumers arguably bears on their personal characteristics or mode of living." *See Trans Union Corp. v. FTC*, 81 F.3d 228, 232 (D.C. Cir. 1996) ("*Trans Union I*").

The reports at issue in this case are clearly "consumer reports."[4]   One of the reports at issue is *Banko*. This is a report that returns a "hit" to a user's search criteria if that consumer has filed a bankruptcy and no hit if not.   Defendant will apparently assert that the no-hit result in this case – whether for the Plaintiff or putative class members – is not a consumer report.   It will be incorrect.   If Banko searched and could not find a reported judgment or bankruptcy, and it reports this fact, this is information communicated regarding credit worthiness or mode of living. As the Ninth Circuit recently held, "[A] communication that a consumer has no information available or an insufficient credit history to permit the calculation of a credit rating qualifies as 'a consumer report' within the meaning of FCRA."   See, e.g. *Reynolds v. Hartford Financial Services Group, Inc.,* --- F.3d ----, 2005 WL 1840054, *8 (9th Cir. 2005); *Thompson v. Equifax Credit Inf. Servs.,* 2000 U.S. Dist. Lexis 22666 (M.D. Ala. Nov. 14, 2001).   Other reports – Accurint and Experian's personal information output – were produced from databases that both of these companies – Lexis Nexis and Experian – publically acknowledge were gathered and are maintained for FCRA governed consumer reports.[5]   The fourth listed report is "Credit Commander" from Microbilt Corporation.   Its products are listed at http://www.microbilt.com/index.asp. Little more will need to be said.   When the posture is appropriate for Summary Judgment, the Plaintiff  will establish that "Credit Commander" is a consumer report as alleged on the face of the proposed Amended Complaint.  For now, the only question is whether or not the proposed Amended Complaint is futile.  It is not.

---

[4] Defendant uses the term "credit report", explaining that it did not use a "credit report" regarding the Plaintiff.  This is not a term within the FCRA and as is obvious from the statutory definition, credit worthiness is only one item that would cast a report as a consumer report.
[5] Lexis Nexis sells its FCRA reports as Securint or Express Screening products.

Defendant also seeks to commence the Court's consideration of the merit of Plaintiff's expected Rule 23 motion to certify a class.   The only issue presently is whether the class allegation for the FCRA claim would be futile because proof of actual damages for the FCRA claim will require individual inquiries that would predominate the case and overwhelm class issues.   This argument as well is a dead end.   Plaintiff will not seek to certify an actual damages class for the impermissible use claims.   While certainly there is injury, Plaintiff cannot presently fathom what evidentiary tools could be used to prove cognizable actual damages for such a claim.   Accordingly, she seeks statutory and punitive damages for Defendant's willful violation of the law.  As the Seventh Circuit has explained in a comparable claim:

> Although compensatory damages may be awarded to redress negligence, while statutory damages require wilful *953 conduct, introducing the "easier" negligence theory would preclude class treatment. Common questions no longer would predominate, and an effort to determine a million consumers' individual losses would make the suit unmanageable. Yet individual losses, if any, are likely to be small-a modest concern about privacy, a slight chance that information would leak out and lead to identity theft. <u>That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury.</u>
>
> <u>Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.</u> *See, e.g.*, Mace v. Van Ru Credit Corp., 109 F.3d 338, 344-45 (7th Cir.1997).

*Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006).  Notwithstanding Defendant's unexplained (and incorrect) claim that "There is absolutely no showing to support any willfulness allegations at this time", the Plaintiff will later seek to certify a willfulness class and will not seek to recover actual damages for the FCRA claim.

Finally, Defendant's assertion that the possibility of a class certification motion would disrupt the litigation also seems a bit astray from the single question of whether the liberality of Rule 15 should be excepted because of the "futility" of the class allegations in the proposed

Amended Complaint.[6]   The single question for futility is whether the proposed Amended Complaint is legally insufficient or frivolous on its face.   Certainly Defendant has made not showing of such kind.   Plaintiff will gladly litigate the propriety of certifying a class at an appropriate posture.   It is certainly even possible that after class discovery the Plaintiff will not file a motion for certification.   She is after all bound by Rule 11.   If the facts do not later support the class posture, the case would continue on its individual path.

**C.  Defendant has not Shown Improper Delay as a Basis to Except the Liberality of Rule 15.**

Defendant's final argument is the claim that the Plaintiff waited to long before filing its Motion to Amend.   Plaintiff recognizes that the Defendant filed its Opposition Memorandum before the Court's recent Order and Memorandum Opinion upon Plaintiff's Motion to Compel. Plaintiff relies on the Court's accurate account of events in the face of Defendant's own incredible timeline.   The Plaintiff has acted promptly and diligently in filing the present Motion. In fact, as the Court has already concluded, the delay in progression of this case has been largely if not entirely caused by the discovery misconduct of GC Services.

Contrary to Defendant's claim, the Plaintiff was without any circumstantial evidence of a pattern and practice until completion of the American Express deposition detailed in her opening brief.   She was without any direct evidence of same until completion of the more recent deposition of Defendant's own management employee.   She filed the present motion within days

---

[6] For example, Defendant complains of the significant work it would be required to perform if amendment is permitted.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999), in which the Court permitted Amendment despite that Defendant's argument "that if the district court allowed the amendments, they would have been required to expend a tremendous amount of time and money through discovery and additional research in order to address Sergeant Edwards' new allegations."

of learning of the uniformity of Defendant's practices.  Rule 11 and counsel's own discretion in this District would not have permitted an earlier filing.

Regardless, the delay at issue in this case – with discovery still open, now into March; a significant period before trial; no showing of spoiled or expired evidence now unavailable to the Defendant; no misconduct by the Plaintiff -  is as a matter of law insufficient to deny leave to amend.  *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006).  The present case – not formally at issue until August – is an inappropriate target of Defendants cries of delay or prejudice.

### CONCLUSION

For the reasons stated herein and more fully in Plaintiff's opening Memorandum, the Court should grant Pamela Cappetta's Motion and Order the proposed Amended Complaint filed.

Respectfully submitted,

**PAMELA G. CAPPETTA**,

By_____/s/_____

Of Counsel

Matthew J. Erausquin, VSB #65434
Counsel for the Plaintiff
Consumer Litigation Associates, P.C.
3615-H Chain Bridge Road
Fairfax, VA  22030
Tel:    703-273-7770
Fax:    888-892-3512
matt@clalegal.com

Leonard A. Bennett, VSB #37523
Counsel for the Plaintiff
Consumer Litigation Associates, P.C.

12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Tel:     757- 930-3660
Fax:     757-930-3662
len@clalegal.com

Jason Meyer Krumbein, VSB# 43538
Counsel for the Plaintiff
Krumbein Consumer Legal Services
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
Tel:     804-673-4358
Fax:     804-673-4350
KrumbeinLaw@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that at 12:30 am on December 30, 2008, I electronically filed the foregoing Reply Memorandum with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Rebecca H. Royals
Butler Williams & Skilling PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
rroyals@butlerwilliams.com


_____/s/_____
Counsel for the Plaintiff
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Tel:    757- 930-3660
Fax:    757-930-3662
lenbennett@cox.net

Matthew J. Erausquin, VSB#65434
Counsel for the Plaintiff
Consumer Litigation Associates, P.C.
3615-H Chain Bridge Road
Fairfax, VA  22030
Tel:    703-273-7770
Fax:    888-892-3512
matt@clalegal.com

Jason Meyer Krumbein, VSB# 43538
Counsel for the Plaintiff
Krumbein Consumer Legal Services
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
Tel:    804-673-4358
Fax:    804-673-4350
KrumbeinLaw@gmail.com