IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA G. CAPPETTA,

    Plaintiff,

v.                                        Civil Action No. 3:08CV288

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.

## MEMORANDUM OPINION

The Court assumes familiarity with the factual and procedural background of this case. On December 24, 2008, the Court issued a Memorandum Opinion and Order (Docket Nos. 65, 66) (the "December 24 Order") addressing, item by item, the then-existing discovery disputes between the parties. More disputes followed. During an oral hearing on January 23, 2009, and in an Order issued February 4, 2009, the Court instructed the parties to detail their ongoing discovery disputes in a Joint Stipulation rather than by formal motion and briefing. The parties submitted their "Second Joint Stipulation Regarding Discovery Status" ("2d Joint Stip.") to the Court on February 17, 2009, which the Court filed under seal on February 23, 2009. (Docket No. 89, 90.) The Court held a hearing regarding the issues outlined in the Second Joint Stipulation on February 23, 2009.

At oral hearing, the parties advised the Court which discovery requests addressed in the Second Joint Stipulation have been resolved.[1] The Court now proceeds with an analysis of the remaining points of contention regarding Plaintiff's discovery requests.

## Analysis

### A. Interrogatory 4 and Request for Production 21

Interrogatory 4 and Request for Production ("RFP") 21 pertain to the complaints filed against Defendant during the past five years. Defendant proffers that it "does not maintain a comprehensive listing of information responsive to this interrogatory, nor does it maintain documents related to actions filed against it by subject matter." (2d Joint Stip. 6.) Defendant therefore relies on Federal Rule of Civil Procedure 33(d), which permits a responding party to answer an interrogatory by "giving the interrogating party a reasonable opportunity to examine and audit the records" after specifying where responsive records are located. Fed. R. Civ. P. 33(d). Defendant determined that documents responsive to the requests are stored in a warehouse in Houston, Texas, and has offered to make these documents available for inspection by Plaintiff's counsel at a mutually convenient time and date. The parties represented at oral hearing that Plaintiff has accepted this offer.

---

[1] The parties resolved issues as to Interrogatories 3, 8, 10, and 17 prior to oral hearing. This included Defendant's agreement to respond using the Bates numbers Plaintiff added to discovery. The Court notes that while such numbers greatly enhance clarity in dealing with discovery, Defendant correctly notes that the Federal Rules of Civil Procedure do not require them.
  Plaintiff withdrew her objections as to Defendant's response to Interrogatory 19. The parties agreed that nothing regarding Requests for Production 22, 23, and 25 requires the Court's input at this time. The controversy identified in connection to Request for Production 15 is moot except as to sanctions.

2

As such, the Court deems any issues as to these discovery requests "essentially resolved." The parties represented that the inspection will occur sometime during the first week of March. In the event that the inspection occurs later than March 6, 2009, the parties should notify the Court immediately. Defendant will be ordered to make its general counsel or another employee knowledgeable about Defendant's offsite storage facility's organization available to Plaintiff during the inspection so that the inspection occurs with proper alacrity.

B.    **Interrogatories 8, 14, 19, and Requests for Production 2, 3, 4, 7, 11 and 29**

The Court declined to order production the entirety of Defendant's employee's hard drive in its December 24 Order, given that such production would necessarily include information not relevant to this case, including the employee's personal files. Instead, the Court ordered Defendant to preserve a mirror image copy of the hard drive in order to prevent spoliation.[2] Absent evidence of spoliation, the Court continues to deny Plaintiff's request for wholesale production of the hard drive.

Defendant's production of the information, however, has now bypassed at least two deadlines. The Plaintiff propounded the discovery to which the documents respond on August 27, 2008, meaning that the initial deadline to respond with any information from *any* employee lapsed in September 2008. Despite Defendant's contention otherwise during the February 23 hearing, the

---

[2] The Court's December 24 Order stated:

(5)    To the extent it has not, Defendant is ORDERED to, no later than five days from the entry date of this Memorandum Opinion and Order, preserve an image of the laptop computer used by the GC Services employee who was deposed during the week of December 8, and to confirm to the Court that it has done so . . .

(Docket No. 66.) Defendant informally advised the Court that it timely complied with this order.

3

Court ordered Defendant to supplement its discovery responses to include responsive information from the hard drive no later than January 12, 2009. (Dec. 24, 2008 Mem. Op. Ex. A at 9, 14, 24, 31, 34, 36, 44.) Defendant now suggests that it believes it has produced all responsive documents otherwise, but that it intends to supplement its responses as its review of the hard drive continues. No documents from the hard drive had been produced as of the February 23 hearing.

Defendant will be ordered to produce a complete inventory of the contents of the hard drive at issue, including e-mails, to Plaintiff no later than February 27, 2009. During oral hearing, Defendant represented to the Court it believed it could meet this deadline. Defendant will also be ordered to produce all responsive documents located on the hard drive, updated discovery responses, and a concomitant privilege log, no later than March 6, 2009.[3] Defendant is advised that to the extent it intends to withhold responsive information, including e-mails, on the basis of the attorney-client privilege and work-product doctrine, it must provide a detailed privilege log.

### C. Interrogatory 14 – Adequacy of Response

Plaintiff raises an issue as to the form of Defendant's response to Interrogatory 14, which asks: "Does the Defendant provide training to all employees, including new employees, involved in the collection of consumer accounts? If so, describe and/or identify: a) The training content, timing, and duration; b) All documents and audio or visual materials used in such training; c) Each person involved in providing such training." Plaintiff voluntarily limited this Interrogatory only to the individuals involved in the collection of Plaintiff's account, and now objects to Defendant's answer, representing that she seeks a full narrative answer describing the training as to each such employee.

---

[3] This is six days before the current close of discovery, March 12. That original discovery deadline of was extended by this Court on December 2, 2008.

Defendant answered this Interrogatory by providing a narrative response describing Defendant's training program generally, and identifying fifty-four training manuals. The Court stated at oral hearing that it found the form of Defendant's answer adequate, and advised that to the extent that Plaintiff seeks additional details as to each individual's particular training, she could depose such individuals.[4]

### D. Interrogatory 18

Defendant has agreed to supplement its response to Interrogatory 18 in order to answer it without limitation or qualification. Defendant represented that it did not intend to limit its response to American Express. Defendant will be ordered to do so no later than February 27, 2009.

### E. Request for Production 1

Oral hearing clarified the nature of the parties' dispute as to RFP 1. The parties disagree as to the accessibility and relative burdensomeness of obtaining specific information regarding the Plaintiff's account from Defendant's computer system.

In an electronic discovery dispute, the producing party bears the burden of showing that a request is "not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Defendant is therefore advised to file a motion for a protective order explaining why the "STAR" system screens sought by Plaintiff are not reasonably accessible.

---

[4] The Court indicated that it would grant Plaintiff leave to conduct such depositions in the event that doing so would result in more than ten depositions being taken. Fed. R. Civ. P. 30(a)(2)(A)(ii).

## F. Requests for Production 10 and 13

The Court's December 24 Order stated: "No later than two weeks after production of responsive information, GC Services also must be ready to produce a knowledgeable employee who is either a systems administrator or database administrator for deposition by Plaintiff." (Dec. 24, 2008 Mem. Op. Ex. A at 48.) Defendant provided Liana Waldberg, an Assistant Vice President of GC Services, as its witness, whom Plaintiff deposed on January 26, 2009. (2d Joint Stip. Ex. B.)

Plaintiff seeks to depose individuals with specific knowledge of Defendant's American Express accounts and the computer systems Defendant uses to manage those accounts. Plaintiff indicated Ms. Waldberg did not have such specific information. Ms. Waldberg identified two individuals who could potentially provide the knowledge Plaintiff seeks: John Fuller, a database administrator; and Allan Korkmas, a programmer. The Court expects the parties to exchange necessary information and confirm to the Court that these two individuals are knowledgeable about the American Express accounts no later than February 27, 2009. Defendant shall then make these individuals available for deposition by Plaintiff, on the same day, if requested by Plaintiff.[5]

## G. Request for Production 18

RFP 18 seeks documentation of Defendant's collection efforts of the debt, including all inbound or outbound telephone calls to or from the Plaintiff. (2d Joint Stip. 34.) In a resolution of an earlier dispute, the Court limited production of all of its long-distance telephone records, but for the single month at issue: May 2007. (Dec. 24, 2008 Mem. Op. Ex. A at 53.) Instead of providing such records, Defendant claims it "has no such telephone billing records . . . for that

---

[5] At hearing, Defendant contended it had thought Ms. Waldberg would provide sufficient information, but expressed no objection to the above procedure.

6

time period" within its custody and control, and provides the mailing addresses for its telephone services providers, presumably in order for Plaintiff to subpoena the relevant records from those providers. (2d Joint Stip. 34.) Defendant also provided a telephone log of all calls to or from the Plaintiff in lieu of its May 2007 phone records.

In order to resolve this dispute, the Court needs a full explanation as to why a search can be done by phone number (as Defendant chose to do), but not by date. To the extent counsel lodged a burdensomeness objection, the explanation was inadequate. Defendant will be ordered to submit an affidavit no later than March 6, 2009, as to the burden of searching its telephone records by date rather than phone number. The affidavit must specify what and where Defendant would search for the telephone records the Court ordered it to produce.

## Conclusion

Defendant's continued failure to timely comply with the Court's December 24 Order as to several discovery requests which are once again at issue requires the Court to extend discovery a second time. For the reasons discussed at oral hearing, discovery will be extended for an additional sixty (60) days.[6] Discovery shall conclude on May 11, 2009.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 2/24/09

---

[6] During the February 23 hearing, the parties briefly addressed the issue of whether discovery would remain open as to both Plaintiff and Defendant, or only for Plaintiff as Plaintiff requested. This issue is not ripe. Defendant has no pending discovery, and Plaintiff has not formally moved for sanctions, which might include seeking to limit Defendant's discovery in this case.