**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

PAMELA G. CAPPETTA,

Plaintiff,

v.

Civil Action No. 3:08CV288

GC SERVICES LIMITED PARTNERSHIP,

Defendant.

# MEMORANDUM OPINION

Before the Court is Plaintiff Pamela Cappetta's Motion to Amend Complaint. (Docket No. 49.) Defendant GC Services Limited Partnership filed a brief in opposition to Plaintiff's Motion for Leave to Amend. (Docket No. 60.) On December 23, 2008, Plaintiff moved for an enlargement of time to file her reply. (Docket Nos. 62, 63.) The Court granted the motion. (Docket No. 64.) Plaintiff timely filed her reply. (Docket No. 71.) The Court held a hearing on January 23, 2009, and the matter is now ripe for adjudication.

## I. Facts Alleged

The Court assumes the parties' familiarity with the factual history in this case. This matter arises out of the collection of a debt of $10,444.59 (the "Debt") from Plaintiff by Defendant. The Debt consisted of charges made to an American Express account by Plaintiff's ex-husband, who is not a party to this suit.

Plaintiff alleges that Defendant used a "skip trace" consumer report to obtain Plaintiff's social security number and other personal information, then used that information to request a consumer credit report from Experian Information Solutions, Inc. The Experian report provided

Plaintiff's personal financial information to Defendant. Defendant allegedly used this information to call Plaintiff at work, informing her that she was obligated to pay $10,444.59 on the American Express account. Plaintiff denied knowledge of the account and Debt, but Defendant told her it needed to be paid in full within 7 days. She did so out of concern for her credit rating and an imminent refinancing of her home mortgage. Later, Plaintiff realized that she had no obligation to pay the Debt, was not listed as an obligor on the account, and demanded a refund from Defendant. Defendant has refused to return the money to her.

## II. Procedural Background

Plaintiff filed suit in the Eastern District of Virginia on May 9, 2008, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and common law conversion. (Docket No. 1.) In an order dated July 31, 2008, the Honorable James R. Spencer dismissed Plaintiff's conversion claim and granted Defendant's Motion for a More Definite Statement, ordering Plaintiff to describe with specificity any alleged violations of the FDCPA. (Docket No. 14.) The case was then reassigned by consent of the parties to the undersigned Magistrate Judge for all further proceedings. (Docket No. 17.)

On August 11, 2008, this Court ordered the Plaintiff to file a More Definite Statement or a Motion to Amend her Complaint by August 13, 2008. (Docket No. 19.) Plaintiff complied with this Order by filing a Motion to Amend Complaint on August 12. (Docket No. 20.)

The Court, ruling from the bench, granted Plaintiff's Motion to Amend on September 17, 2008 (Docket No. 37), and on September 19, 2008, ordered that the Clerk file the First Amended Complaint (Docket No. 38), which alleged with more specificity the facts supporting Plaintiff's claim under the FDCPA. Plaintiff's First Amended Complaint raised four additional grounds for

relief: the Texas Debt Collection Act, Texas Finance Code § 392.100 *et seq.*; the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*; the Virginia Credit Services Business Act, Va. Code § 59.1-335.1 *et seq.*; and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f). (Docket No. 36.) Defendant filed its Answer to Plaintiff's First Amended Complaint on September 30, 2008. (Docket No. 41.)

Since that time, the parties have brought several discovery issues to the Court. The Court has addressed the parties' discovery issues through both informal status conferences and formal court hearings. Shortly before the December 2, 2008 hearing on Plaintiff's Motion to Overrule Objections and Compel Full Discovery Responses (Docket No. 45), Plaintiff filed her second Motion to Amend Complaint, seeking leave of the Court to file a Second Amended Complaint. (Docket No. 49.)

The Proposed Second Amended Complaint maintains the same five claims asserted in Plaintiff's Amended Complaint, but styles the Fair Credit Reporting Act claim as a putative class action rather than an individual claim by Plaintiff. Plaintiff proposes that the "FCRA class" would include individuals similarly situated to Plaintiff, to wit:

> All natural persons with addresses within the United States who were listed only as authorized users or supplemental cardholders on any account assigned by American Express to the Defendant for collection and regarding whom the Defendant obtained one or more of: an Experian Address Update consumer report, a Lexis-Nexis Accurint consumer report, a Lexis-Nexis Banko consumer report, or a MicroBilt Credit Commander consumer report within the two-year period preceding the filing date of the Complaint.

(Proposed 2d Am. Compl. ¶ 71.)

## III. Motion for Leave to File Amended Complaint

Rule 15 of the Federal Rules of Civil Procedure declares that leave to amend be freely given when justice so requires. Fed. R. Civ. P. 15(a). The Supreme Court of the United States has instructed courts to "heed" this mandate, holding that amendments should be freely allowed in the absence of considerations such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). In the absence of prejudice, leave to amend is normally warranted. *Fletcher v. Tidewater Builders Ass'n*, 216 F.R.D. 584, 587 (E.D. Va. 2003). Leave to amend rests within the sound discretion of the Court. *Id.*

### A. Extent of This Court's Jurisdiction in This Case

Defendant propounds a jurisdictional argument in its Memorandum in Opposition to Plaintiff's Motion for Leave to Amend ("Def.'s Opp'n"):

> Plaintiff's Second Motion proposes amending the First Amended Complaint with claims which will exceed the jurisdiction of this Court, in that this Court may not dismiss or maintain a class action; accordingly, this Court should not grant (and, arguably, should not decide) the Second Motion.

(Def.'s Opp'n 2.) This argument is unavailing.

#### 1. This Court Has Jurisdiction Over "All Proceedings" in This Matter Pursuant to 28 U.S.C. § 636(c)

Defendant confirmed at oral argument on this Motion that Defendant has consented to jurisdiction of a magistrate judge, and that this case is properly before the Court "for all

purposes" pursuant to 28 U.S.C. § 636(c)(1).[1] Both parties have consented to this Court's jurisdiction for purposes of the instant Motion as well as all further proceedings.

### 2. The Limitations on Magistrate Judge Jurisdiction in 28 U.S.C. § 636(b) Do Not Apply to This Case

Defendant notes that "Under 28 U.S.C. § 636(b)(1)(A), district judges may not designate a magistrate judge to, among other matters, 'dismiss or to permit maintenance of a class action.'" (Def.'s Opp'n 3.) That limitation on the jurisdiction of magistrate judges does not apply here.

Plaintiff's Motion for Leave to Amend was not referred to this Court by a district judge. Rather, it arose as a properly filed pleading in the prosecution of this case, which has proceeded exclusively before the undersigned Magistrate Judge since August 1, 2008. 28 U.S.C. § 636(c) governs the jurisdiction of the undersigned Magistrate Judge in this case, not § 636(b). *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) ("Unlike nonconsensual referrals of pretrial but case-dispositive matters under § 636(b)(1), which leave the district court free to do as it sees fit with the magistrate judge's recommendations, a § 636(c)(1) referral gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review."); *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987) (rejecting applicability of § 636(b) and the case law interpreting it to a case in which the parties consented to have the case heard by a magistrate judge pursuant to § 636(c)); *Hill v. Laury*, No. 3:06CV79, 2006 WL 2927773, at *1 n.1 (E.D. Va. Oct. 11, 2006).

---

[1] 28 U.S.C. § 636(c)(1) states in relevant part:

> Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he [or she] serves.

**3. Unnamed Putative Class Members Need Not Affirmatively Consent to Magistrate Judge Jurisdiction**

The fact that Plaintiff moves to add a class claim to her complaint does not defeat the requirement of Federal Rule of Civil Procedure 73(a)[2] that "all parties" to the action must consent to jurisdiction of the undersigned Magistrate Judge. *See Halsey v. Sams*, 37 F.3d 1493 (Table) (4th Cir. 1994) (No. 94-6226), *available at* 1994 WL 564576 (finding that magistrate judge acted beyond jurisdictional purview where not all parties had consented to final disposition by the magistrate judge as required by § 636(c)); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1192 (D.S.D. 2008) (magistrate judge lacked § 636(c) jurisdiction where garnishee had not consented to it).

In a class action suit, the named parties may consent to § 636(c) jurisdiction on behalf of the entire class, even when the consent occurs prior to class certification. *Williams v. Gen. Elec. Cap. Auto Lease, Inc.*, 159 F.3d 266, 269 (7th Cir. 1998). "[T]he *named parties'* voluntary consent is the linchpin to magistrate judge jurisdiction under the Constitution." *Arnold v. Ariz. Dep't of Pub. Safety*, 233 F.R.D. 537, 540 (D. Ariz. 2005) (emphasis added) (*citing Jaliwala v. United States*, 945 F.2d 221, 224 (7th Cir. 1991)). In this case, both named parties have given effective consent to § 636(c) jurisdiction.

In short, Defendant's jurisdictional argument raises a controversy not yet ripe. An unnamed class member who wishes to proceed before an Article III judge in an action referred to a magistrate judge for all purposes has two options. First, an unnamed class member may move

[2] "When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial." Fed. R. Civ. P. 73(a).

the referring District Court to intervene in the action under Rule 24(a). *See N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 22 (2d Cir. 1993) (holding that a district judge rather than a magistrate judge must make the ultimate decision on a motion for intervention of right, even where the action had been referred to a magistrate judge pursuant to § 636(c)(1)). Once permitted to intervene by the district court, the intervenor may refuse consent to proceed before the magistrate judge, and the action will necessarily be reassigned to a district judge. *Arnold*, 233 F.R.D. at 540.

In the alternative, "the unnamed class member can raise a collateral attack based on due process against the named representative's decision to consent under § 636(c)" after the magistrate judge enters a final judgment. *Williams*, 159 F.3d at 269. Either procedure would challenge the adequacy of representation of the named party or parties who consented to magistrate jurisdiction on behalf of the class. *Id.* The court in *Williams* noted, however, that due process requires no more than clear notice that the class action is pending before a magistrate judge. *Id.* at 270. In any event, an objecting party who has not consented to jurisdiction has not yet surfaced, meaning Defendant's arguments do not present a controversy on which this Court can act.

**4. Defendant Remains Bound by Its Consent Until It Moves <u>to Vacate the District Court's Referral of This Case</u>**

Defendant also appears to seek withdrawal of its agreement to consent. Defendant suggests that, while it consented to the jurisdiction of a magistrate judge for purposes of the Plaintiff's original Complaint, alleging a single violation of the FDPCA, it has not consented to this Court's jurisdiction "for purposes of a putative nationwide class action." (Def.'s Opp'n 3.)

Defendant cites Federal Rule of Civil Procedure 73 in support of its contention that "designation for the purpose of class certification and maintenance requires the express consent of the parties." (*Id.*) As to this argument, Defendant petitions the wrong court.

Having already consented to having the entire case proceed before this Court, Defendant may withdraw its consent only by moving the District Court pursuant to Rule 73 to vacate the referral to the magistrate judge upon a showing of "extraordinary circumstances." Fed. R. Civ. P. 73(b)(3).[3] *See also* 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge"); *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 57-58 (2d Cir. 1984). Until the District Court vacates the referral at bar, this Court's jurisdiction continues through all stages of this litigation, including deciding the instant motion and, if so presented, a motion to certify a class. Defendant's argument that Plaintiff's motion to amend should be denied because this Court lacks jurisdiction to consider or grant the motion cannot stand on that basis.

**B. Futility of Amendment**

Defendant also opposes Plaintiff's Motion to Amend because the proposed class claim would be futile. Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face. *Davis*, 615 F.2d at 613; *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). A court should deny a

---

[3] Rule 73(b)(3) reads:

(3) ***Vacating a Referral.*** On its own for good cause–or when a party shows extraordinary circumstances–the district judge may vacate a referral to a magistrate judge under this rule.

motion to amend as futile if the amended complaint could not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (*citing Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985)); *Cominelli v. Rector & Visitors of the Univ. of Va.*, 589 F. Supp. 2d 706, 712 (W.D. Va. 2008) (*citing Donaldson v. U.S. Dep't of Labor*, 930 F.2d 339, 349 (4th Cir. 1991)). In order to survive a motion to dismiss, the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly* 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

Defendant asserts that Plaintiff's Motion to Amend should be denied because Plaintiff's putative class claim could not survive Rule 23 analysis for the following reasons:

1. Plaintiff lacks any evidence to prove her class definition, and misstates the facts and law regarding same;

2. The class definition requires individual inquiry into consumers' accounts, in violation of Rule 23(a)(2) and (3); and

3. Individual questions of fact and law predominate in violation of Rule 23(b).

(Def.'s Opp'n 5.) However, Defendant seeks to augment the standard for granting leave to amend a complaint under Federal Rule of Civil Procedure 15 in claiming that Plaintiff's motion to amend should be denied because she will not be able to achieve class certification.

Defendant cites *Gariety v. Grant Thornton, LLP*, 368 F.3d 356 (4th Cir. 2004), stating, "In *Gariety*, the Fourth Circuit noted the district court need not accept the plaintiff's factual allegations as true. . . . Instead, the court instructed that 'before deciding whether to allow a case to proceed as a class action . . . a judge should make whatever factual and legal inquiries are

necessary under Rule 23.'" (Def.'s Opp'n 5.) However, the procedural posture of that case does not pertain to the motion at bar. In *Gariety*, the defendant to a putative class action appealed the district court's interlocutory order certifying the class, and the United States Court of Appeals for the Fourth Circuit reviewed the propriety of the district court's certification order. *Gariety*, 368 F.3d at 358-59. The *Gariety* court had no motion to amend before it. This Court sees no motion for class certification.

Courts have addressed a simultaneous motion for an amendment to add a class claim *and* for class certification. Some appear to bypass the Rule 15 liberality dictate by simply ruling upon a motion for class certification when the two motions pend together. *Scarpino v. Grossheim*, 852 F. Supp. 798 (S.D. Iowa 1994).

Other courts, when contemplating a motion to amend to add a class claim absent a contemporaneous motion to certify the class, appear to undertake a preliminary Rule 23 analysis despite the fact that Rule 15(a) does not mention such a layer of review. *See, e.g., Smith v. Transworld Sys., Inc.*, 953 F.2d 1025 (6th Cir. 1992); *Presser v. Key Food Stores Coop., Inc.*, 218 F.R.D. 53 (E.D.N.Y. 2003). When conducting this analysis, these courts seem to apply a heightened Rule 15 standard because they incorporate a preliminary Rule 23 evaluation into it. *See, e.g., Landgraff v. GEMB*, No. 06-1703, 2007 WL 1101277 (E.D. Pa. Apr. 10, 2007). In doing so, those same courts also seem to apply a more lenient Rule 23 analysis in assessing the futility of the amendment. *See Presser*, 218 F.R.D. at 57. This blend of standards has an intuitive appeal because it attempts to balance the seemingly competing requirements to allow liberal amendment under Rule 15 with the desire to determine class viability earlier than later.

However, the Federal Rules do not explicitly call for a court to blend the standards, and this Court cannot find any Fourth Circuit cases that have done so.

Here, the Plaintiff seeks amendment of the complaint only, not class certification. The rules permit such a posture. Moreover, this Court has before it a record bereft of specific facts regarding the nature of the class because no class claim exists in the case yet. The record here cannot sustain a decision on the current motion even under Fed. R. Civ. P. 12(b)(6).

The Court sees as the best recourse the extension of discovery to allow discovery into the viability of the existence of a class that will meet the requirements of Rule 23. This approach will allow both parties limited time to better place before the Court what it need consider regarding the viability of a class action claim. The Court makes it decision mindful of the context in which this motion appears. Discovery in the case -- even as to the individual claim -- has been delayed significantly to date. Because Defendant largely has caused that delay, the Court finds, as discussed below, that Defendant suffers no prejudice from this Court's extension of discovery. As such, the Motion to Amend will be DENIED WITHOUT PREJUDICE.

C. **Prejudice to Defendant**

Defendant claims that it will suffer prejudice if this amendment commences, and the Court must consider whether the extension of discovery would unduly prejudice Defendant as well. A court evaluates the prejudicial effect of an amendment by looking at the nature of the amendment and its timing. An amendment is not prejudicial if it merely adds an additional theory of recovery to the facts already pled. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Where the defendant has notice of the events giving rise to the action at the outset, allowing an

amendment under the same theory of the case does not prejudice the preparation of the defendant's case, and should be allowed. *See Davis*, 615 F.2d at 613.

The Proposed Second Amended Complaint does not radically change Plaintiff's theory of the case, but obviously changes the nature of the case by making one of the five claims at bar a putative nationwide class claim. Still, the putative class claim alleges the same type of violations of FCRA previously alleged solely as to Plaintiff. Defendant has been on notice of Plaintiff's intention to prove that Defendant "willfully and intentionally violated the Fair Credit Reporting Act . . . by failing to certify its permissible purpose for accessing the consumer reports which regarded Plaintiff." (Proposed 2d Am. Compl. ¶ 70; *compare* Am. Compl. ¶ 76 ("Defendant willfully and intentionally violated the Fair Credit Reporting Act . . . by using or obtaining Plaintiff's consumer report on at least two occasions without Plaintiff's consent and without a permissible purpose.").) The discovery process has alerted Defendant that Plaintiff intends to focus on the alleged misuse of the Experian, LexisNexis, and MicroBilt products used to define the putative class.

No prejudice would result from extending discovery to permit consideration of class claim issues without allowing the amendment to commence. Plaintiff can seek to establish the necessary record with leave to seek to amend later if appropriate. As to Defendant, discovery as to the individual claim has proceeded haltingly in any event. In part due to Defendant's dilatory actions during discovery, the Court suspended the trial date in this case indefinitely and extended discovery until March 12, 2009. (Docket No. 58.) Additional discovery disputes have arisen, and the Court extended discovery for an additional sixty days beyond the extended discovery cutoff date, to May 11, 2009. For the reasons more fully discussed in the Court's Memorandum

Opinions regarding Plaintiff's Motion to Overrule Objections and Compel Discovery (Docket No. 65) and the Court's ruling on the parties' Second Joint Stipulation Regarding Discovery Issues (Docket Nos. 94, 95), the Court finds that Defendant suffers no prejudice by allowing Plaintiff to conduct discovery into the potential of class claims, with leave to seek to amend on a more full record if appropriate.

## IV. Conclusion

Based on the foregoing reasons, Plaintiff's Motion to Amend Complaint will be DENIED WITHOUT PREJUDICE. Discovery will be extended sixty (60) days until May 11, 2009, to allow the Plaintiff inquiry into the viability of a class claim.[4] Should Plaintiff seek leave to amend to add a class claim, she must do so no later than May 1, 2009.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: **February 24, 2009**
Richmond, Virginia

[4] The Court already extended discovery for the reasons stated in Docket Nos. 94, 95.