IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



PAMELA G. CAPPETTA,

Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

Defendant.

Action No. 3:08–CV–288

## ORDER

THIS MATTER is before the Court on the parties' Third Joint Stipulation and several miscellaneous motions.  Each will be addressed in turn below.

1.    In the Third Joint Stipulation (Docket No. 112), the parties submitted disputes arising out of discovery.

A.    Defendant objects to Interrogatory No. 24, which states, "For each account assigned to you for collection by American Express from April 1, 2006 through the present, please state the full name and address of the basic and supplemental cardholder on the account, and the date that the account was assigned to you."  Defendant objects on the grounds that the interrogatory is overbroad and unduly burdensome.  The Court disagrees.  Therefore, Defendant's objection is hereby OVERRULED.  Defendant is DIRECTED to respond to this interrogatory in its totality forthwith.

1

B.    Defendant also objects to Request for Production No. 30, which states, "Please produce a copy of the STAR collection records in Microsoft Word format for every account assigned to you by American Express for collection since April 1, 2006." Defendant objects to the request on the grounds that it is also overbroad and unduly burdensome. The Court disagrees. Accordingly, Defendant's objection is hereby OVERRULED. Defendant is DIRECTED to produce the documents as requested.

C.    Defendant also objects to Plaintiff's proposed protocol for the site inspection because it exceeds the scope of the Court's March 12, 2009 order. The Court agrees. As such, the Court hereby SUSTAINS Defendant's objection. It appears, based on the information provided at the May 12, 2009 hearing, that Defendant has provided access to its computer system in conformity with the March 12, 2009 Order governing the site inspection. Plaintiff must submit additional requests on this issue (e.g., access to the data dictionary and vocabulary files or other "structure" files) to the Court, and Defendant will have the opportunity to respond.

D.    The parties also disputed access to the laptop used by GSC employee Terri Paurich and backup files thereof. Based upon Defendant's recent Motion for Protective Order (Docket No. 131), it appears that the parties have resolved this dispute—at least with regard to whether a copy of the hard drive would be produced.

2

2.     Also before the Court is Plaintiff's Motion for Enlargement of Time (Docket No. 121).

Upon due consideration, in light of the foregoing paragraph, the Court hereby

GRANTS the motion.  Discovery as to a putative class will be extended until Friday,

July 10, 2009.

3.     The Court further ORDERS the following schedule governing Discovery as to a

putative class:

A.     Plaintiff is DIRECTED to file, on or before Monday, June 15, 2009, a Report

on the Status of Discovery.  The same shall be served on Defendant.  If

necessary, Defendant may file a response within three days.

B.     Plaintiff is DIRECTED to file, on or before Friday, July 17, 2009, a Final

Report on the Status of Discovery.  The same shall be served on Defendant.  If

necessary, Defendant may file a response within three days.

C.     If appropriate, Plaintiff is DIRECTED to file, on or before Friday, July 31,

2009, its Motion for Class Certification and its Memorandum in Support

addressing all issues relevant to the issue of class certification.

D.     If Plaintiff moves to certify a class, Defendant shall file, on or before Friday,

August 14, 2009, its Memorandum in Opposition addressing all issues

relevant to the issue of class certification.

E.     If Plaintiff seeks and Defendant opposes class certification, the parties shall

contact the Court, on or before Monday, August 17, 2009, to schedule a

hearing on the issue.

4.     Also pending before the Court is Plaintiff's Motion for Extension of Time to File

Response to Defendant's Motion to Vacate Referral (Docket No. 118).  In light of this

Court's Order on April 27, 2009, which granted Defendant's Motion to Vacate, the

Court hereby DISMISSES the Motion as MOOT.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this _15_ ᵗʰ day of May 2009

4