IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **PAMELA G. CAPPETTA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 3:08-cv-00288 |
| ) | |
| **GC SERVICES LIMITED PARTNERSHIP,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S INITIAL REPORT ON STATUS OF DISCOVERY

COMES NOW the Plaintiff, Pamela Cappetta, by counsel, and pursuant to the Court's order of May 15, 2009, she provides the following status report as to outstanding discovery:

### OVERVIEW

While GCS has not provided much or even most of the information ordered, it has committed to do so at an unstated date – GCS states that it continues to work to make the production. The information that it provided regarding both the list of supplemental cardholders and the account records was incomplete, and in some cases, had been manually altered by its employees as they collected on these accounts. GCS has now committed to produce the corrected list of supplemental cardholders and account records with expediency. Regardless, it has become obvious from the review of the part of the data produced last week that the putative class is large, certainly sufficient to satisfy Fed. R. Civ. P. 23's numerosity requirement. Plaintiff has again offered the Defendant a stipulation as to numerosity. Whether or not the Defendant can construct additional objections to certification, there is no good faith argument that the class is less than thousands. Plaintiff has offered the same stipulation again and awaits Defendant's response.

Upon that stipulation, Plaintiff will be able to meet the present discovery deadline. Even without it, if GCS provides full compliance by the end of the present week – June 19, 2009 – Plaintiff should have sufficient time to obtain the remainder of discovery information from third parties Experian and Microbilt. If GCS complies by that date – regardless of whether it should or should not have complied sooner – Plaintiff will not need to seek additional assistance from the Court.

## I. DISCOVERY ORDERED MAY 15, 2009

On May 15, 2009, the Court granted Plaintiff's Motion to Compel and ordered the Defendant to provide two categories of information to be produced "forthwith."

### A. Response to Interrogatory 24.

The Defendant was ordered to state the name of each basic cardholder and authorized user for each American Express account, their addresses, and the account's date of assignment to GCS. After several meet and confer discussions to address the Defendant's compliance with this Court's order, GCS agreed to provide its response to Interrogatory No. 24 by June 5th. On that day, Defendant delivered a CD with a spreadsheet that contained fields for the basic cardholder, authorized user, address, and account assignment date. The problem arose in the manner in which GCS internally created its list.

Despite that the Court ordered a response to an Interrogatory, the Defendant produced this spreadsheet without any attestation. Further, the spreadsheet did not provide the name of each authorized user ("supplemental cardholder") as the Court ordered. For many accounts, GCS' employees have changed that field to include various free-hand comments, such as

"3 supplementals – see 12-21 screen". (No 12-21 screens have been produced in this case at all, including remarkably, even the 12-21 screen which regards the named Plaintiff,

Pamela Cappetta.) In other instances, the value supplied by the Defendant for the "authorized user" field contains unintelligible strings of letters and numbers.

When the parties again met and conferred as to this problem on June 11, 2009, GCS' counsel would not take a position on when an complete and "clean" list of authorized users would be produced, but committed to its intent to comply with the Court's order, stating that they needed to speak with their client further. Since the June 11th conference, no other details or supplemental production have been provided.

### B. Request for Production 30.

The Court ordered the Defendant's production of GCS's full collection records in WORD format. Defendant produced records for 2008 and 2009 on June 8, 2009. It also stated that it would produce the remaining records for 2006 and 2007 in subsequent productions. However, upon review of the first round of account records, it was quickly apparent that it was problematic.

In its June 8th production, the Defendant redacted the fields for state, zip code and account status for every single account that it produced. On June 11, 2009, in a meet and confer call regarding this issue, Defendant's counsel represented that the mistake was innocent and a "coding error." GCS has committed to provide the corrected files, but has not indicated when it will do so. No update or response has been received as of 4:30pm on June 15th, 2009 as this status report is being finalized for the Court.

## II. ADDITIONAL OUTSTANDING DISCOVERY TO DEFENDANT.

The following discovery remains outstanding, though in each instance GCS has stated its agreement to comply.

3

**A.    Depositions**.

GCS represented that it continues to attempt to schedule its employees for the Plaintiff's Rule 30(b)(6) amended deposition notices. Plaintiff has asked again that firm dates be provided no later than June 19, 2009.

**B.    Additional Experian Invoices.**

To date, GCS has produced only its 2006-2007 invoices from Experian. These documents list each person on regarding which the Defendant obtained the Experian report at issue in this case and describe specifically which type of Experian report was used, as well as which add-on products were purchased. Plaintiff initially drafted and served a subpoena on Experian itself for these documents (from 2006 to the present), but upon receipt of the subpoena, the Defendant moved to quash it, stating in its brief that it had already provided the responsive documents. However, in reality, the invoices produced by the Defendant ended in August 2007, and were thus not the full set of documents subpoena'ed from Experian. Thus, Plaintiff is still waiting for September 2007 through the present. On June 11, 2009, GCS confirmed its intention to provide the remaining invoices for 2007, 2008 and 2009, but did not provide a date by which it would do so.

It is these documents in part that Plaintiff's counsel would use to match the recently produced account records to conclusively construct the full list of consumers regarding whom GCS purchased an Experian Address Update report, including the "Direct Check" and "Demographics" add on products. The Direct Check and Demographics add-on products provide details about the consumer's employment status and current creditors, and require GC Services to have an FCRA permissible purpose before obtaining them, by Experian's Rule

30(b)(6) testimony in this case. From the set of account records already produced, it is clear that the Defendant has a pattern and practice of obtaining these records regarding not only the "authorized user" on the accounts, but also, disturbingly, the completely unrelated parents, siblings and children of its collection targets. Plaintiff has asked GCS to provide these documents by or before June 19, 2009, such that she can finally begin her coordination efforts with third-parties Experian and Microbilt, establish numerosity, finalize the class list and, finally, complete discovery in this matter.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Leonard A. Bennett, Esq.
                                                  VSB #37523
                                                  Attorney for Plaintiff
                                                  CONSUMER LITIGATION ASSOCIATES, P.C.
                                                  12515 Warwick Boulevard, Suite 100
                                                  Newport News, Virginia 23606
                                                  (757) 930-3660 - Telephone
                                                  (757) 930-3662 – Facsimile
                                                  lenbennett@cox.net

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Matthew Schultz
Hinshaw & Culbertson LLP
222 N LaSalle St
Suite 300
Chicago, IL 60601
312-704-3527
Fax: 312-704-3001
Email: dschultz@hinshawlaw.com

James Curie Skilling
Butler Williams & Skilling PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
(804) 648-4848
Fax: (804) 648-6814
Email: jskilling@butlerwilliams.com

Rebecca H. Royals
Butler Williams & Skilling PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
(804) 228-4801
Fax: (804) 648-6814
Email: rroyals@butlerwilliams.com

Zev Hillel Antell
Butler Williams & Skilling PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
804-228-4782
Fax: 804-648-6814
Email: zantell@butlerwilliams.com

        /s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

7