IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA G. CAPPETTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:08-cv-00288 |
| | ) |
| GC SERVICES LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
INITIAL REPORT ON STATUS OF DISCOVERY**

Defendant GC Services Limited Partnership ("GC Services") has made significant steps toward complying with the Court's May 15, 2009 Order [Document 146]. Since the May 15, 2009 Order, GC Services has produced detailed data on many thousands of accounts. This endeavor has been no small undertaking and has required that GC Services use their systems in ways well outside their conventional business operations.

**Class Discovery Pursuant to the Court's May 15, 2009 Order**

Interrogatory 24:

On June 6th, GC Services delivered to Plaintiff's counsel a spreadsheet created from its STAR database. Counsel for GC Services understands that the spreadsheet extracted and collated the fields most likely to provide the best list of names and addresses of basic and supplemental cardholders for all American Express accounts assigned to GC Services for collection since April 1, 2006. Also included in that spreadsheet was the assignment date for each separate account. Because Defendant was ordered to produce specific data on upwards of

400,000 individual accounts, the most realistic way to comply was to automate the process through an across-the-board electronic extraction of set fields.

Plaintiff notes that the list provided has some deficiencies in that for some of the accounts, collectors had manually input data into the field most likely to provide the identity of the supplemental cardholder.  GC Services has informed Plaintiff's counsel that manually constructing the list or even manually locating and then reviewing the accounts for which the field was altered could take months.  Counsel understands that GC Services is reviewing its STAR system in order to see if there are other fields from which the names of the missing supplemental cardholders can be pulled.  To the extent Plaintiff or her expert (who has previously reviewed the STAR system) has a suggestion on how to better create the list, Defendant would welcome the same.

On June 17, 2009, counsel for GC Services learned that the list produced on June 6, 2009 contained an additional error causing a number of accounts from 2007 to be omitted and replaced with what is believed to be an equivalent number of duplicated 2008 accounts.  GC Services has taken steps to correct this error and is overnighting corrected DVD(s) to its counsel which should be delivered to Plaintiff's counsel on Friday, June 19.

In discussing issues related to Interrogatory 24, Plaintiff also mentions that GC Services has not produced "1221" screens.  Counsel for GC Services is advised that the 1221 screens do not exist as part of the Debtor Detail Listing and will not print with a Debtor Detail Listing that has been produced.  However, the 1221 screens are contained within the greater STAR system.  GC Services is attempting to extract the 1221 information for production to Plaintiff and is overnighting DVD(s) to its counsel which should be delivered to Plaintiff's counsel on Friday, June 19.

Request for Production 30:

The Court has ordered GC Services to produce in Word format its STAR collection records from April 1, 2006 through the present. Each individual collection record ("Debtor Detail Listing") is multiple pages and each is often more than 20 pages long. GC Services estimates that it has been ordered to produce records for no less than 400,000 accounts. When complete, GC Services estimates it will have produced millions of pages of collection records. Due to the significant effort needed to comply with this Request, the parties agreed to schedule production on an installment basis. On June 8th, Defendant delivered a DVD containing the Debtor Detail Listing records for American Express accounts assigned to GC Services between January 2008 and June 2009. Plaintiff correctly notes that the 2008-2009 collection records produced on June 8 appeared to be missing certain address information. On the afternoon of June 15, 2009, GC Services delivered a corrected version of the 2008-2009 Debtor Detail Listings to Plaintiff's counsel. Plaintiff's counsel apparently was not aware of that delivery at the time it filed its status report.

Also delivered on June 15, 2009, were the Debtor Detail Listings for accounts assigned to GC Services by American Express during 2007. Per the agreed production schedule, Defendant is due to produce the remainder of the requested records on or before June 19.

On June 17, 2009, counsel for GC Services learned that the 2007 Debtor Detail Listings produced on June 15, 2009 contained an error causing a number of Debtor Detail Listings from 2007 to be omitted and replaced with what is believed to be an equivalent number of duplicated 2008 Debtor Detail Listings. As noted above, GC Services is taking steps to correct this error.

**Additional Discovery Sought by the Plaintiff**

In her status report, Plaintiff mentions two additional ongoing discovery matters:

Depositions:

GC Services intends to provide Plaintiff with deposition dates for Plaintiff's Rule 30(b)(6) amended deposition notice. GC Services is currently working to confirm available dates.

Additional Experian Invoices:

No current discovery request or Court Order addresses Plaintiff's request for production of Experian invoices for 2008, 2009, or for the remainder of 2007. Nevertheless, GC Services has agreed to provide them. The original invoices will be delivered overnight to counsel on June 22. Copies will be provided to Plaintiff's counsel promptly thereafter.

        Respectfully submitted,

        G.C. SERVICES LIMITED PARTNERSHIP

        By: /s/_____
           James C. Skilling (VSB No. 27998)
           Rebecca H. Royals (VSB No. 71420)
           Zev H. Antell (VSB No. 74634)
           Attorneys for GC Services Limited Partnership
           BUTLER, WILLIAMS & SKILLING, P.C.
           100 Shockoe Slip, 4th Floor
           Richmond, Virginia 23219
           Telephone: (804) 648-4848
           Facsimile: (804) 648-6814
           E-mail: jskilling@ butlerwilliams.com
                  rroyals@butlerwilliams.com
                  zantell@butlerwilliams.com

        David M. Schultz (admitted *pro hac vice*)
        Todd P. Stelter (admitted *pro hac vice*)
        Attorney for GC Services Limited Partnership
        HINSHAW & CULBERTSON LLP
        222 N. LaSalle Street, Suite 300
        Chicago, IL 60601-1081
        Telephone: (312) 704-3000
        Facsimile: (312) 704-3000
        E-mail: dschultz@hinshawlaw.com
              tstelter@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June 2009, I electronically filed the foregoing Defendant's Response to Plaintiff's Initial Report on Status of Discovery with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Matthew J. Erausquin, Esquire
    CONSUMER LITIGATION ASSOCIATES, P.C.
    10560 Main Street, PH-15
    Fairfax, Virginia 22030

    Leonard A. Bennett, Esquire
    CONSUMER LITIGATION ASSOCIATES, P.C.
    12515 Warwick Boulevard, Suite 100
    Newport News, Virginia 23606

    Jason M. Krumbein, Esquire
    KRUMBEIN CONSUMER LEGAL SERVICES
    1650 Willow Lawn Drive, Suite 300
    Richmond, Virginia 23230

*Counsel for Plaintiff*

        /s/_____
        James C. Skilling (VSB No. 27998)
        Attorney for GC Services Limited Partnership
        BUTLER, WILLIAMS & SKILLING, P.C.
        100 Shockoe Slip, 4th Floor
        Richmond, Virginia 23219
        Telephone: (804) 648-4848
        Facsimile: (804) 648-6814
        E-mail: jskilling@butlerwilliams.com