IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| PAMELA G. CAPPETTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08-cv-00288 |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant GC Services Limited Partnership (hereafter, "Defendant" or "GC Services") by its counsel, and as for its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Complaint"), states as follows:

**ANSWER NO. 1:**     The allegations contained in Paragraph 1 of the Complaint assert legal conclusions which Defendant is required neither to admit nor deny, and therefore denies.

**ANSWER NO. 2:**     The allegations contained in Paragraph 2 of the Complaint assert legal conclusions which Defendant is required neither to admit nor deny, and therefore denies. With regard to the allegations in Paragraph 2 concerning the location of Defendant's registered office and registered agent, Defendant admits that same are located in Glen Allen, Virginia. All remaining allegation not specifically admitted herein are denied.

**ANSWER NO. 3:**     As to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a "natural person."  Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 3 of the Complaint as to Plaintiff's place of residence, and therefore denies same.  The remaining

allegations contained in Paragraph 3 assert legal conclusions which Defendant is required neither to admit nor to deny, and Defendant therefore denies same.

**ANSWER NO. 4:**     As to the allegations contained in Paragraph 4 of the Complaint, Defendant admits that it is a limited partnership with its primary headquarters in Texas and that it regularly conducts business in the Commonwealth of Virginia.  Defendant further admits that it maintains registered offices in Glen Allen, Virginia.  Defendant affirmatively states that its principal business is the collection of debts.  The remaining allegations contained in Paragraph 4 assert legal conclusions which Defendant is required neither to admit nor to deny, and Defendant therefore denies same.

**ANSWER NO. 5:**     As to the allegations contained in Paragraph 5 of the Complaint, Defendant admits that in or about May of 2007, it began efforts to collect a debt owed to American Express for an account on which Plaintiff's name was listed as a supplemental debtor along with that of Robert Cappetta.  Defendant further affirmatively states that it was unable to contact Robert Cappetta and that Robert Cappetta did not remit payment on said account.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 as to the characterization of Robert Cappetta as "Plaintiff's estranged husband" in May of 2007, and therefore denies same.  All remaining allegations contained in Paragraph 5 are denied.

**ANSWER NO. 6:**     Defendant admits the allegations contained in Paragraph 6 of the Complaint.

**ANSWER NO. 7:**     Defendant admits that shortly after the account was assigned to Defendant from American Express, Defendant accessed a skip trace report regarding Plaintiff from MicroBilt that includes a version of the Experian full Address Update report, and denies

any remaining allegations in the first sentence.  As to the allegations in the second sentence, Defendant admits that it purchased the "Direct Check" and "Demographics", and Defendant paid Microbilt and Experian, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7, and therefore denies same.

**ANSWER NO. 8:**     Defendant denies the allegations of Paragraph 8.

**ANSWER NO. 9:**     Defendant admits it had an account with Experian that identified collections as a permissible purpose, but denies it understood it needed a permissible purpose when it obtained a report from MicroBilt on the plaintiff, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 9, and therefore denies same.

**ANSWER NO. 10:**     Defendant admits that at the time it obtained information on the Plaintiff, it knew that it was not in possession of an application on the account and that Plaintiff was listed as a supplemental cardholder on the account.  Defendant denies the remainder of Paragraph 10.

**ANSWER NO. 11:**     Defendant admits the American Express account listed Robert Cappetta on the account and Plaintiff as a supplemental cardholder on the account, and denies the remaining allegations of Paragraph 11.

**ANSWER NO. 12:**     Upon information and belief Defendant admits the allegations contained in Paragraph 12.

**ANSWER NO. 13:**     Defendant admits that in response to the electronic communication, it received information that regarded the Plaintiff on or about May 21, 2007 and denies the remaining allegations of Paragraph 13.

**ANSWER NO. 14:**     Defendant denies the allegations of Paragraph 14.

**ANSWER NO. 15:**   Defendant denies  the allegations of Paragraph 15.

**ANSWER NO. 16:**   Defendant denies that it determined from the report that Plaintiff had an excellent credit rating.  Defendant admits the report regarding Plaintiff included some personal information, addresses, telephone numbers, and employment.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 16, and therefore denies same.

**ANSWER NO. 17:**   As to the allegations contained in Paragraph 17 of the Complaint, Defendant admits that on or about May 21, 2007, an employee of Defendant called Plaintiff directly at the business she owns and left a message requesting that Plaintiff return the employee's call. Defendant further admits that, when Plaintiff returned the call to Defendant's employee, said employee informed Plaintiff of the debt owed to American Express, and obtained Plaintiff's agreement to pay $10,444.59 on the account. All remaining allegations contained in Paragraph 17 are denied.

**ANSWER NO. 18:**   The allegations contained in Paragraph 18 of the Complaint assert a legal conclusion which Defendant is required neither to admit nor deny, and therefore denies. To the extent that the Paragraph 18 contains any factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations, and therefore denies same.

**ANSWER NO. 19:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19, and therefore denies same.

**ANSWER NO. 20:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, and therefore denies same.

**ANSWER NO. 21:**   Defendant admits the allegations of Paragraph 21.

4

**ANSWER NO. 22:**   Defendant denies the allegations of Paragraph 22.

**ANSWER NO. 23:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, and therefore denies same.

**ANSWER NO. 24:**   As to the allegations contained in Paragraph 24 of the Complaint, Defendant admits that during the call on May 21, 2007, Defendant's employee answered all of Plaintiff's questions regarding any personal information related to Plaintiff which Defendant possessed.  All remaining allegations contained in Paragraph 24 are denied.

**ANSWER NO. 25:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Paragraph 25 of the Complaint as to whether or not Plaintiff was alarmed, and therefore denies same.  All remaining allegations contained Paragraph 25 are denied.

**ANSWER NO. 26:**   Defendant denies the allegations of Paragraph 26.

**ANSWER NO. 27:**   As to the allegations contained in Paragraph 27 of the Complaint, Defendant admits that it never possessed a copy of any application with regard to the American Express account, and further affirmatively states that it never represented otherwise.  All remaining allegations contained in Paragraph 27 are denied.

**ANSWER NO. 28:**   Defendant admits that American Express was unable to produce the application in this litigation to date, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 28, and therefore denies same.

**ANSWER NO. 29:**   Defendant admits the allegations of Paragraph 29.

**ANSWER NO. 30:**   Defendant denies the allegations of Paragraph 30.

**ANSWER NO. 31:**   As to the allegations contained in Paragraph 31 of the Complaint, Defendant admits that Plaintiff initially informed Defendant's employee that Plaintiff had no

knowledge regarding charges on the American Express account and that Plaintiff had no knowledge that the account existed prior to speaking to Defendant's employee.  Defendant further affirmatively states that during that same conversation, Plaintiff subsequently indicated that her son-in-law, who was helping her refinance her house, had previously pulled her consumer report and pointed out that this American Express account was noted on her consumer report with a balance of $10,444.59. Defendant admits Plaintiff was an authorized user. Defendant denies the allegations in the second sentence regarding "the assertions made by the Defendant as to her status as an obligor," and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 31, and therefore denies same.

**ANSWER NO. 32:**   Defendant denies the allegations of Paragraph 32.

**ANSWER NO. 33:**   Defendant denies the allegations of Paragraph 33.

**ANSWER NO. 34:**   As to the allegations contained in Paragraph 34 of the Complaint, Defendant admits that Plaintiff asked an employee of Defendant to provide a copy of the original application for the American Express account and statements relating to charges made on the account.  All remaining allegations contained in Paragraph 34 are denied.

**ANSWER NO. 35:**   Defendant denies the allegations contained in Paragraph 35 at the Complaint.  Defendant further affirmatively states that an employee of Defendant placed a request for the documents sought by Plaintiff and informed Plaintiff that such request had been placed.

**ANSWER NO. 36:**   Defendant denies the allegations of Paragraph 36.

**ANSWER NO. 37:**   Defendant denies the allegations of Paragraph 37.

**ANSWER NO. 38:**   Defendant denies the allegations of Paragraph 38.

**ANSWER NO. 39:**   Defendant denies the allegations of Paragraph 39.

6

**ANSWER NO. 40:**   Defendant denies the allegations of Paragraph 40.

**ANSWER NO. 41:**   Defendant denies the allegations of Paragraph 41.   Defendant affirmatively states that no such "story" was related to Plaintiff.

**ANSWER NO. 42:**   Defendant denies the allegations of Paragraph 42.

**ANSWER NO. 43:**   Defendant denies the first sentence of Paragraph 43.   Defendant further affirmatively states that no such alleged representations regarding any "threatened collection notation" were made to Plaintiff.   Defendant admits that it does not report credit information on accounts it is collecting for American Express, and lacks knowledge or information sufficient to form a belief about the truth of the allegation of what plaintiff has learned through discovery and therefore denies same.

**ANSWER NO. 44:**   Defendant denies the allegations of Paragraph 44.

**ANSWER NO. 45:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45, and therefore denies same.

**ANSWER NO. 46:**   Defendant denies the allegations of Paragraph 46.   Defendant further affirmatively states that no such alleged representations regarding a "required" timeframe for the debt to be paid were made to Plaintiff.

**ANSWER NO. 47:**   Defendant denies the allegations of Paragraph 47.   Defendant further affirmatively states that no such alleged "deadline" was given to Plaintiff by Defendant.

**ANSWER NO. 48:**   Defendant denies the allegations of Paragraph 48.

**ANSWER NO. 49:**   Defendant denies the allegations of Paragraph 49.

**ANSWER NO. 50:**   As to the allegations contained in Paragraph 50 of the Complaint, Defendant admits that Plaintiff paid the American Express account debt in the amount of $10,444.59 on May 21, 2007.   Defendant lacks knowledge or information sufficient to form a

belief about the truth of the allegations contained in Paragraph 50 as to Plaintiffs concerns, Plaintiff's credit score, and the refinancing of Plaintiff's home, and therefore denies same.  All remaining allegations contained in Paragraph 50 are denied.  Defendant further affirmatively states that no such alleged representations were made to Plaintiff.

**ANSWER NO. 51:**   Defendant denies the allegations of Paragraph 51.

**ANSWER NO. 52:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52, and therefore denies same.

**ANSWER NO. 53:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53, and therefore denies same.

**ANSWER NO. 54:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54, and therefore denies same.

**ANSWER NO. 55:**   As to the allegations contained in Paragraph 55 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained therein as to Plaintiff's reflections or realizations, and therefore denies same.  All remaining allegations contained in Paragraph 55 are denied.

**ANSWER NO. 56:**   As to the allegations contained in Paragraph 56 of the Complaint, Defendant admits that Plaintiff contacted Defendant by phone following Plaintiff's payment of the debt owed to American Express and asked to be provided a copy of the original application for the account and additional statements related to the charges on the account.  All remaining allegations contained in Paragraph 56 are denied.

**ANSWER NO. 57:**   Defendant denies the allegations of Paragraph 57.

**ANSWER NO. 58:**   Defendant denies the allegations of Paragraph 58.

**ANSWER NO. 59:**   Defendant denies the allegations of Paragraph 59.

**ANSWER NO. 60:**   Defendant denies the allegations of Paragraph 60.

**ANSWER NO. 61:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61, and therefore denies same.

**ANSWER NO. 62:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62, and therefore denies same.

**ANSWER NO. 63:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63, and therefore denies same.

**ANSWER NO. 64:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 64, and therefore denies same.

**ANSWER NO. 65:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65, and therefore denies same.

**ANSWER NO. 66:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66, and therefore denies same.

**ANSWER NO. 67:**   As to the allegations contained in Paragraph 67 of the Complaint, Defendant admits that Plaintiff contacted Defendant by letter in August of 2007 and asked for a refund of the payment she made on the American Express account.  All remaining allegations contained in Paragraph 67 are denied.

**ANSWER NO. 68:**   As to the allegations contained in Paragraph 68 of the Complaint, Defendant admits that it has not returned the money that Plaintiff paid on the American Express account.  All remaining allegations contained in Paragraph 68 are denied.

**ANSWER NO. 69:**   Defendant realleges and reincorporates Paragraphs 1 through 68, inclusive, of its answer.

**ANSWER NO. 70:**   Defendant denies the allegations of Paragraph 70.

**ANSWER NO. 71:**   Defendant denies the allegations of Paragraph 71.

**ANSWER NO. 72:**   Defendant admits that Plaintiff purports to bring an alleged claim for herself and on behalf of a class as defined in the allegations of subparagraphs 72(a) and (b), but denies that Plaintiff has any claim on which relief can be granted, denies that there is any proper class and denies the remaining allegations of Paragraph 72.

**ANSWER NO. 73:**   Defendant admits that Plaintiff alleges that the class members are so numerous that joinder of all is impractical.   Defendant denies the remaining allegations of Paragraph 73.

**ANSWER NO. 74:**   Defendant denies the allegations in the first and last sentences of Paragraph 74.   Defendant admits Plaintiff is in possession of certain Experian's invoices to Defendant, and that these invoices list many names, some of which are the individuals upon whom the Full Address Update Report was obtained.   Defendant denies any remaining allegations of the second and third sentences of Paragraph 74.

**ANSWER NO. 75:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiff's awareness and therefore denies same.   The allegations in the second sentence assert legal conclusions as to which no response is required. To the extent a response is required, Defendant states that the second sentence consists of a vague summary of fact-specific cases and Defendant denies the allegations of the second sentence to the extent they fail to accurately and completely set forth Fourth Circuit law.   The allegations in the third sentence assert legal conclusions as to which no further response is required.   To the extent a response is required, Defendant denies the allegations in the third sentence of Paragraph 75.

**ANSWER NO. 76:**   Defendant has not calculated an average but upon information and belief Defendant admits the allegations of Paragraph 76 is a reasonable estimate.

**ANSWER NO. 77:**   Defendant admits that Ms. Paurich provided that as an estimate.

**ANSWER NO. 78:**   Plaintiff alleges neither facts nor law but rather alleges certain assumptions for which no answer should be required.  To the extent an answer is required, Defendant denies that the formulas based on the assumptions support an identifiable class.

**ANSWER NO. 79:**   Plaintiff alleges neither facts nor law but rather alleges certain assumptions for which no answer should be required.  To the extent an answer is required, Defendant denies that the formulas based on the assumptions support an identifiable class.

**ANSWER NO. 80:**   Plaintiff alleges neither facts nor law but rather alleges certain assumptions for which no answer should be required.  To the extent an answer is required, Defendant denies that the formulas based on the assumptions support an identifiable class.

**ANSWER NO. 81:**   Defendant denies the allegations of Paragraph 81.

**ANSWER NO. 82:**   Defendant denies the allegations of Paragraph 82.

**ANSWER NO. 83:**   The allegations in the first sentence assert legal conclusions as to which no further response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies same.  The remaining allegations of Paragraph 83 assert a legal conclusion as to which no further response is required.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 83, and therefore denies same.

**ANSWER NO. 84:**   Defendant denies the allegations of Paragraph 84.

**ANSWER NO. 85:**   Defendant denies the allegations of Paragraph 85.

**ANSWER NO. 86:**   Defendant denies the allegations of Paragraph 86.

**ANSWER NO. 87:**   Defendant denies the allegations of Paragraph 87.

**ANSWER NO. 88:**   Defendant alleges and incorporates its answer to Paragraphs 1 through 87, inclusive.

**ANSWER NO. 89:**   Defendant denies the allegations of Paragraph 89, including subparagraphs (a) through (d).

**ANSWER NO. 90:**   Defendant denies the allegations of Paragraph 90.

**ANSWER NO. 91:**   Defendant denies the allegations of Paragraph 91.

**ANSWER NO. 92:**   Defendant realleges and incorporate Paragraphs 1 through 91, inclusive, of its answer.

**ANSWER NO. 93:**   Defendant denies the allegations of Paragraph 93.

**ANSWER NO. 94:**   Defendant denies the allegations of Paragraph 94.

**ANSWER NO. 95:**   Defendant denies the allegations of Paragraph 95.

**ANSWER NO. 96:**   Defendant realleges and incorporates by reference Paragraphs 1 through 95, inclusive, of its answer.

**ANSWER NO. 97:**   Defendant denies the allegations of Paragraph 97.

**ANSWER NO. 98:**   Defendant denies the allegations of Paragraph 98.

**ANSWER NO. 99:**   Defendant denies the allegations of Paragraph 99.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Any violation of the Fair Debt Collection Practices Act by Defendant, which is specifically denied, was not intentional and resulted from a bona fine error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. § 1692k.

2.     Among the procedures are providing mandatory ongoing educational training programs, extensive written training materials which cover the FDCPA, and information to new employees in the form of manuals and presentations.  It extensively trains new employees.

3.     Defendant conducts auditing of new hires to ensure compliance, a monthly complaint prevention compliance meeting and standardized training across all of its locations, and administers an FDCPA test to its employees twice a year.

### SECOND AFFIRMATIVE DEFENSE

1.     Any violation of the Texas Debt Collection Act resulted from a bona fide error that occurred not withstanding the use of reasonable procedures adopted to avoid the error. Texas Finance Code §329.401.

2.     Defendant realleges and incorporates by reference Paragraphs 1 through 3 inclusive of its First Affirmative Defense.

### THIRD AFFIRMATIVE DEFENSE

1.     Plaintiff failed to mitigate any damages which she may have suffered, if any.

2.     Plaintiff did not recover the debt from Robert Cappetta through the divorce proceedings or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for the four counts alleged.

### FIFTH AFFIRMATIVE DEFENSE

1.     Plaintiff lacks standing to assert all or part of the claims set forth in the Second Amended Complaint.

2.     Plaintiff has no standing to bring a claim in this District under Texas law.

3.     If Plaintiff did not use the account, she has no standing to represent any supplemental cardholders who used their accounts and made charges thereon.

## SIXTH AFFIRMATIVE DEFENSE

1.      Plaintiff's claims are barred by the doctrine of waiver.

2.      Plaintiff knowingly waived her rights.

3.      Plaintiff was informed of the charges on the account before she called Defendant. Plaintiff was concerned about refinancing her mortgage.

4.      Defendant furnished Plaintiff even more information.

5.      Armed with this information, Plaintiff voluntarily and knowingly paid the charges.

6.      Plaintiff thus waived any alleged claims.

## SEVENTH AFFIRMATIVE DEFENSE

1.      Plaintiff's claims are barred, in whole or in part, by the voluntary pay doctrine.

2.      Plaintiff was aware of the charges before Defendant contacted her.  Plaintiff was concerned about refinancing her mortgage.

3.      Defendant's employee informed Plaintiff of certain facts.

4.      Armed with this information, Plaintiff voluntarily decided to pay the charges on the account.

## EIGHTH AFFIRMATIVE DEFENSE

1.      Plaintiff's claims are barred, in whole or in part, by the doctrine of pre-emption.

2.      To the extent the Texas Debt Collection Act count addresses matters covered by the FCRA, the FCRA pre-empts them.

## NINTH AFFIRMATIVE DEFENSE

The claims of the putative class members that are beyond the two year statute of limitations in the FCRA are barred by that statute of limitations.

14

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or the putative class members' claims are barred by the arbitration provisions in the account agreements.

WHEREFORE, Defendant GC Services Limited Partnership prays that the Court enter judgment in its favor dismissing this action with prejudice, award Defendant its costs of this action, and grant Defendant such other and further relief it considers proper.

Respectfully submitted,

GC SERVICES LIMITED PARTNERSHIP

By: /s/_____
  James C. Skilling (VSB No. 27998)
  Rebecca H. Royals (VSB No. 71420)
  Zev H. Antell (VSB No. 74634)
  BUTLER, WILLIAMS & SKILLING, P.C.
  100 Shockoe Slip, 4th Floor
  Richmond, VA  23219
  Telephone: (804) 648-4848
  Facsimile: (804) 648-6814
  E-mail: jskilling@butlerwilliams.com
     rroyals@butlerwilliams.com
     zantell@butlerwilliams.com


  David M. Schultz (admitted *pro hac vice*)
  Todd P. Stelter (admitted *pro hac vice*)
  Attorneys for GC Services Limited Partnership
  HINSHAW & CULBERTSON LLP
  222 N. LaSalle Street, Suite 300
  Chicago, IL  60601-1081
  Telephone: (312) 704-3000
  Facsimile:  (312) 704-3001
  E-mail: dschultz@hinshawlaw.com
     tstelter@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2009, I electronically filed the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Matthew J. Erausquin, Esquire
CONSUMER LITIGATION ASSOCIATES, P.C.
10560 Main Street, PH-15
Fairfax, Virginia  22030

Leonard A. Bennett, Esquire
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23606

Jason M. Krumbein, Esquire
KRUMBEIN CONSUMER LEGAL SERVICES
1650 Willow Lawn Drive, Suite 300
Richmond, Virginia  23230

*Counsel for Plaintiff*

/s/_____
James C. Skilling (VSB No. 27998)
Attorney for GC Services Limited Partnership
BUTLER, WILLIAMS & SKILLING, P.C.
100 Shockoe Slip, 4th Floor
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 648-6814
E-mail: jskilling@butlerwilliams.com

16