IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| PAMELA G. CAPPETTA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | No. 3:08cv288 |
| GC SERVICES, LP | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO WITHDRAW AS COUNSEL**

COMES NOW the Plaintiff, by counsel, and as for her response to Defendant GC Services, LP's motion to withdraw the law firm of Butler, Williams and Skilling as its counsel, she states as follows:

The Plaintiff has no interest in complicating what would and should be a standard motion in almost every case. However, there are two issues that regard this particular request and which are of great concern to the present posture and facts at issue in this case. The Skilling firm has taken the lead on all discovery issues to date, including the efforts to meet and confer while this case was pending before Judge Lauck over the past year. It has also been involved with substantial meet and confer discussions that took place after this Court's most recent discovery order of May 15th, up until it filed its motion to withdraw on June 26th.

Despite the representations made in the most recent status report filed by the Skilling firm, the Defendant has still not complied with this Court's order. It has failed to follow through on the promises made to the Court in both of its status updates to correct what it alleges to have been "mistakes" in its first set of post-May 15th productions. Plaintiff is now in the process of

completing yet another motion to compel and, finally, a motion for sanctions. These two motions will, by necessity, seek sanctions against the Defendant for conduct which occurred while the Skilling firm was involved in this case, including the extensive discovery history before Judge Lauck which resulted in the need for this Court to author two extensive memorandum opinions on discovery (12/24/08 and 2/24/09), and then finally this Court's order of May 15th, 2009. <u>None</u> of these orders have been complied with, including this Court's most recent order. In almost every instance[1], in the interest of not further imposing on this Court's judicial resources, Plaintiff has relented and instead will elect to rely upon the self-executing exclusionary remedies of Rule 37 which would bar the use of evidence or the continued assertion of defenses that relate to the non-disclosed discovery.

Accordingly, on Tuesday, July 7th, Plaintiff offered the following stipulation in a consent order permitting the withdrawal sought by the Defendant:

> "The parties agree that significant meet and confer attempts have been made between Plaintiff's counsel and the Skilling firm regarding ongoing discovery disputes following this Court's order of May 15, 2009. The Defendant hereby acknowledges its full knowledge and approval of the Skilling firm's participation in such meet and confer communications and does not now seek to modify or change its stated positions, representations or responsibilities regarding the same made by any attorney employed by the Skilling firm."

Thereafter, despite numerous contacts from the Plaintiff regarding the stipulation, the Defendant has refused to so agree.[2] Plaintiff's concern, perhaps heightened by this refusal, is that if the Defendant intends to defend the impending sanctions motion by having its primary counsel withdraw from the case so that it can argue that the positions taken by this counsel in discovery

---

[1] The sole exception is the complete list of supplemental cardholders and their addresses, which Plaintiff will ask the Court to (again) order the Defendant to produce, as it is relevant both to willfulness on the FCRA claim as well as Plaintiff's motion for class certification which is due in 21 days.

were unauthorized, or that the Defendant was unaware of them, this Court should not permit the withdrawal.

A second and more troubling issue is that since such time as the Skilling firm moved to withdraw from the case on June 26th, the Defendant has filed a new Rule 12(c) motion on July 2nd alleging facts that are objectively false regarding the manner in which American Express allegedly reported Robert Cappetta's account to the credit reporting agencies.

For example, in its Motion, the Defendant states that:

"[P]laintiff alleges that GC Services accessed her consumer report to gather information concerning a debt on an account upon which both plaintiff and her former spouse were listed in the relevant credit bureau files as obligors".

<u>Def. Motion for Judgment on the Pleadings</u> at 5-6.

This motion was filed by the Defendant's new defense team, presumably to create a newly devised argument that the Defendant mistakenly obtained her Experian report based upon what American Express reported to the credit reporting agencies regarding her. This false representation is patently unfair to the Plaintiff, has no basis in fact, and serves to confuse the issues for this Court. Additionally, Mr. Skilling could not and, as a member of the bar of this Court, surely would not have made such a representation because he knows that Plaintiff, Experian and American Express have all alleged exactly the opposite.

For example, Mr. Skilling would surely recall the unambiguous Experian Rule 30(b)(6) testimony that he witnessed live in Chicago. The Experian witness testified that American Express has consistently reported to Experian that Plaintiff was merely listed as an authorized user on the account – and nothing more:

---

[2] Plaintiff's counsel made no fewer than 3 efforts via email to reach agreement on this issue and also left a voicemail for Mr. Skilling on July 9th which similarly was not responded to.

```
14     Q   Well, if we flip in the glossary – and
15  we're going to be over on page 5 of the glossary,
16  which is also Bates-stamped as Experian '4719 --
17  what does Code C correspond to?
18     A   Code C?  Authorized user.  This
19  individual is an authorized user of this account.
20  Another individual has contractual responsibility.
21     Q   Okay.  So American Express reported to
22  Experian that this account was an authorized user
23  account for which another individual had
24  contractual responsibility, correct?

1      A   Correct.
```

The Plaintiff is concerned that the discontinuity in representation will pose serious problems going forward, both as to the factual history of the Plaintiff's exhaustive (and still ongoing) efforts to obtain the Defendant's compliance with this Court's orders, as well as the representations that the Defendant makes to the Court now and in the future regarding the substantive facts established in this litigation that Mr. Skilling has been privy to, but that the new LeClair Ryan team is not aware of.

For these reasons, Plaintiff regrets that she must oppose the Skilling firm's motion to withdraw.

    Respectfully submitted,
    **PAMELA G. CAPPETTA**,

    _____/s/_____
    Matthew J. Erausquin, VSB#65434
    Leonard A. Bennett, VSB#37523
    Counsel for the Plaintiff
    CONSUMER LITIGATION ASSOCIATES, P.C.
    3615-H Chain Bridge Road
    Fairfax, VA  22030
    Tel:    703-273-7770
    Fax:    888-892-3512
    matt@clalegal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of July, 2009 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Rebecca H. Royals
Butler Williams & Skilling P.C.
100 Shockoe Slip, 4th Floor
Richmond, VA 23219
rroyals@butlerwilliams.com

James Curie Skilling
Butler Williams & Skilling P.C.
100 Shockoe Slip, 4th Floor
Richmond, VA 23219
jskilling@butlerwilliams.com

Zev Hillel Antell
Butler Williams & Skilling P.C.
100 Shockoe Slip, 4th Floor
Richmond, VA 23219
zantell@butlerwilliams.com

John MacDonald Robb, III
LeClair Ryan P.C.
951 E Byrd St.
Richmond, VA 23218-2499
jack.robb@leclairryan.com

David Matthew Schultz
Hinshaw & Culbertson LLP
222 N LaSalle St., Suite 300
Chicago, IL 60601
dschultz@hinshawlaw.com

Charles Michael Sims
LeClair Ryan P.C.
P.O. Box 2499
Richmond, VA 23218-2499
charles.sims@leclairryan.com

Todd Stelter
Hinshaw & Culbertson LLP
222 N LaSalle St., Suite 300

Chicago, IL 60601
tstelter@hinshawlaw.com

                                                  /s/
Matthew J. Erausquin, VSB#65434
Leonard A. Bennett, VSB#37523
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
3615-H Chain Bridge Road
Fairfax, VA  22030
Tel:     703-273-7770
Fax:    888-892-3512
matt@clalegal.com