IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA G. CAPPETTA )<br>*on behalf of herself and those similarly situated* )<br>      Plaintiff, )<br>      )<br>v. )<br>      )<br>GC SERVICES, LP )<br>      )<br>      Defendant. )<br>_____) | Civil Action<br>No. 3:08cv288 |

## PLAINTIFF'S STATUS REPORT AND NOTICE OF RELATED CASES

COMES NOW the Plaintiff, by counsel, and for her Status Report and Notice of Related cases, she states:

1. Plaintiff's Motion for Class Certification is scheduled for argument on September 29, 2009. In anticipation of this hearing, the parties agreed to attempt a second mediation – the first having occurred before Magistrate Judge Dohnal. The mediation occurred on September 11, 2009, at JAMS Washington, D.C. and was attended by the parties and counsel for ACE Insurance, the Defendant's carrier.

2. The parties each signed the JAMS mediation confidentiality agreement and thus Plaintiff's counsel cannot go further in providing more of an explanation of the details of the mediation. However, to the extent that GC Services, L.P. (GCS) and its insurance carrier would consent to waive that restriction, Plaintiff is willing to provide the full details to the Court.

3. Independent of the mediation, Plaintiff's counsel believes that there remain fundamental differences of opinion as to the viability of certification and of the correctness of this Court's Order denying GCS's Rule 12(c)(1) Motion.

4. Independent of the mediation, Plaintiff's counsel was concerned that GCS's carrier ACE held a much different view of the meaning of its insurance policy language than does the

Plaintiff and possibly also the Defendant. As a result, Plaintiff's counsel has recently suggested a joint motion whereby the scope of coverage issues would be brought before the Court for determination. GCS has not agreed.

5. The parties have agreed to immediately return to mediation after the Court rules on the pending Motion for Class Certification.

6. As the Second Amended Complaint contained a narrowed class definition – having been filed before production of GCS' actual account records – Plaintiff's counsel has now also filed two new Complaints which cover (1) authorized users who were the subject of full traditional Experian reports and (2) family members who were the subject of a full Address Update report, and her counsel has notified the Clerk of Court that they are related to this case. These cases are *James Thomas v. GC Services, LP*, Civil No. 3:09cv597, and *Lynn Lestyk, et als. v. GC Services, LP*, Case No. 3:09cv598, respectively.

7. Plaintiff's counsel believes that the filing of these related Complaints is necessary and should be helpful to GCS in establishing appropriate insurance coverage necessary to hereafter properly and completely resolve all outstanding matters in their entirety.

8. GCS's challenge to Cappetta's Motion for Class Certification has been largely limited to the possibility that a class member who was a supplemental card member could have used the American Express account of the obligor. The *Lestyk* action class definition encompasses individuals who were neither obligors nor authorized users, mainly parents, siblings, children or neighbors of the obligor, and who were the subject of an Experian Full Address Update report which included the Demographics and Direct Check add-on products, as follows:

    a) All natural persons with addresses within the United States who were not listed as basic cardmembers, supplemental cardmembers, or authorized users on any account assigned by American Express to the Defendant for collection; and

    b) regarding whom the Defendant obtained an Experian full Address

        Update Report, including the Demographics and Direct Check add-on products within the two-year period preceding the filing date of the Complaint.

The *Thomas* action class definition encompasses individuals listed only as non-obligor authorized users who were the subject of a full traditional Experian credit report by Defendant GCS:

    a)    All natural persons with addresses within the United States who were listed only as non-obligor "supplemental cardholders" on any account assigned by American Express to the Defendant for collection; and

    b)    regarding whom the Defendant obtained a full Experian credit report noted as "code 20" in the Experian invoices within the two-year period preceding the filing date of the Complaint.

9.    While the class definitions in these two related cases are distinct from the class definition found in Cappetta's Second Amended Complaint, the facts and legal questions are almost entirely the same as the definition described in Cappetta. Plaintiff's counsel has thus sought (and not obtained) GCS's agreement to permit the immediate presentation of the issues in these cases to the Court to ensure a uniform ruling. Thus, Plaintiff's counsel intends to file a Motion for Class certification in both *Thomas* and *Lestyk* as soon as Defendant files its Answer in the respective cases, and thereafter, motions for summary judgment as appropriate.

        Respectfully submitted,
        **PAMELA G. CAPPETTA**,

        _____/s/_____
        Leonard A. Bennett, Esq.
        VSB #37523
        CONSUMER LITIGATION ASSOCIATES, P.C.
        12515 Warwick Boulevard, Suite 100
        Newport News, Virginia 23606
        (757) 930-3660 - Telephone
        (757) 930-3662 – Facsimile
        lenbennett@cox.net

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of September, 2009 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Brian Brooks
O'Melveny & Myers LLP (DC-NA)
1625 Eye Street NW
Washington, DC 20006
bbrooks@omm.com

John MacDonald Robb, III
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
jack.robb@leclairryan.com

David Matthew Schultz
Hinshaw & Culbertson LLP
222 N LaSalle St
Suite 300
Chicago, IL 60601
dschultz@hinshawlaw.com

Charles Michael Sims
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
charles.sims@leclairryan.com

Todd Stelter
Hinshaw & Culbertson LLP
222 N LaSalle St., Suite 300
Chicago, IL 60601
tstelter@hinshawlaw.com

                                                /s/
                                      Leonard A. Bennett, Esq.
                                      VSB #37523
                                      CONSUMER LITIGATION ASSOCIATES, P.C.
                                      12515 Warwick Boulevard, Suite 100
                                      Newport News, Virginia 23606
                                      (757) 930-3660 - Telephone
                                      (757) 930-3662 – Facsimile
                                      lenbennett@cox.net