IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA G. CAPPETTA<br>*on behalf of herself and those similarly situated*<br>　　　Plaintiff,<br><br>v.<br><br>GC SERVICES, LP<br><br>　　　Defendant. | Civil Action<br>No. 3:08cv288 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO CONSOLIDATE

COMES NOW the Plaintiff, by counsel, and for her memorandum in support of her motion to consolidate this case with *Thomas v. GC Services, LP, Civil No. 3:09cv597* and *Lestyk, et als. v. GC Services, LP, Civil No. 3:09cv598*, she states as follows:

The Court now has before it three separate actions brought on behalf of individuals who were not American Express account holders, but who were nonetheless the subject of Experian consumer reports requested, accessed and used by the Defendant.

Plaintiffs Pamela Cappetta and Lynn Lestyk were the subjects of Experian Full Address Update Reports, which additionally contained the Demographics and Direct Check add-on products.  Plaintiff James Thomas was the subject of a full traditional Experian credit report, such as a potential credit grantor or bank would use.  None of these Plaintiffs was the American Express account holder.  These cases have substantial factual and legal overlap and thus should be consolidated into a single action in the interests of judicial economy, the management of this Court's docket, and for a global determination of the issues involved.

### ARGUMENT

Consolidation of separate actions as a matter of convenience and economy in judicial administration is contemplated by Fed. R. Civ. P. 42(a), which provides that "[i]f actions before the

court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Court has "broad discretion" in this regard with regard to cases pending in the same District and should make this determination while weighing the efficiencies created by consolidation against any inconvenience, delay, or expense that might result. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Co.*, 559 F.2d 928, 933 (4th Cir. 1977); *Stein, Hall & Co. v. Scindia Steam Navigation Co.*, 264 F.Supp. 499, 501 (S.D.N.Y. 1967); *see generally,* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 2383 at 439.

Specifically, when considering a motion to consolidate, the Court should weigh the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial versus multiple-trial alternatives against the specific risks of prejudice and possible confusion which might result from consolidation. *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

In this case, all of the equities weigh in favor of consolidation. Plaintiffs Pamela Cappetta, Lynn Lestyk, and James Thomas have each brought the same two Fair Credit Reporting Act claims against the Defendant – specifically (1) that GC Services accessed consumer reports from Experian which regarded them without a permissible purpose to do so; and (2) that GC Services failed to certify a valid permissible purpose to Experian for obtaining their reports. Further, Plaintiffs Pamela Cappetta, Basil Lestyk, and James Thomas have each also brought claims pursuant to the Fair Debt Collection Practices Act for the Defendant's violations of the Fair Debt Collection Practices Act.

In its Answer to the *Lestyk* and *Thomas* Complaints, the Defendant has raised the same "bona fide error" defense to each of the respective FDCPA claims in those cases, and, undaunted by this Court's memorandum opinion and decision on its Rule 12(c) motion in *Cappetta*, GCS continues to argue that it did not violate the FCRA when it obtained consumer reports regarding the sister and

2

husband of the American Express account holders, merely because it was attempting to collect a debt from someone they knew. [1]

If these cases proceed on separate tracks, given the substantial factual and legal overlap, each Plaintiff would be a potential pattern and practice witness at the trial of the other cases, as would the other Virginians identified in discovery in *Cappetta*. Indeed, each of these separate trials would go forward with many of the same witnesses on both sides, with the Defendant flying most of its witnesses into Richmond from Missouri, Texas, and Arizona. The significant time and costs on both sides involved in pre-trial disclosures, trial preparation, and motions practice that will occur shortly in *Cappetta* would be replicated unnecessarily in the other cases, at the expense of this Court's docket and judicial resources.

Further, consolidation of these cases would allow the parties to evaluate their settlement positions following the Court's determination on class certification on the currently pending motion as to one (or all) of the subclasses represented each of the three Plaintiffs:

- Plaintiff Cappetta (at most, an authorized user and the subject of a full Experian Address Update Report);

- Plaintiff Lestyk (a family member with no tie at all to the American Express account and the subject of an Experian Address Update Report); and

- Plaintiff Thomas (at most, an authorized user and the subject of a traditional Experian "Credit Profile" report).

## **CONCLUSION**

For these reasons, and in furtherance of the interests of judicial economy and the efficiencies created thereby, Plaintiff respectfully moves that this Court consolidate the three pending actions.

---

[1] Def.'s Answer, *Thomas v. GC Services*, Civil No. 3:09cv597, at 7; Def.'s Answer, *Lestyk v. GC Services,* Civil No. 3:09cv598, at 8

3

Respectfully submitted,
**PAMELA G. CAPPETTA**,


              /s/
Matthew J. Erausquin, VSB#65434
Leonard A. Bennett, VSB#37523
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    703-273-7770
Fax:    888-892-3512
matt@clalegal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of October, 2009 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Brian Brooks
O'Melveny & Myers LLP (DC-NA)
1625 Eye Street NW
Washington, DC 20006
bbrooks@omm.com

John MacDonald Robb, III
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
jack.robb@leclairryan.com

David Matthew Schultz
Hinshaw & Culbertson LLP
222 N LaSalle St
Suite 300
Chicago, IL 60601
dschultz@hinshawlaw.com

Charles Michael Sims
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
charles.sims@leclairryan.com

Todd Stelter
Hinshaw & Culbertson LLP
222 N LaSalle St., Suite 300
Chicago, IL 60601
tstelter@hinshawlaw.com

                                                                /s/
                                      Matthew J. Erausquin, VSB#65434
                                      Leonard A. Bennett, VSB#37523
                                      Counsel for the Plaintiff
                                      CONSUMER LITIGATION ASSOCIATES, P.C.
                                      1800 Diagonal Road, Suite 600
                                      Alexandria, VA  22314
                                      Tel:   703-273-7770
                                      Fax:   888-892-3512
                                      matt@clalegal.com