IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA G. CAPPETTA )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>GC SERVICES, LP )<br>)<br>      Defendant. )<br>_____) | Civil Action<br>No. 3:08cv288 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY OF ABSENT CLASS MEMBERS**

COMES NOW the Plaintiff, by counsel, and as for her Memorandum in Opposition to Defendant's Motion for Discovery of Absent Class Members, she states as follows:

## **OVERVIEW**

Defendant asks the Court to reopen discovery and to permit it to serve party Interrogatories and Requests for Production of Documents on every member of the class. These discovery requests would attempt an examination of each class member's circumstance and facts that are entirely irrelevant for trial. Ignoring at least half a dozen previous rulings in this case, GCS now wants to begin afresh and pursue discovery from absent class members. The theory on which it bases this request is inconsistent with the Court's rejection of Defendant's dispositive motions and opposition to class certification. For a number of reasons, the Court should refuse GCS' extraordinary request.

## **ARGUMENT**

**I. DISCOVERY OF ABSENT CLASS MEMBERS IS GREATLY RESTRICTED.**

Contrary to the Defendant's assertions – and inaccurate case summaries and citations – Courts have only rarely permitted a Defendant to serve formal discovery on absent class members. Instead, a party may only conduct discovery on absent class members under the most narrow and limited set of

circumstances. The most comprehensive survey of the case law in all such regards is provided by the Manual for Complex Litigation, which comprehensively summarizes the law as follows[1]:

> Post-certification discovery directed at individual class members (other than named plaintiffs) should be conditioned on a showing that it serves a legitimate purpose. One of the principal advantages of class actions over massive joinder or consolidation would be lost if all class members were routinely subjected to discovery. Most courts limit discovery against unnamed class members, but do not forbid it altogether. In setting appropriate limits, a judge should inquire whether the information sought from absent class members is available from other sources and whether the proposed discovery will require class members to obtain personal legal counsel or technical advice from an expert. Some courts have held that class members are not parties for the purpose of discovery by interrogatories, but may be required to respond to a questionnaire approved by the court. Others have permitted limited numbers of interrogatories upon a showing of need, limited the number of class members to whom interrogatories may be directed, limited the scope of the discovery to a brief, nonmandatory questionnaire relating to common issues, or have imposed on defendants the added cost of mailing otherwise permissible interrogatories to absent members of a plaintiff class. Deposing absent class members requires greater justification than written discovery.

ANN. MANUAL COMPLEX LIT. § 21.41 *Discovery from Class Members* (4th ed.) (footnote citations omitted). Defendant's case cites (and quotations) otherwise are grossly incomplete.

For example, GCS grossly miscites *Transamerican Refining Corp. v. Dravo Corp.*, as holding that "The majority of courts considering the scope of discovery against absent class members have granted discovery via interrogatories or document requests." (Def. Mem., p.2). GCS abruptly ends its quote there, inserting a "period" where none exists in the decision. In fact, the actual case text continues past the stopping point GCS would hope for, and instead states:

> However, <u>the majority of courts considering the scope of discovery against absent class members have granted discovery via interrogatories or document requests</u> (1) where the information requested is relevant to the decision of common questions, (2) when the discovery requests are tendered in good faith and are not unduly burdensome and (3) when the information is not available from the class representative parties. *Dellums v. Powell,* 566 F.2d 167 (D.C.Cir.1977); *United States v. Trucking Employers, Inc.,* 72 F.R.D. 101 (D.D.C.1976); Additionally, in *Brennan v. Midwestern United Life*

---

[1] *See also* 5 Newberg on Class Actions § 16:2 *Discovery of absent class members* (4th ed.), 7B FED. PRAC. & PROC. CIV. § 1796.1 <u>Discovery in Class Proceedings</u> (3d ed.), 13 A.L.R. FED. 255 *Absent class members in class action under Rule 23 of Federal Rules of Civil Procedure as subject to discovery* as well as relevant cases cited therein.

> *Insurance Company,* 450 F.2d 999 (7th Cir.1971), the pre-Dellums rule, at least in the Seventh Circuit, held fast to the principle that absent class members should not be required to submit to discovery as a matter of course, but if discovery from absent class members is necessary and helpful to the proper presentation and correct adjudication of the principle suit, and adequate precautionary measures are taken to insure that the absent class members are not misled or confused, and most important, the Court determines that justice to all parties require that absent class members furnish certain information, then the discovery via interrogatories or document requests should be allowed.

*Transamerican Refining Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621 (S.D.Tex. 1991) (permitting only limited discovery of 50 of 6,000 class members).

In fact, it is rare that absent class members are subjected to the burden of discovery. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 105 S.Ct. 2965 (1985) ("Beside this continuing solicitude for their rights, absent plaintiff class members are not subject to other burdens imposed upon defendants. … FN2 Petitioner places emphasis on the fact that absent class members might be subject to discovery, counterclaims, cross-claims, or court costs. Petitioner cites no cases involving any such imposition upon plaintiffs, however. We are convinced that such burdens are rarely imposed upon plaintiff class members[.]"); *See also* 13 A.L.R. FED. 255 *Absent class members in class action under Rule 23 of Federal Rules of Civil Procedure as subject to discovery*, § 2[a]. ("However, it is plain that such class members may not be subjected to discovery as a routine matter (*Brennan v Midwestern United Life Ins. Co.* (1971, CA7 Ind) 450 F2d 999, 13 ALR Fed 243, cert den 405 US 921, 30 L Ed 2d 792, 92 S Ct 957), since the general policy of Rule 23 is to give them a "free ride," and counsel must be able to convince the court that the information is sought from such members because it will be "necessary or helpful" to the proper presentation and correct adjudication of the principal suit, rather than as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants").

Most of the cases cited by the Defendant actually considered the permissibility of pre-certification discovery or an alternate form of discovery such as non-binding and voluntary questionnaires. *See e.g. Schwartz v. Celestial Seasonings*, Inc., 185 F.R.D. 313, 319-320 (D.Colo.

1999) ("Because an "opt in" procedure for 23(b)(3) class actions is clearly illegal and runs contrary to the purpose of such a class action, the questionnaire must not result in the exclusion of any party member that does not return the questionnaire.") *See also B & B Inv. Club v. Kleinert's, Inc.,* 62 F.R.D. 140, 147 n. 5 & 148 (E.D.Pa.1974) (disallowing questionnaire with sanctions for non-compliance, noting if there were no sanction for non-compliance, it would be a "substantially different question.") The circumstances under which some discovery was permitted, as well as the nature of that "discovery" are far different in the cases GCS suggest in support of its own requests.

## II. GCS CANNOT MEET ITS BURDEN TO SHOW THAT ISSUANCE OF ITS DISCOVERY REQUESTS IS NECESSARY OR EVEN PERMISSIBLE.

Regardless of whether or not a different court in another context has permitted intrusive discovery of class members, GCS' proposed Interrogatories and Document Requests are not proper in this case. GCS continues to ignore each of the previous decisions of this Court (and Judge Lauck before it) rejecting the basis for its discovery request. Defendant suggests two bases for its discovery requests: (1.) "One of GCS' defense to each plaintiff's FCRA claims is that it had a permissible purpose to access the consumer report of any person obligated to pay for charges due and owing on the account", and (2.) "to the extent GCS' records are unclear as to whether a person is a supplemental cardholders [sic], GCS needs to ask potential class members whether they are a supplemental cardholder[.]" Def. Mem., p.1-2. Neither of these rationales have merit.

Initially, Plaintiff notes that Defendant's requests fall well outside its May 2009 discovery cutoff.[2] There is no basis for GCS' dilatory awakening on its need for merits discovery. None of the information it now seeks was unavailable pre-certification.

---

[2] Additional discovery necessary post-certification to compile a class list is conducted pursuant to Rule 23, not Rules 33 and 34. 5 Newberg on Class Actions § 16:2 *Discovery of absent class members* (4th ed.)("With respect to the unique requirement to take reasonable efforts to identify names and addresses of class members in order to send individual notice of Rule 23(b)(3) class certification rulings, the Supreme Court held in *Oppenheimer Fund, Inc. v. Sanders* that Rule 23(d), which concerns the conduct of class actions, not the discovery rules, empowers the district court to direct the defendants to help compile a list of names and addresses of class members[.]")

4

The burden is on GCS to make a "strong showing", *Enterprise Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327 (D.C.N.Y. 1980), that such discovery is "discovery from absent class members is necessary and helpful to the proper presentation and correct adjudication of the principle suit." *Transamerican Refining Corp.,* 139 F.R.D. at 621. The party seeking such discovery "has the burden of showing necessity and absence of any motive to take undue advantage of the class members." [3] *Clark v. Universal Builders, Inc*., 501 F.2d 324, 341 (7th Cir. 1974). GCS makes no attempt to do so beyond the unsupported assertions in its brief. It does not offer even a declaration or affidavit to evidence its necessity.

In the "exceptional circumstances" in which some form of discovery is permitted against absent class members, the "information requested [must be] relevant to the decision of common questions[.]" *Id*. "[D]iscovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate." *Redmond v. Moody's Investor Service*, 1995 WL 276150, *1 (S.D.N.Y. 1995). Defendant's stated purpose – discovery of details regarding the use American Express card by the supplemental cardholder – seeks to litigate just such individual issues. GCS' discovery is not intended to answer common questions.

Beyond the procedural problems with Defendant's requests, they are also inappropriate because they are irrelevant. "Before ordering such discovery, a trial court must be assured that the requested information is actually needed in preparation for trial[.]" *Brennan v. Midwestern United Life Insurance Co*., 450 F.2d 999, 1006 (7th Cir. 1971). GCS is seeking to discover evidence from individual absent class members to support its defense that because the authorized user made a purchase on the account, a creditor (such as American Express) might be able to assert an equitable claim based on the doctrine of necessaries. These issues are not class issues. But they are also not relevant even to individual claims. This Court (and Judge Lauck before it) has rejected GCS' argument – the defense it attempts

---

[3] The most common example is the use of absent class member discovery as a means to reduce class size.

to use to justify the class member discovery – on multiple occasions and at multiple postures – (1) by Rule 12(b)(6) Motion, (2) Opposition to Plaintiff's Motion to Amend Complaint, (3) Motion for Judgment as a Matter of Law, (4) Motion for Class Certification and (5) Plaintiff's Motion for Summary Judgment. Plaintiff does not now repeat her arguments in such respect, but the law of the case is certainly established: use of an authorized user card by a class member did not provide a permissible purpose for GCS to obtain that person's consumer report. Defendant's discovery seeks nothing more than to evidence its unwillingness to accept the plain meaning of the statute, the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.*, as written and this Court's rulings as rendered.

However, it appears that GCS now claims that it does not know which of the members of the class (each of which about whom it obtained and used a consumer report) were supplemental cardholders; which members of the class used the supplemental credit card; and what charges were made by each. It has taken the same position while refusing Plaintiff's efforts to construct a class list and notice plan. It appears that GCS hopes to appear at trial and justify its use of class member reports by information learned in this discovery – two to three years after the date it actually purchased the unlawful reports. The Court has already rejected such circular reasoning, explaining:

> [GCS] takes this position in spite of the fact that the question at this juncture-as it acknowledges-is what *Defendant* should have known *before* it obtained Plaintiff's credit report. Because the relevant question is what Defendant reasonably should have known prior to attempting to access the report, it seems circularly-misguided to justify Defendant's access to Plaintiff's credit report based upon what [. . .] Defendant could not have observed prior to accessing it.

*Cappetta v. GC Services Ltd. Partnership*, --- F.Supp.2d ----, 2009 WL 2916906, *7 (E.D.Va. September 4, 2009). At a minimum, GCS' motion should fail as it seeks information that it already has in its records. And at its worst for the Defendant, it constitutes an admission that it never had such information – supplemental use; necessaries as a collections objective; charge and payment amounts – when it used the subject class member reports.

6

### III. INCLUSION OF GCS' DISCOVERY THREATS IN THE CLASS NOTICE WOULD BE UNDULY COERCIVE AND THUS CONSTITUTE AN ABUSE OF DISCRETION.

GCS offers its discovery for an obvious ulterior purpose – to intimidate class members into opting out and reduce the class size to which it is exposed at trial. In furtherance of this effort, Defendant has also sought to add the threat of discovery or forced attendance at trial as a witness to the Rule 23(c) class notice. Adding these threats to the class notice would be improper for several reasons. The first is that the class member could be subject to discovery by subpoena and could be called to testify at trial – if permitted at all by the Court – regardless of whether or not he or she opted out.

The second reason is Rule 23(c) itself. Such a notice, sent with Defendant's language in order to intimidate class members into opting out, defeats the purpose and violates the protective principles that govern the manner in which notice is provided to the class. In fact, in rejecting a class notice with very similar language [4], the Court of Appeals for the Eleventh Circuit stated:

> [The class notice'] threat of "contempt proceedings" against class members for failure to comply with court orders, and its warning that members may be called as witnesses or required to answer interrogatories, is particularly objectionable. In our experience, contempt proceedings are rarely if ever brought against passive class members. Further, sanctions are available in any case when a class member refuses to testify even if he or she opts out of the suit. Class members may also be required to answer interrogatories or to testify regardless of whether they remain in the suit. Thus, paragraph five amounts to no more than a string of empty threats, utterly inappropriate to a court-approved opt-out notice.
>
> Taken together, these portions of the first opt-out notice are unduly coercive. To authorize the sending of such a notice was itself an abuse of discretion.

*Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1555 (11th Cir. 1986).

---

[4] "If you take no action you remain a member of the class, you will continue to claim sex discrimination by the company, and you will be legally bound by any future orders of this Court with respect to this case. You may be called as a witness by either plaintiffs or the Company, and may be required to answer interrogatories ... or appear for your deposition.... Failure to comply with this Court's orders could result in your claim being dismissed, or could subject you to contempt proceedings."

7

## **CONCLUSION**

Accordingly, because Defendant's discovery requests are improper and untimely and because Defendant has failed to meet its heightened burden to prove the necessity, relevance and good faith of its requests, the Motion must be denied.

Respectfully submitted,
PAMELA G. CAPPETTA,


_____/s/_____
Matthew J. Erausquin, VSB#65434
Leonard A. Bennett, VSB#37523
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    703-273-7770
Fax:    888-892-3512
matt@clalegal.com

CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of December, 2009 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Brian Brooks
O'Melveny & Myers LLP (DC-NA)
1625 Eye Street NW
Washington, DC 20006
bbrooks@omm.com

John MacDonald Robb, III
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
jack.robb@leclairryan.com

David Matthew Schultz
Hinshaw & Culbertson LLP
222 N LaSalle St
Suite 300
Chicago, IL 60601
dschultz@hinshawlaw.com

Charles Michael Sims
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
charles.sims@leclairryan.com

Todd Stelter
Hinshaw & Culbertson LLP
222 N LaSalle St., Suite 300
Chicago, IL 60601
tstelter@hinshawlaw.com

                                                /s/
                            Matthew J. Erausquin, VSB#65434
                            Leonard A. Bennett, VSB#37523
                            Counsel for the Plaintiff
                            CONSUMER LITIGATION ASSOCIATES, P.C.
                            1800 Diagonal Road, Suite 600
                            Alexandria, VA 22314
                            Tel:    703-273-7770
                            Fax:   888-892-3512
                            matt@clalegal.com