IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA G. CAPPETTA )<br>*on behalf of herself and those similarly situated* )<br>      Plaintiff, )<br>       )<br>v. )<br>       )<br>GC SERVICES, LP )<br>       )<br>      Defendant. )<br>_____ ) | Civil Action<br>No. 3:08cv288 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR RETURN OF
INFORMATION PRODUCED IN DISCOVERY**

COMES NOW the Plaintiff, by counsel, and as for her Memorandum in Opposition to Defendant's Motion for Return of Information Produced in Discovery, she states as follows:

**ARGUMENT**

The Defendant's request that this Court modify the standing protective order and require the Plaintiff to return an undefined set of documents produced in discovery is unnecessary and would cause significant additional difficulty and expense to the Plaintiff, her counsel and the class they represent. There is no basis for GCS' motion or to modify the protective order to which both parties originally agreed. Doing so would fairly re-open a number of issues negotiated to entry of the order, including whether much of the discovery produced was ever properly protected in the first place.[1]

Plaintiff and her counsel remain bound by the Protective Order in the case. However, implicit in GCS' memorandum is its continued complaint that Plaintiff's counsel contacted a modest number of Virginia primary cardholders in order to make contact and discover information from other putative class members (persons who they now represent). The Court has spoken in such regard and, while

---
[1] In making this motion, GCS is arguing that the discovery it seeks to re-secret meets the highest of discovery thresholds. It offers no factual support or evidence for its claims of trade secrets or other basis that it might have otherwise asserted to justify this heightened level of confidentiality.

denying a motion for sanctions – offered its own criticism of Plaintiff's counsel's letter and unilateral contacts. Plaintiff's counsel has practiced successfully in this Court for years and has the utmost concern and attention for this Court's guidance and orders. If Plaintiff's counsel hereafter concludes that any disputable use of the discovery obtained is necessarily in the interests of the class and required for prosecution of this action, they intend to peremptorily raise such issue with the Court.

GCS' motion and request is also improper, as it does not identify which documents or "information" it seeks to segregate, nor how the Plaintiff is to do so. GCS asks this Court to (1) order Plaintiff to return all of the information *related* to the 566,000 Accounts assigned to GCS *that does not contain information related* to the members of the certified class; and (2) order Plaintiff's counsel to destroy any work product that contains information obtained from their review or analysis of this information. *Def. Mot. for Return of Docs.*, p.5. Apparently, it is asking for Plaintiff's counsel to return the electronic account records for all accounts that do not have a supplemental cardholder with an Experian Full Address Update report obtained. The problem is that the account records are not separated in any such fashion. GCS produced them in a jumble of records, they are not organized in any fashion, and certainly not by the state in which the authorized user resides (which is sometimes different than the state in which the obligor resides).

Effectively, the Defendant is also asking this Court to limit the information that Plaintiff may use at trial or for impeachment, but without providing a single basis to support modification of the standing protective order (requiring return of information within 60 days after conclusion of the case) other than "to avoid the appearance of impropriety or misuse". (11/13/09 letter from Sims to Bennett).

The Defendant fails to articulate precisely which documents it is asking for, or which of Plaintiff's counsel's work product should be ordered destroyed, let alone provide any justification for the same. And while the Plaintiff is not willing to accept the Defendant's invitation to reveal her trial strategy at this juncture, the reality is that the account records contain evidence that Plaintiff will use at trial for at least three basic reasons: (1) she intends to demonstrate that the Defendant engaged in a

pattern and practice of obtaining Experian reports regarding non-account holders; (2) she intends to demonstrate that the Defendant's efforts to collect the full balance of American Express accounts from non-account holders was not the result of a "bona fide error" as it contends; and (3) she intends to use this evidence to counter the Defendant's final defense position, that it didn't understand that it was obtaining Experian reports. For example, the file of account notes that GCS apparently seeks to re-secret will be of important use at the latest stage of the case. It evidences the wholesale use of the FAU reports without discretion to the status of the target of the report. GCS's continued insistence that it believed it was permitted to obtain Experian reports regarding supplementals rings hollow when the same sheet of collection notes demonstrates that 3 or 4 completely unrelated family members also had their privacy rights violated within minutes of the same Experian report pulls. The account notes and descriptions of management commands refute any argument that the GCS' use of the reports was other than willful (and in some cases, malicious).

Putting aside evidentiary and trial issues, the Defendant further neglects to address the fact that the class list is in the process of being constructed and must then be verified against the Experian records. Though the Defendant has explicitly stated that its research reveals that there are about 500 people in the class, it has refused to assist the Court or Plaintiff's counsel with the completion of that administrative task or engage the Plaintiff in her multiple requests that it suggest a plan for compiling a notice plan and definitive class list. Despite multiple requests, GCS' counsel has refused to participate in construction of the class list or even to respond to Plaintiff's Counsel's plan to do so, most recently responding to such inquiry claiming ignorance of what was asked and stating: "You have the same data GCS has." (Email D. Schultz to L. Bennett, December 18, 2009). Plaintiff's counsel is in the process of manipulating the GCS data in a manner to permit their extraction of names and addresses of supplementals who reside in Virginia. These persons, together with the primary cardholders on those accounts (to remove their accounts form the list of Full Address Update Report provided by Experian) will be compared against the list of persons about whom GCS obtained the subject Experian report.

3

But there is no simple way to return the data file until that task is completed. The GCS and Experian records are required to complete this effort.

To be certain, there were certain records produced in discovery that Plaintiff has already decided that she will not require for the *Cappetta* trial. These include the Defendant's five boxes of telephone system setup and installation manuals, Lexis-Nexis invoices, Accurint invoices, and a substantial number of documents found on the Paurich laptop. However, no true efficiency would be gained by the physical return of these documents at these juncture, but Plaintiff would be forced to sort through, repackage and ship these boxes back to the Defendant at her own expense. GCS will have added improperly to Plaintiff's burden both in having to sort through Defendant's cache of mostly random and irrelevant documents and also in having to stop preparation of the present matter and other legal work in order to sort through the randomly produced documents GCS now insists that it wants returned. Plaintiff's counsel is bound to retain these and other designated documents confidentially under the standing protective order until the case is completed, and then return or destroy same as the order now requires. GCS' motion should be denied.

## CONCLUSION

The Defendant has not demonstrated any compelling justification to support its request that this Court modify the standing protective order, or that Plaintiff's counsel should be ordered to destroy their work product and trial preparation materials. Accordingly, the Defendant's motion should be denied.

                                                Respectfully submitted,
                                                **PAMELA G. CAPPETTA**,

                                                _____/s/_____
                                                Matthew J. Erausquin, VSB#65434
                                                Leonard A. Bennett, VSB#37523
                                                Counsel for the Plaintiff
                                                CONSUMER LITIGATION ASSOCIATES, P.C.

        1800 Diagonal Road, Suite 600
        Alexandria, VA 22314
        Tel:    703-273-7770
        Fax:   888-892-3512
        matt@clalegal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of December, 2009 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Brian Brooks
O'Melveny & Myers LLP (DC-NA)
1625 Eye Street NW
Washington, DC 20006
bbrooks@omm.com

John MacDonald Robb, III
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
jack.robb@leclairryan.com

David Matthew Schultz
Hinshaw & Culbertson LLP
222 N LaSalle St
Suite 300
Chicago, IL 60601
dschultz@hinshawlaw.com

Charles Michael Sims
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
charles.sims@leclairryan.com

Todd Stelter
Hinshaw & Culbertson LLP
222 N LaSalle St., Suite 300
Chicago, IL 60601
tstelter@hinshawlaw.com

                                                /s/
                                 Matthew J. Erausquin, VSB#65434
                                 Leonard A. Bennett, VSB#37523
                                 Counsel for the Plaintiff
                                 CONSUMER LITIGATION ASSOCIATES, P.C.
                                 1800 Diagonal Road, Suite 600
                                 Alexandria, VA 22314
                                 Tel:    703-273-7770
                                 Fax:   888-892-3512
                                 matt@clalegal.com