IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA G. CAPPETTA          )
                            )
          Plaintiff,        )
                            )        Civil Action No. 3:08cv288
     v.                     )
                            )
GC SERVICES, LP             )
                            )
          Defendant.        )
_____)

## REPLY IN SUPPORT OF MOTION FOR
## RETURN OF INFORMATION PRODUCED IN DISCOVERY

Plaintiff continues to assert that she needs information from the 566,000 American Express ("Amex") accounts produced by GC Services, LP ("GCS") to use at trial.[1] Plaintiff, however, has failed to designate or disclose to GCS in supplemental responses to interrogatories or Rule 26(a) disclosures any information contained in the account data that she intends to use at trial. At most, Plaintiff has only disclosed the identity of 60 new witnesses she may call to testify at trial. Obviously, the information related to these 60 witnesses that is contained in GCS' production is a mere fraction of the total volume of information regarding all 566,000 accounts. Thus, Plaintiff's alleged need for the account information on the grounds she needs it for trial is not a valid reason for Plaintiff to keep information regarding all 566,000 accounts.

Nor is Plaintiffs' argument that the Order does not require return of the data until the end of trial valid, because when the order was entered, GCS never envisioned that it would be

_____

[1] Plaintiff argues she needs the account data to "(1) …demonstrate that the Defendant engaged in a pattern and practice of obtaining Experian reports regarding non-account holders; (2) … demonstrate that the Defendant's efforts to collect the full balance of American Express accounts from non-account holders was not the result of a 'bona fide error'…; and (3) …counter the

required to produce over 566,000 account records where over 99.99% of the information would have no relevance to this case. Plaintiff's counsel has admitted, and does so again in the Opposition Brief, that he represents persons listed in GCS' account data. (Memo. in Opp'n at 1)(D.N. 238). Indeed, many of these persons, and others that Plaintiff did not identify in its discovery responses in this case, have recently filed no less than five state court actions against GCS, each including numerous individual plaintiffs.[2]  Plaintiff's counsel's mass mailing, these additional filings and Plaintiff's continued threats of national litigation, all which illuminate at the very least grave concern by GCS of potential for misuse of the information GCS produced, must be taken together with the fact that the Court certified a limited class. Plaintiff does not dispute that the proposed class she purports to represent is at best, according to her counsel's calculations, approximately 500 to 1,000 members. Thus, she has extra information regarding 565,000 Accounts – making 99.9991% of the information GCS produced irrelevant to this case after proposed class members are identified. Plaintiff has no valid use for this information, and to avoid the potential for misuse and/or inadvertent violations of the protective order, the Court should order the return of the information to GCS and modify the Protective Order.

GCS appreciates, however, that a very small portion of the information it produced may aid the parties in their efforts to determine members of the class certified in this case, and the members of the putative class, if any is certified, in *Thomas v. GCS*, Case No. 3:09-cv-597, and *Lestyk v. GCS*, Case No. 3:09-cv-598. Contrary to Plaintiff's complaints, GCS has consistently

---

Defendant's final defense position, that it didn't understand that it was obtaining Experian reports." (Memo. in Opp'n at 2-3)(D.N. 238).

[2] *See Finney, et al. v. GC Services, LP*, Case No. V0932103, General District Court for Henrico County, Virginia; *Saunders, et al. v. GC Services, LP*, Case No. GV09-1263, General District Court for Prince George County, Virginia; *Cindy Longo, et al. v. GC Services, LP*, Case No. [to be assigned], General District Court for Chesterfield County, Virginia; *John Longo v. GC Services, LP*, Case No. [to be assigned], General District Court for Chesterfield County,

maintained throughout this litigation that although the information in its STAR system contains some evidence of whether a person is a supplemental cardholder or made charges to the Amex account, the STAR data is not determinative of these issues for all persons. Nevertheless, GCS agrees that use of the account information in conjunction with other discovery from third parties may give the parties the most accurate list possible of class members.

Thus, GCS is willing to wait until Plaintiff has compiled an accurate class list before Plaintiff must return the Amex account information that has no bearing on this case. Accordingly, GCS requests that the Court make the following additions to the Protective Order (D.N. 44) to resolve this issue and to formalize Plaintiff's counsel's purported "use of the discovery obtained [for a purpose] necessarily in the interests of the class and required for prosecution of this action" (Memo. in Opp'n at 2):

> Additional language for paragraph 4:
>
> If the named Plaintiff or Plaintiffs' counsel seeks to use CONFIDENTIAL MATERIALS to contact any putative class member or other third party for an intended purpose, they shall first provide written notice of such intention to Defendant's counsel. Within 2 business days of receipt of such notice, Defendant's counsel shall respond, either agreeing to such communication, agreeing to an alternate form or substance of such communication or objecting fully to such communication and shall provide in detail the basis for any such objection. If the parties do not then agree, Plaintiff may file a Notice to the Court seeking leave for such communication, to which Defendant shall respond within 2 business days of service.
>
> Additional language for paragraph 11:
>
> Within 10 days after a list of class members has been filed in this case and in *Thomas v. GCS*, Case No. 3:09-cv-597, and *Lestyk v. GCS*, Case No. 3:09-cv-598, should the Court certify a class in either of those cases, Plaintiff and her counsel shall return to GCS' counsel all of the information produced in discovery related to the 566,000 Accounts assigned to GCS by American Express for collection (the "account records") that does not contain information related to the members of any certified class. Plaintiff and her counsel must then destroy, and provide written verification within the 10-day

Virginia; *Von Slomski v. GC Services, LP*, Case No. [to be assigned], General District Court for Chesterfield County, Virginia.

period, any information created from a review of the account records, including any summaries, extracts, compilations, notes or other attorney work product, other than a list of members of any class certified in this case, *Thomas v. GCS* or *Lestyk v. GCS*.


Dated: December 28, 2009                    Respectfully submitted,

                                            GC SERVICES, LP

                                            By:_____/s/_____
                                            Charles M. Sims, Esq. (VSB No. 35845)
                                            John "Jack" M. Robb, III, Esq. (VSB No. 73365)
                                            LeClairRyan, A Professional Corporation
                                            Riverfront Plaza, East Tower
                                            951 East Byrd Street, 8th Floor
                                            Post Office Box 2499
                                            Richmond, Virginia 23219
                                            (804) 915-4138 Telephone
                                            (804) 916-7238 Facsimile
                                            jack.robb@leclairryan.com
                                            Charles.Sims@leclairryan.com

                                            David M. Schultz, Esq.
                                            Todd Stelter, Esq.
                                            Hinshaw & Culbertson, LLP
                                            222 N. LaSalle Street, Suite 300
                                            Chicago, IL 60601
                                            Telephone: (312) 704-3527
                                            Facsimile: (312) 704-3001
                                            dschultz@hinshawlaw.com
                                            tstelter@hinshawlaw.com

                                            Brian P. Brooks, Esq.
                                            O'Melveny & Myers LLP
                                            1625 Eye Street, NW
                                            Washington, D.C. 20006
                                            (202) 383-5127 Brooks
                                            BBrooks@omm.com
                                            ***Counsel for Defendant GC Services, LP***

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
3615-H Chain Bridge Road
Fairfax, Virginia 22030
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
lenbennett@cox.net
matt@clalegal.com

Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, Virginia 23230
Telephone: (804) 673-4358
Facsimile: (804) 673-4350
KrumbeinLaw@gmail.com

Richard J. Rubin, Esq.
1300 Canyon Road
Santa Fe, New Mexico 87501
Telephone: (505) 983-4418
Facsimile: (505) 983-2050
dickrubin@cs.com
**Counsel for Plaintiff Pamela G. Cappetta**

_____ /s/ _____
John "Jack" M. Robb, III, Esq. (VSB No. 73365)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
951 East Byrd Street, 8th Floor
Post Office Box 2499
Richmond, Virginia 23219
(804) 915-4138 Telephone
(804) 916-7238 Facsimile
jack.robb@leclairryan.com
**Counsel for Defendant GC Services, LP**