IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| PAMELA G. CAPPETTA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08cv288 |
| | ) | |
| GC SERVICES, LP | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LYNN LESTYK | ) | |
| BASIL LESTYK | ) | |
| on behalf of themselves and | ) | |
| those similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv598 |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAMES THOMAS, on behalf of himself | ) | |
| and those similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv597 |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by the Parties and their counsel, and is submitted to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.



## I. RECITALS

WHEREAS, on 5/9/08, Pamela Cappetta commenced litigation against Defendant GC Services, LP ("GCS") in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:08cv288;

WHEREAS, on 9/23/09, Lynn Lestyk commenced litigation against GCS in the Eastern District of Virginia, Richmond Division, Civil Action No. 3:09cv598;

WHEREAS, on 9/23/09, James Thomas commenced litigation against GCS in the Eastern District of Virginia, Richmond Division, Civil Action No. 3:09cv597;

WHEREAS, GCS denies the material allegations made by Cappetta, Lestyk and Thomas in their respective civil actions;

WHEREAS, this Settlement Agreement has been reached after substantial discovery and litigation and is the product of arm's length settlement negotiations in between the parties over several months, the final stages of which were supervised by Magistrate Judge Dohnal; and

WHEREAS, the Parties desire to avoid the expense and inconvenience of continuing the Litigation and to put to rest any and all controversy or disputes between them; and

WHEREAS, the Parties believe that this Settlement Agreement is fair, reasonable and adequate because it provides substantial benefits for the Settlement Classes without the risk inherent in further litigation;

NOW THEREFORE, in consideration of the foregoing premises, which shall be deemed an integral part of this Settlement Agreement, and the mutual covenants and agreements set forth below, which the Parties acknowledge and agree constitute good and valuable consideration, the Parties agree, subject to Court approval as required by Federal Rule of Civil Procedure 23, as follows:

## II. DEFINITIONS

For the purposes of this Settlement Agreement, including the Recitals stated above, the following terms shall have the following meanings:

A. "CAFA Notice" means notice of this proposed settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

B. "Claim" means all claims, claims for relief, counterclaims, demands (including, without limitation, demands for arbitration), action, suits, causes of action, allegations of wrongdoing and liabilities.

C. "Class Counsel" means the attorneys and law firms listed on the signature pages of this Settlement Agreement representing Named Plaintiffs and the Settlement Classes.

D. "Class Settlement Website" means the Internet website to be established by the Notice Administrator, as part of the Notice Plan.

E. "Confidential Information" means any confidential, proprietary or trade secret information of Defendants that has been designated as "Confidential" pursuant to the terms of the protective orders entered in the Litigation or by agreement of the Parties.

F. "Common Fund" means the fund established in settlement of the Litigation.

G. "Court" means the United States District Court for the Eastern District of Virginia, Richmond Division, where the Litigation is pending.

H. "Effective Date" means the date on which all appellate rights with respect to the Final Judgment have expired or have been exhausted in such a manner as to affirm the Final Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

I. "FCRA" or "the Fair Credit Reporting Act" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681a, et seq.

J. "Final Judgment" means a final judgment and order of dismissal entered by the Court in the Litigation granting final approval of the Settlement Agreement (including Class Counsel's request for attorneys' fees, costs and other expenses, and Named Plaintiffs' request for Incentive Awards), and entering a judgment according to the terms set forth in this Settlement Agreement.

K. "GCS" shall mean GC Services, LP and its past, present or future directors, officers, partners, limited partners, agents, representatives, servants, employees, affiliates, parents, subsidiaries, shareholders, attorneys, insurers, predecessors, successors and assigns.

L. "American Express" shall mean and includes American Express Company, American Express Travel Related Services Company, Inc., American Express Centurion Bank, and American Express Bank, FSB.

M. "Incentive Award" means the one-time payment to each of the Named Plaintiffs for the time and resources each has put into representing the Settlement Classes.

N. "Litigation" shall mean the lawsuit Pamela Cappetta commenced against GCS in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:08cv288, the lawsuit Lynn Lestyk commenced against GCS in the Eastern District of Virginia, Richmond Division, Civil Action No. 3:09cv598, and the lawsuit James Thomas commenced against GCS in the Eastern District of Virginia, Richmond Division, Civil Action No. 3:09cv597.

O. "Named Plaintiffs" means Pamela Cappetta, Lynn Lestyk and James Thomas.

P. "Notice Administrator" means the third party vendor selected by the parties and approved by the Court to serve as notice and settlement administrator.

Q. "Notice Plan" and/or "Notice and Claim Form Plan" means the plan for providing notice of this proposed settlement to the Settlement Classes under Federal Rule of Civil Procedure 23(e)(1)(B).

R. "Notice Mailing" means the mailing of the Notice and the Claim Form.

S. "Parties" means the Named Plaintiffs, the members of the Settlement Classes and GCS.

T. "Preliminary Approval" means the Court's order preliminarily approving the Proposed Settlement, appointing class counsel, directing the Notice Plan and appointing the Notice Administrator.

U. "Released Party" or "Released Parties" means GCS, American Express, MicroBilt Corporation, Experian Information Solutions, Inc., and the parents, subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns of each, and for each parent, subsidiary, affiliate, division, associate, agent, successor, assignor, assignee, and/or assigns of each, "Released Party" includes that person or entity's respective present, former or future officers, directors, shareholders, agents, control persons, advisors, employees, representatives, consultants, insurers and reinsurers, accountants, attorneys, and any representative of the above.

V. "Settlement Agreement" or "Proposed Settlement" means this Settlement Agreement and Release, including its exhibits.

W. "Settlement Class" or "Settlement Classes" means the classes defined in section V below.

X. "Settlement Notices" means the form of notices to be provided to the Settlement Classes by first class mail, postage prepaid, after preliminary approval of this

Settlement Agreement by the Court.

## III. MOTION FOR PRELIMINARY APPROVAL

The Parties shall file with the Court a Motion for Preliminary Approval that seeks entry of an order in the exact form of Exhibit C that would (1) preliminarily approve this Settlement Agreement; (2) conditionally, and for purposes of settlement only, certify the Settlement Classes (3) approve the proposed Notice Plan, the Settlement Notices, and the Claim Form substantially as that attached hereto as Exhibit B; and (4) appoint the Notice Administrator.

## IV. DENIAL OF LIABILITY

GCS enters into this Settlement Agreement for the purpose of avoiding the risk and expense of the Litigation. GCS denies all liability as to any allegation made in the Litigation and would contest certification if this agreement is not approved.

## V. CLASS DEFINITION

The "Cappetta and Lestyk Classes" are defined as:

All natural persons residing in the United States or its territories who were not listed as a basic cardmember on any account assigned by American Express to GC Services, LP for collection and regarding whom GC Services, LP obtained an Experian Full Address Update consumer report from May 9, 2006 to March 18, 2009.

The "Thomas Class" is defined as:

All natural persons residing in the United States or its territories who were listed only as an authorized user or supplemental cardholder on any account assigned by American Express to GC Services, LP for collection and regarding whom GC Services, LP obtained a full Experian credit report (noted as "code 20" or "code 21" in the invoices Experian sent to GC Services, LP) through its St. Louis office from September

23, 2007 to January 1, 2009.

## VI.   NOTICE PLAN

A.   <u>Notice to the Settlement Classes</u>

The Parties shall provide Settlement Notices of the Proposed Settlement to members of the Settlement Classes after Preliminary Approval of this Settlement Agreement by the Court. The Settlement Notices will be in substantially the form attached hereto as Exhibit B and will be sent by first class mail, postage prepaid, to members of the Settlement Classes. Experian has previously provided a database of addresses for some members of the settlement classes. The parties and the Notice Administrator shall endeavor to obtain the most recent address in Experian's files for each class member. These addresses will be presumptively accurate. Prior to mailing, the Notice Administrator shall also use its discretion to update the addressees of some members of the Settlement Class using the U.S. Postal Service's National Change of Address ("NCOA") database. The Notice Administrator shall use the address obtained through the NCOA database if different from that in GCS' records unless it deems current the address provided by Experian. Notices returned with forwarding address information shall be re-mailed by the Notice Administrator using the forwarding address information appearing on the returned mail. If notices are returned upon first or subsequent mailings with no forwarding address information, then the Notice Administrator shall first attempt to update the addressees of such members of the Settlement Class using the U.S. Postal Service's National Change of Address ("NCOA") database. If no additional address is therein available, then, at GCS' option, GCS may check for more current addresses using its internal resources, and provide such addresses to the Notice Administrator for a final mailing,

B.   Court Appointment and Retention of Notice Administrator

At the Preliminary Approval hearing, the Parties will propose that the Court appoint an Agreed Notice Administrator. The Notice Administrator will facilitate the proposed settlement by providing guidance in the implementation of the Notice Plan and by assisting in the disbursement of funds.

C.   Class Settlement Website

The Notice Administrator will create and maintain the Class Settlement Website to be activated immediately following Preliminary Approval. The Notice Administrator will secure a reasonable and appropriate URL for the Class Settlement Website. The Class Settlement Website will include copies of the Settlement Notices and the Court's order granting Preliminary Approval, as well as other important documents from the case ECF file. The Class Settlement Website will be updated as appropriate to include information about the Court-approval process, such as the date and location of the final approval hearing, and will include a section providing answers to "Frequently Asked Questions." The Notice Administrator shall also maintain a toll-free number and provide personnel sufficient to staff this number for class member inquiries.

The website operated by the Notice Administrator will also: (1) enable Settlement Class Members to download an opt-out form, (2) enable class members to submit their claim online; and (3) provide a list of critical dates and deadlines in the settlement process.

The Notice Administrator will terminate the Class Settlement Website 90 days after either (1) one year after the Effective Date, or (2) the date on which the proposed settlement is terminated or otherwise not approved by the Court. The Notice Administrator will then transfer the ownership of all URLs set up by the Notice Administrator and related to this Litigation to GCS.

8

D. CAFA Notice

GCS shall cause notice of the proposed settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, to be served on the appropriate federal and state officials not later than 10 days after the filing of this Settlement Agreement with the Court.

E. Claim Form

The Notice Mailing shall include a Claim Form that is substantially the form attached hereto as Exhibit B and will be sent by first class mail, postage prepaid, to members of the Settlement Classes. The Notice Administrator shall as closely as possible duplicate this form to permit submission of claims online, either by email or through the Settlement website.

F. Costs

The costs associated with the Class Settlement Website, the Notice Administrator, Notice Plan, Notice and Claim Form Plan, Notice Mailing and other costs associated with notice to the Class and distribution of the funds will be paid from the Common Fund.

## VII. RELIEF

A. Payment of Settlement Funds

In settlement of the Litigation, GCS will pay the total sum of THREE MILLION DOLLARS ($3,000,000) to the Common Fund established with an entity to be agreed upon by the Parties. GCS will make payment to the Common Fund within ten business days following entry of an Order granting Preliminary Approval to this Settlement. The Common Fund, less any amount of attorney's fees and costs, and/or any Incentive Awards approved by the Court and/or Costs of Administration shall be distributed by the

Notice Administrator within 10 business days after the Effective Date to those members of the Settlement Classes that have returned the Claim Form so that each member of the Settlement Classes that returns a Claim Form receives an equal share of the Common Fund and interest accruing within the Common Fund account as of the date checks are mailed to the Class Members returning Claim Forms, but not to exceed $599. Class checks shall be void six months after issuance.

B.    *Cy Pres* with Respect to Settlement Funds

In the event that the Notice Administrator is unable, after reasonable efforts, to distribute the entirety of the Common Fund to the Settlement Classes within eight months after the Effective Date, including all checks issued and mailed, but never cashed, any remaining funds shall by distributed to an agreed cy pres recipient, subject to Court approval at that time. This grant of funds must stipulate that the payments may not be used in furtherance of Litigation.

## VIII. INCENTIVE AWARDS TO NAMED PLAINTIFFS

In addition to any payments made to Named Plaintiffs as members of the Settlement Classes, each Named Plaintiff will seek the Court's approval of an Incentive Award of FIVE THOUSAND DOLLARS ($5,000.00). Defendant will not oppose an Incentive Award of up to five thousand dollars for each Named Plaintiff. The Parties' negotiation of and agreement to the foregoing Incentive Awards did not occur until after the substantive terms of the Proposed Settlement had been negotiated and agreed upon. These Incentive Awards shall constitute the sole consideration to Pamela Cappetta, James Thomas and Lynn Lestyk for being Named Plaintiffs for the Settlement Classes and shall be made separately from the payment of any attorneys' fees.

These Incentive Awards, subject to Court approval, shall be paid from the Common Funds within 10 business days after the Effective Date.

## IX. ATTORNEYS' FEES, COSTS AND OTHER EXPENSES

In advance of the Court's deadline for the submission of objections, Class Counsel shall make an application to the Court for an award from the Common Fund of attorneys' fees, costs and other expenses with respect to the Litigation in an amount not to exceed thirty percent (30%) of the Common Fund. GCS will not oppose or object to this application. Nothing in this provision will require GCS to pay any funds with respect to the Litigation over and above the $3,000,000 used to establish the Common Fund.

## X. RELEASE

Upon the Effective Date, Named Plaintiffs and each member of the Settlement Classes who has not opted out of the proposed settlement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and any other person to the extent that they assert Claims on their behalf completely and forever releases and discharges the Released Parties from any Claim, claim for relief, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution, attorney's fees, costs, expenses, or other monetary or nonmonetary relief of any and every kind, arising from GCS obtaining or accessing their consumer report or credit report, as alleged or that might have been alleged in the Litigation, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or unliquidated, under the law of any jurisdiction.

The Parties hereby acknowledge that all Released Parties are expressly intended beneficiaries of this Release, regardless of whether they were named defendants in the

Litigation and regardless of whether they paid any part of the payments set forth in this Settlement Agreement.

The parties understand that the release in this settlement is not a full and general release. Nevertheless, upon the Effective Date, Named Plaintiffs and each member of the Settlement Classes who has not opted out of the proposed settlement also expressly waive and release, upon the Settlement Agreement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> § 1542. Certain claims not affected by general release.
>
> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor, or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.

Also upon the Effective Date, Named Plaintiffs and each member of the Settlement Classes who has not opted out of the proposed settlement shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from GCS obtaining or accessing their consumer report or credit report, as alleged, or that might have been alleged in the Litigation. This provision is not intended to bar any cooperation with a governmental authority.

## XI.   ENTRY OF FINAL JUDGMENT

The Parties shall jointly seek entry by the Court an Order of Final Judgment that includes provisions:

   A. Granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and provisions;

 B. Ruling on Class Counsel's application for attorneys' fees, costs, and other expenses;

 C. Discharging and releasing the Released Parties;

 D. Directing that the Litigation be dismissed with prejudice; and

 E. Reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Judgment.

## XII. TERMINATION

The Parties agree that this Settlement Agreement may be terminated in Class Counsel or GCS' sole discretion, if any of the following conditions occurs:

 I. The Parties fail to obtain and maintain Preliminary Approval of the proposed settlement;

 II. Any court requires a notice and claim form plan in addition to or substantially different from that set forth herein and attached hereto;

 III. Any court orders GCS to pay attorneys' fees with respect to the Litigation, other than as provided in this Agreement;

 IV. Any court orders GCS to pay, with respect to the Litigation, any amount above the $3,000,000 contribution to the Common Fund, other than as provided in this Agreement; and/or

 V. Two percent (2%) or more of the collective members of the Settlement Classes opt out of the proposed settlement.

The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, costs and other expenses shall not be grounds for Named Plaintiffs, the Settlement Classes, or Class Counsel to terminate this Settlement Agreement. The failure of the Court or any appellate court to approve in full the request of any Named Plaintiffs for their Incentive Awards shall not be grounds for Named

Plaintiffs, the Settlement Classes, or Class Counsel to terminate this Settlement Agreement.

If this Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then this Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party, shall not be admissible as evidence in a trial on the merits in the Litigation and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law, and all Parties to the Litigation shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made or filed with the Court. In the event that this Settlement Agreement is terminated before the Effective Date, all funds paid by GCS to the Common Funds will be returned to GCS.

### XIII. MISCELLANEOUS PROVISIONS

A.  <u>Best Efforts to Obtain Court Approval</u>

The Parties and their counsel agree to use their best efforts to obtain Court approval of this Settlement Agreement, subject to any right to terminate the Settlement Agreement.

B.  <u>Notices</u>

Except for the Settlement Notices and the CAFA Notice, all notices or formal communications under this Settlement Agreement shall be in writing and shall be given by either (i) hand delivery; (ii) registered or certified mail, return receipt requested, postage prepaid; or (iii) by Federal Express or similar overnight courier, to counsel for the Party to whom notice is directed at the following addresses:

For Named Plaintiffs and the Settlement Classes:

>Leonard A. Bennett, Esq.
>Consumer Litigation Associates, P.C.
>12515 Warwick Blvd
>Suite 100
>Newport News, VA 23606
>Telephone: (757) 930-3660
>Facsimile: (757) 930-3662
>lenbennett@cox.net
>
>Matthew J. Erausquin, Esq.
>Consumer Litigation Associates, P.C.
>1800 Diagonal Road, Suite 600
>Alexandria, Virginia 22030
>Telephone: (703) 273-7770
>Facsimile: (888) 892-3512
>matt@clalegal.com

For GCS:

>Charles M. Sims, Esq.
>John "Jack" M. Robb, III, Esq.
>LeClairRyan
>Riverfront Plaza, East Tower
>951 East Byrd Street, 8th Floor
>Post Office Box 2499
>Richmond, Virginia 23219
>(804) 915-4138 Telephone
>(804) 916-7238 Facsimile
>jack.robb@leclairryan.com
>Charles.Sims@leclairryan.com
>
>David M. Schultz, Esq.
>Todd Stelter, Esq.
>Hinshaw & Culbertson, LLP
>222 N. LaSalle Street, Suite 300
>Chicago, IL 60601
>Telephone: (312) 704-3527
>Facsimile: (312) 704-3001
>dschultz@hinshawlaw.com
>tstelter@hinshawlaw.com
>
>Brian P. Brooks, Esq.
>O'Melveny & Myers LLP
>1625 Eye Street, NW
>Washington, D.C. 20006
>Telephone: (202) 383-5127

BBrooks@omm.com

C. <u>Administrative Costs</u>

Except as otherwise provided herein, each of the Named Plaintiffs and GCS shall be solely responsible for his, her or its own costs and expenses.

D. <u>Taxes</u>

Named Plaintiffs and Class Counsel shall be responsible for paying any and all federal, state and local taxes due, if any, on any payments made to them pursuant to the Settlement Agreement and recognize that GCS may issue IRS Form 1099s or other appropriate reporting documentation as United States Magistrate Judge Dohnal concludes appropriate.

E. <u>Complete Agreement</u>

This Settlement Agreement is the entire, complete agreement of each and every term agreed to by the Named Plaintiffs, the Settlement Classes and Class Counsel and GCS and their counsel. In entering into this Settlement Agreement, the Named Plaintiffs and the Settlement Classes have not relied on any warranty or representation not specifically set forth herein. This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and counsel for the Defendants.

F. <u>Return of Confidential Information and Other Discovery</u>

Class Counsel, on behalf of themselves and their expert witnesses and consultants, as well as others retained by them, acknowledge that during the course of the Litigation they have received Confidential Information. Class Counsel will comply with the terms of this Court's protective order with regard to the return or destruction of Confidential Information. Within the same time period, Class Counsel will identify for GCS the expert witnesses, outside consultants, and any other individuals or entities to whom Confidential Information was given, and will advise those persons of this

requirement and will ensure their compliance with it. This provision is not intended to cover work product of Class Counsel but is intended to cover Confidential Information that might be attached to any work product.

G. Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

H. No Party Is the Drafter

None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

I. Binding Effect

This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of, Named Plaintiffs, the Settlement Classes, Defendants, and the Released Parties.

J. Authorization to Enter Settlement Agreement

The individual signing this Settlement Agreement on behalf of GCS represents that he is fully authorized to enter into, and to execute, this Settlement Agreement on behalf of GCS. Class Counsel represent that they are fully authorized to conduct settlement negotiations on behalf of Named Plaintiffs and to enter into and execute this Settlement Agreement on behalf of the Settlement Classes, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e). Each Named Plaintiff enters into and executes this Settlement Agreement on behalf of himself or herself, and as a representative of and on behalf of the Settlement Classes, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).

K.  <u>Representation by Counsel</u>

Each of the Parties has had an opportunity to receive, and has received, independent legal advice from his, her or its attorneys regarding the advisability of this proposed settlement, to ask any questions about the settlement or the legal consequences of this Settlement Agreement and fully understands and accepts the terms of this Settlement Agreement.

L.  <u>Execution in Counterparts</u>

Named Plaintiffs, Class Counsel and GCS may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument.  Facsimile signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to the Settlement Agreement.  This Settlement Agreement shall not be deemed executed until signed by all Named Plaintiffs, Class Counsel, and an authorized representative of GCS.

M. <u>Governing Law</u>

This Agreement shall be governed by and interpreted in accordance with the laws of the Commonwealth of Virginia.