IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND

F I L E D
DEC 2 2 2010
CLERK, U.S. DISTRICT
RICHMOND,

| | | |
|---|---|---|
| PAMELA G. CAPPETTA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08cv288 |
| | ) | |
| GC SERVICES, LP | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LYNN LESTYK | ) | |
| BASIL LESTYK | ) | |
| on behalf of themselves and | ) | |
| those similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv598 |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAMES THOMAS, on behalf of himself | ) | |
| and those similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv597 |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
CERTIFYING CLASSES FOR PURPOSES OF SETTLEMENT, APPOINTING
CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS AND
<u>SCHEDULING FAIRNESS HEARING</u>**

WHEREAS, this matter has come before the Court pursuant to an Agreed Motion for

Order Granting Preliminary Approval of Settlement, Certifying Classes for Purposes of

1

Settlement, Appointing Class Counsel, Directing Notice to the Classes and Scheduling the Fairness Hearing ("the Motion"); and

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the parties for purposes of settlement only; and

WHEREAS, this Court conducted a preliminary approval hearing on December 16, 2010, and is otherwise fully advised;

IT IS HEREBY ORDERED THAT:

1. The terms of the Settlement Agreement, including all Exhibits thereto, as attached to the Memorandum in Support of the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Final Fairness Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Settlement Agreement, including the Exhibits thereto. The Settlement Agreement between the Plaintiffs and GCS was entered into at arm's-length by experienced counsel for the parties and only after extensive arm's-length negotiation. The Court finds that the Settlement Agreement is sufficiently within the range of reasonableness so that notice of settlement should be given as provided in Paragraph 6 of this Order.

2. The Court preliminarily finds that the proposed Classes, for the purposes of this Settlement only, meet all the applicable requirements of Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and hereby conditionally certifies the following Classes for settlement purposes only:

The "Cappetta and Lestyk Classes" are defined as:

All natural persons residing in the United States or its territories who were not listed as a basic cardmember on any account assigned by American Express to GC Services, LP for collection and regarding whom GC Services, LP obtained an Experian Full Address Update consumer report from May 9, 2006 to March 18, 2009.

The "Thomas Class" is defined as:

All natural persons residing in the United States or its territories who were listed as an authorized user or supplemental cardholder on any account assigned by American Express to GC Services, LP for collection and regarding whom GC Services, LP obtained a full Experian credit report (noted as "code 20" or "code 21" in the invoices Experian sent to GC Services, LP) through GC Services, LP's St. Louis office from May 23, 2007 to September 23, 2009.

3. The Court hereby preliminarily finds that Pamela Cappetta, James Thomas and Lynn Lestyk are adequate and appropriate representatives for the Classes for settlement purposes only.

4. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Classes shall be void, and Plaintiffs and GCS shall be deemed to have reserved all of their rights to propose or oppose any and all class certification issues.

5. The Court preliminarily finds that the following attorneys fairly and adequately represent the interest of the Classes and hereby appoints them as Class Counsel pursuant to Rule 23(g) for settlement purposes only:

> Leonard A. Bennett, Esq.
> Consumer Litigation Associates, P.C.
> 12515 Warwick Blvd
> Suite 100
> Newport News, VA 23606
> Telephone: (757) 930-3660
> Facsimile: (757) 930-3662
> lenbennett@cox.net
>
> Matthew J. Erausquin, Esq.
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Telephone: (703) 273-7770
> Facsimile: (888) 892-3512
> matt@clalegal.com

6. The parties are authorized to retain Rust Consulting as Notice Administrator, and to delegate to the Notice Administrator class administration and notice tasks in

accordance with the terms of the Settlement Agreement.

7. On or before January 14, 2010, Class Counsel will oversee the notice process. The Notice Administrator shall cause copies of the Notice and Claim Form in substantially the form attached hereto as Exhibit A to be mailed by first class mail to each member of the Classes.

8. On or before January 14, 2010, Class Counsel shall cause the Notice, Claim Form and the Settlement Agreement to be published on the website established for purposes of the Settlement.

9. On or before January 21, 2010, Class Counsel and GCS' Counsel shall serve and file sworn statements attesting to compliance with the provision of Paragraphs 7 and 8 of this Order.

10. The notice to be provided as set forth in Paragraphs 7 and 8 of this Order is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. Any member of any of the Classes who wishes to make a claim pursuant to the terms of the Class Notice shall postmark their claim by March 15, 2010.

11. Any member of any of the Classes who wishes to be excluded from his or her respective Class shall mail a written notice of exclusion to Class Counsel so that it is received no later than March 15, 2010.

12. The Notice of Exclusion shall require sufficient information by which the member requesting exclusion may be identified.

13. Class Opt-Outs shall not be bound by the Settlement Agreement, the Settlement, or the Final Order and Judgment. Upon receipt, Class Counsel shall promptly provide copies of each notice of exclusion to the Court and to GCS' Counsel.

14. Any member of the Classes that does not properly and timely mail a notice of exclusion as set forth in paragraph 11 of this Order shall be automatically included in the applicable Class and shall be bound by all the terms and provisions of the Settlement Agreement and the Final Order and Judgment.

15. A hearing on final settlement approval (the "Fairness Hearing") will be held on April 26, 2010, at 9:30 a.m., before this Court at the United States District Court for the Eastern District of Virginia, Richmond Division, Spottswood W. Robinson, III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, Virginia 23219, to consider, *inter alia*, the following: (a) whether the Classes should be finally certified, for settlement purposes only; (b) the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the cases against GCS, and the entry of final judgment; and (c) whether Class Counsel's application for attorneys fees and expenses and the incentive award for the Class representative (collectively "the Fee Petition") should be granted.

16. On or before April 15, 2010, Class Counsel shall file with the Court: (a) any memoranda or other materials in support of final approval of the settlement; and (b) the Fee Petition.

17. Any member of the Classes that has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the cases, the entry of final judgment, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless they are submitted to the Court and served upon Counsel for the parties on or before March 15, 2010. Notwithstanding this provision, the Court will permit objections to issues involving the award of attorneys fees and costs at any

point up to the Final Approval Hearing, provided that such objections are filed and served upon counsel as required herein and in a timely manner so as to provide sufficient notice to the Court and counsel. Such person must: (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such, and (b) serve copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Class Counsel and GCS' Counsel. Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

18. Counsel for the parties who must be served with all documentation described in paragraph 17 of this Order are as follows:

Class Counsel:

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
lenbennett@cox.net

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com

GCS' Counsel

Charles M. Sims, Esq.
John "Jack" M. Robb, III, Esq.
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Post Office Box 2499
Richmond, Virginia 23219
(804) 915-4138 Telephone

(804) 916-7238 Facsimile
jack.robb@leclairryan.com
Charles.Sims@leclairryan.com

David M. Schultz, Esq.
Todd Stelter, Esq.
Hinshaw & Culbertson, LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: (312) 704-3527
Facsimile: (312) 704-3001
dschultz@hinshawlaw.com
tstelter@hinshawlaw.com

Brian P. Brooks, Esq.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5127
BBrooks@omm.com

19. The date and time of the Fairness Hearing shall be set forth in the Notice described in paragraphs 7 and 8 above, but shall be subject to adjournment by the Court without further notice to the members of the Class other than that which may be posted by the Court, posted on the Court's website, and/or posted on the website to be established pursuant to the Notice Plan.

20. Any Class member may hire an attorney at his or her own expense to appear in any of the Cases. Such attorney shall file with the Court a Notice of Appearance and serve it on the Counsel listed in paragraph 18 of this Order.

21. Pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from a Class), shall commence, continue or prosecute against GCS any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval pursuant to the Settlement Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Class Members that do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or

causes of action released pursuant to the Settlement Agreement, and any Class Member shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

22. Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth therein and shall have the full force and effect of an Order of this Court.

23. In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the rights of the Plaintiffs and GCS.

24. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by GCS, or an admission regarding the propriety of any certification of any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendant in connection with any action asserting any claim of release.

SO ORDERED this 21st day of December, 2010.

/s/
James R. Spencer
Chief United States District Judge

SEEN AND AGREED:

_____
Matthew J. Erausquin, Esq. (VSB No. 65434)
Consumer Litigation Associates, P.C.
3615-H Chain Bridge Road
Fairfax, Virginia 22030
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com

Leonard A. Bennett, Esq. (VSB No. 37523)
Consumer Litigation Associates, P.C.
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-366
lenbennett@cox.net


_____
Charles M. Sims, Esq. (VSB No. 35845)
John "Jack" M. Robb, III, Esq. (VSB No. 73365)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Post Office Box 2499
Richmond, Virginia 23219
(804) 915-4138 Telephone
(804) 916-7238 Facsimile
jack.robb@leclairryan.com
Charles.Sims@leclairryan.com