## LEGAL NOTICE BY ORDER OF THE COURT

### IF YOU WERE NOT AN AMERICAN EXPRESS PRIMARY ACCOUNT HOLDER BETWEEN MAY 9, 2006 AND MARCH 18, 2009, YOU MAY BE ENTITLED TO MONETARY BENEFIT FROM A CLASS ACTION SETTLEMENT

*A FEDERAL COURT ORDERED THIS NOTICE.*
*THIS IS NOT A SOLICITATION FROM A LAWYER.*

- A settlement has been proposed in a class action lawsuit against GC Services, LP ("GC Services") that relates to GC Services' use of your Experian consumer report when it was attempting to collect from another person responsible on an American Express account – the primary account holder.

- Your legal rights are affected whether or not you respond. ***Read this notice carefully.***

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **MAKE A CLAIM FOR CASH BENEFITS** | The only way to receive money from this settlement. |
| **EXCLUDE YOURSELF** | You remove yourself from participation in this class action and do not receive a benefit from this settlement. However, you retain your right to file a separate lawsuit against GC Services. If you choose this option, it is very important that you speak to an attorney immediately because of the time-sensitive nature of claims under the Fair Credit Reporting Act. |
| **OBJECT** | You remain a class member, but write to the Court and explain why you don't think the settlement is fair, reasonable, and/or adequate. |
| **DO NOTHING** | You receive no monetary benefit from this settlement, and you give up your right to file a lawsuit against GC Services about the use of your consumer report. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court still must decide whether to approve the settlement. Money will only be provided if the Court approves the settlement and after appeals are resolved. Please be patient.

### BASIC INFORMATION

This lawsuit was filed on May 9, 2008. Here is some basic information.

### 1. WHAT IS THIS LAWSUIT ABOUT?

Plaintiff Pamela Cappetta filed a lawsuit against GC Services on May 9, 2008, in the United States District Court for the Eastern District of Virginia, No. 3:08-cv-288 (the "Action"). Later, as part of this settlement, two other lawsuits with three different Plaintiffs, Lynn Lestyk, Basil Lestyk and James Thomas, Nos. 3:09cv597 and 3:09cv598, were consolidated with this case.



EXHIBIT A

On Sepetmber 4, 2009, in the *Cappetta* case, the Court denied GC Services' Motion for Judgment on the Pleadings. On November 12, 2009, the Court certified a contested class in *Cappetta* for certain Virginia consumers. After significant discovery and a series of formal mediation conferences, the parties have reached a proposed agreement to settle the case and pay money to class members.

### *Case Facts:*

GC Services is a debt collector hired by American Express to collect some of its credit card accounts. American Express accounts have one person who is principally obligated on an account – the person who applied for the account. This person is known as the "Account Holder", the "Basic Cardmember", or the "Primary Obligor". Other persons may be added to an American Express account by the primary obligor. These persons are known as "Supplemental cardholders" or "Authorized Users". They are not primary obligors.

During the class period, GC Services obtained a consumer report about you from the consumer reporting agency Experian. For some of the class, that report was a full credit report while for others it was a report described as a "Full Address Update" report that contained less information than a traditional credit report. These reports contained personal information about you.

### *What the Law Requires:*

A federal law, the Fair Credit Reporting Act, limits the circumstances in which a debt collector may use the consumer report of a consumer. A company such as GC Services may only use your consumer report for a purpose listed in the Fair Credit Reporting Act. The Plaintiffs contend that it is not permitted for a debt collector to use the consumer report of a non-obligated cardholder in order to collect a debt owed by the primary obligor on an account.

If GC Services "negligently" violated this law, it could be held responsible for any actual damages you sustained from the delay in providing the credit score to you. If GC Services "willfully" violated this law, it could also be held responsible to pay statutory damages between $100 and $1,000 dollars, plus punitive damages.

### *What the Plaintiffs Alleged:*

Plaintiffs claim that GC Services used the consumer reports of class members to collect American Express credit card debts that were actually owed only by the primary obligors on the accounts. The use of class member consumer reports violated the Fair Credit Reporting Act because they were not used for a permissible purpose under 15 U.S.C. § 1681b of the law. Plaintiffs sought both statutory and punitive damages, in addition to injunctive and declaratory relief.

### *How GC Services Responded:*

GC Services denied all allegations of wrongdoing and contends that it fully complied with the law. GC Services denied using the consumer reports for an impermissible purpose and denied that any violation of the Fair Credit Reporting Act was willful.

## 2. WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of the plaintiffs or the defendant. Instead, both sides agreed to a settlement. Settlements avoid the costs and uncertainty of a trial and the time delay associated with related appeals, while providing benefits to members of the class. The class representatives and their attorneys think the settlement is best for all class members.

## WHO IS AFFECTED BY THE SETTLEMENT?

## 3. HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

**You are a member of the Settlement Class and are affected by the settlement if you:**

- **were not_listed as a basic (primary) cardmember on any account assigned by American Express to GC Services, LP for collection; and**

- **regarding whom GC Services, LP obtained an Experian Full Address Update consumer report from May 9, 2006 to March 18, 2009; or**

- **regarding whom GC Services, LP obtained a full Experian credit report from September 23, 2007 to January 1, 2009.**

You have received this Notice because records show that either an Experian Full Address Update Report or a full Experian Credit Report about you was obtained by GC Services and because records indicate that you may not have been the primary obligor on the American Express account.

If you meet this description, unless your valid request for exclusion is received by the Claims Administrator by **March 15, 2011,** you are automatically a member of the Settlement Class (a "Class Member") and are automatically included in the settlement and entitled to a monetary benefit if you submit a claim form ("Claim Form").

## WHAT BENEFITS ARE PROVIDED?

## 4. WHAT DOES THE SETTLEMENT PROVIDE?

*Cash Recovery:*

There is a common fund of $3,000,000 to pay all Class Member claims and the administrative costs in the case. Any attorneys' fees and expenses of Plaintiffs' counsel will also be paid from this fund. If the settlement is approved, and you certify that you are eligible by submitting a timely Claim Form as described below, you will be able to receive monetary recovery from the common fund. The amount you will receive will depend on how many other class members submit claims and what fees and expenses are awarded by the Court. Plaintiffs' attorneys may ask the Court for fees in the amount of 30% of the common fund.

If fees are awarded in that amount, your claim would be paid as follows: If 15% of Class Members submit claims, the parties estimate that you would receive you will receive approximately $253.33. If 10% submit claims, you will receive approximately $380.00. If 2% submit claims, you will receive $599.00. If all Class Members submit claims, you would receive approximately $38.00. These amounts could be more or less, depending on the number

of Class Members that file claims. Eligible Class Members are entitled to only one payment during the class period. Eligible Class Members may not receive payment of more than $599.

In order to participate in the settlement, you must certify that you were not the primary obligor on an American Express account during the class period.

## HOW YOU GET SETTLEMENT BENEFITS

### 5. HOW CAN I GET A BENEFIT?

**There are two ways to claim your cash benefit.**

#### A. *Mail your Claim Form*

To obtain settlement benefits this way, you must mail the attached Claim Form to the Settlement Administrator certifying that you were not an American Express primary obligor during the time period in question. Claim Forms must be post-marked no later than March 15, 2011, and mailed to the Settlement Administrator at:

**CLAIM FORMS THAT ARE NOT RECEIVED OR POSTMARKED ON OR BEFORE MARCH 15, 2011 WILL NOT BE HONORED.**

#### B. *Go to the Settlement Website to Submit your Claim:*

You may also submit the Claim Form on the web at www.gcservicesclassaction.com.

### 6. WHEN WOULD I GET MY BENEFIT?

The Court will hold a hearing on April 26, 2011, to decide whether to approve the settlement. However, even if the Court approves the settlement, there may still be appeals. It is always uncertain how long it will take for these appeals to be decided. In some cases, the appeals process may take up to a year.

### 7. WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you can't be part of any other lawsuit against GC Services about the legal claims in this case and legal claims that could have been brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," explained below, which describes exactly the legal claims that you are releasing if you choose to remain a member of the Class by not excluding yourself:

**Release of Claims**

*Upon the Effective Date, Named Plaintiffs and each member of the Settlement Classes who has not opted out of the proposed settlement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants*

*in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and any other person to the extent that they assert Claims on their behalf completely and forever releases and discharges the Released Parties from any Claim, claim for relief, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution, attorney's fees, costs, expenses, or other monetary or nonmonetary relief of any and every kind, arising from GC Services obtaining or accessing their consumer report or credit report, as alleged or that might have been alleged in the Litigation, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or unliquidated, under the law of any jurisdiction.*

**Released Parties:**

*"Released Parties" means GCS, American Express, MicroBilt Corporation, Experian Information Solutions, Inc., and the parents, subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns of each, and for each parent, subsidiary, affiliate, division, associate, agent, successor, assignor, assignee, and/or assigns of each, "Released Party" includes that person or entity's respective present, former or future officers, directors, shareholders, agents, control persons, advisors, employees, representatives, consultants, insurers and reinsurers, accountants, attorneys, and any representative of the above.*

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a benefit from this settlement, but you want to maintain your right to sue or continue to sue GC Services on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class.

### 8. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

**There are two ways to "opt out" or exclude yourself from the settlement.**

#### *A. Mail your Exclusion Request*

To exclude yourself from the settlement by mail, you must complete the attached Request to be Excluded ("Exclusion Request"), selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Cappetta* case. Be sure to include: (1) the name of this lawsuit, *Cappetta v. GC Services, N.A.*, Case No. 3:08cv288; (2) your full name and current address; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is received no later than March 15, 2011, to Class Counsel and Defense Counsel listed in Paragraph 14 below.

#### *B. Go to the Settlement Website to Submit Your Exclusion Request:*

In the alternative, you may also choose to exclude yourself or "opt out" of the class action by visiting the settlement website at: www.gcservicesclassaction.com. If you choose to exclude yourself via the website, there is no need to send the Exclusion Request by mail.

You can't exclude yourself on the phone or by email. You also can't exclude yourself by mailing a request to any other location or after the March 15, 2011 deadline.

If you exclude yourself and decide to file your own individual lawsuit, you should act quickly

as the time to file such an action is limited. You should consult your own attorney about your case.

**REQUESTS FOR EXCLUSION THAT ARE NOT RECEIVED ON OR BEFORE MARCH 15, 2011, WILL NOT BE HONORED.**

### 9. IF I DON'T EXCLUDE MYSELF, CAN I SUE GC SERVICES FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue GC Services for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* class action in order to continue your own lawsuit. Remember, [date] is the deadline by which your Exclusion Request must be received, either by mail or from the settlement website.

### 10. IF I EXCLUDE MYSELF, CAN I GET ANY BENEFIT FROM THIS SETTLEMENT?

No.

## THOSE REPRESENTING YOU

### 11. DO I HAVE A LAWYER IN THE CASE?

The Class Representatives retained **Leonard A. Bennett** and **Matthew J. Erausquin**, Consumer Litigation Associates, P.C., 12515 Warwick Boulevard, Suite 100, Newport News, Virginia, 23606 to represent them. In connection with the preliminary approval of the settlement, the Court appointed these firms to represent you and other Class Members. Together, the lawyers are referred to as "Class Counsel". You will not be charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees, which GC Services has agreed to pay, up to a percentage of approximately 30% of the cash recovered for the Class. However, the Court may ultimately award less than this amount. Class Counsel will also ask the Court to reimburse their costs and expenses incurred by them and by the Class Representatives in litigating this matter.

### 13. ARE THE CLASS REPRESENTATIVES ENTITLED TO A SEPARATE PAYMENT?

Class Representatives will ask the Court to approve a payment to Pamela Cappetta, Lynn Lestyk, Basil Lestyk and James Thomas of $5,000 each as an incentive award for their efforts and time expended in prosecuting this case. However, the Court may ultimately award less than these amounts.

## OBJECTING TO THE SETTLEMENT

### 14. HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

If you're a Class Member, you can object to the settlement if you don't think any part of the

settlement is fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in the *Cappetta* case. Be sure to include: (1) the name of this lawsuit, *Cappetta v. GC Services, N.A.*, Case No. 3:08cv288; (2) your full name, current address and telephone number; (3) the reasons you object to the settlement; and (4) your signature. Mail the objection to these three different places so that it is <u>received</u> no later than March 15, 2011:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Virginia<br>701 East Broad Street<br>Richmond, VA 23219 | Matthew J. Erausquin, Esq.<br>Leonard A. Bennett, Esq.<br>Consumer Litigation<br>Associates, P.C.<br>1800 Diagonal Road<br>Suite 600<br>Alexandria, VA 22314 | |

You also must file a statement with the Court that tells the Court the date that you also mailed or delivered copies of these papers to Class Counsel and Defense Counsel. You may object to issues involving the award of attorneys fees or costs at any time prior to the hearing, as described in the Court's order.

### 15. WHAT'S THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING MYSELF?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you can pursue your own claim against GC Services, but you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you don't have to.

### 16. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on April 26, 2011 at 9:30 a.m., at Judge Spencer's Courtroom in the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, Virginia, 23219. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide how much GC Services will be ordered to pay Class Counsel and the Class Representatives. After the hearing, the Court will decide whether to finally approve the settlement.

### 17. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 18. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Cappetta* case." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the three addresses previously provided, and must be received by the Clerk of the Court by March 15, 2011. You cannot speak at the hearing if you have excluded yourself.

## IF YOU DO NOTHING

### 19. WHAT HAPPENS IF I DO NOTHING?

If you do not submit a completed Claim Form, you will not receive personal monetary benefits from the settlement. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against GC Services about the legal issues in this case.

## GETTING MORE INFORMATION

### 20. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed settlement. More details can be found on the settlement website at **www.gcservicesclassaction.com**, which includes the complaint, Settlement Agreement, and other governing settlement documents, and also allows you to submit the Claim Form electronically or to exclude yourself ("opt out") of the settlement. You can also obtain a copy of the Settlement Agreement at the office of the Court Clerk, 701 East Broad Street, Richmond, Virginia, 23219, during the hours of 8:30 a.m. to 4:30 p.m., Monday through Friday, except holidays.

### 21. HOW DO I GET MORE INFORMATION?

You can visit the website at **www.gcservicesclassaction.com** or call __[CLASS ADMINISTRATOR 'S TOLL FREE NUMBER]. If you have questions about the case, you may contact Matthew J. Erausquin, Consumer Litigation Associates, P.C., 1800 Diagonal Road, Suite 600, Alexandria, Virginia 22314, or by email at GCSClassAction@clalegal.com.

## Claim Form—*Cappetta v GC Services, LP* Settlement

You may submit one claim form. To be eligible to receive benefits under the settlement, you must either complete and submit the claim online at **www.gcservicesclassaction.com**, or complete, sign, and mail this form to the class administrator at the following address:

CLASS ADMINISTRATOR:

You must submit your claim online or postmark your claim form on or before March 15, 2011. Claim forms postmarked after March 15, 2011 will not be treated as valid claims.

Name: [preprinted name]        Claim Number: [preprinted unique ID]

If your name or address has changed from the information printed above, please make any corrections in the box to the right

By submitting this claim, you are certifying that you wish to participate in the settlement, that you were not an American Express primary cardholder during the time periods described in Paragraph 3, and that you are not aware of any fact that would render you ineligible to participate in the settlement.

Signature:_____        Date:_____

---

### Request to Be Excluded -- Receive No Settlement Benefits

**(You may not choose this option if you signed the Claim Form, or submitted it online)**

*A. Exclude Yourself by Mail:*

To exclude yourself from the settlement by mail, you must sign below and return this form, or send a letter stating that you want to be excluded from the settlement of the *Cappetta* case. Be sure to include: (1) the name of this lawsuit, *Cappetta v. GC Services, N.A.*, Case No. 3:08cv288; (2) your full name and current address; (3) a statement of intention to exclude yourself from the Settlement Class; and (4) your signature. You must mail your exclusion request so that it is

received no later than March 15, 2011, to the settlement administrator, as well as counsel for the Plaintiff and the Defendant at the addresses listed below:

**CLASS ADMINISTRATOR:**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Matthew J. Erausquin, Esq.<br>Leonard A. Bennett, Esq.<br>Consumer Litigation<br>Associates, P.C.<br>1800 Diagonal Road<br>Suite 600<br>Alexandria, VA  22314 | |

### B. Go to the Settlement Website to Submit Your Request to Be Excluded:

In the alternative, you may also choose to exclude yourself or "opt out" of the class action by visiting the settlement website at: www.gcservicesclassaction.com.  If you choose to exclude yourself via the website, there is no need to return this form by mail.