IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PAMELA G. CAPPETTA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GC SERVICES, LP,<br><br>　　　　　　　　　　　Defendant. | Civil Action No. 3:08–CV–288<br><br>Consolidated with<br><br>*Lynn Lestyk & Basil Lestyk v. GC Services, LP*,<br>Civil Action No. 3:09–CV–597<br>&<br>*James Thomas v. GC Services, LP*,<br>Civil Action No. 3:09–CV–598 |

### **FINAL ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion for Final Approval of Class Settlement and an Award of Incentive Payments, Attorneys' Fees, and Reimbursement of Expenses. (Doc. No. 259). Defendant GC Services, LP ("GCS") and Plaintiffs (collectively the "Parties") in these consolidated actions have reached a settlement resolving all Class claims in this lawsuit (the "Litigation") and have asked the Court for final approval of the proposed settlement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. As set forth in detail below, the Court will GRANT the motion.

The Court preliminarily approved the proposed settlement on January 6, 2011, (Doc. No. 256), and the parties appeared at a hearing on this matter on April 26, 2011. The proposed settlement is set forth in the Settlement Agreement and Release ("the Settlement Agreement"). The Court finds that the Parties have evidenced full compliance with the Court's Order granting preliminary approval of the proposed settlement; that the Defendant does not oppose the entry of this Order; that the Settling Parties have agreed that, as a condition of settlement, Plaintiffs and the Classes shall release GCS and the other

1

"Released Parties" from all claims arising under the Fair Credit Reporting Act as specified in the Settlement Agreement; and that there are substantial and sufficient grounds for entering this Final Order.

Accordingly, the Court hereby ORDERS that:

1. This Final Judgment incorporates by reference all definitions contained in the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over all Parties and the members of both certified Classes for purposes of this litigation.

3. The proposed settlement set forth in the Settlement Agreement is adequate, reasonable, and fair to the Class Members and, as such, is within the Fourth Circuit's parameters of fairness. Accordingly, the Court hereby GRANTS the Motion for Final Approval, APPROVES the Settlement in all respects, and DIRECTS the Settling Parties to perform the Settlement's terms.

4. Pursuant to the Court's January 6, 2011, Order and the Settlement Agreement, the "Cappetta and Lestyk Classes" are defined and certified as:

> All natural persons residing in the United States or its territories who were not listed as basic cardmembers on any account assigned by American Express to GC Services, LP for collection and regarding whom GC Services, LP obtained an Experian Full Address Update consumer report from May 9, 2006, to March 18, 2009.

The "Thomas Class" is defined and certified as:

> All natural persons residing in the United States or its territories who were listed as authorized users or supplemental cardholders on any account assigned by

>American Express to GC Services, LP for collection and regarding whom GC Services, LP obtained a full Experian report (noted as "code 20" or "code 21" in the invoices Experian sent to GC Services, LP) through GC Services, LP's St. Louis office from May 23, 2007, to September 23, 2009.

5. The Court is satisfied that Rust Consulting, Inc., the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the class notices, verifying addresses of Class Members whose notices were returned as undeliverable, and creating and maintaining the Settlement website. The Court finds that the direct-mail notice program used in this case satisfies Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution and is the most practicable means, under the circumstances, of notifying the Class Members of the existence of the Settlement, its terms, and the consequences of accepting its terms.

With respect to any Class Member who returned both a signed claimed form asking to be part of the Settlement and an unsigned exclusion form, the Court deems this Class Member to be part of the Settlement. With respect to any Class Member who returned either (1) an unsigned exclusion form or (2) a signed exclusion form and a signed claim form, the Court DIRECTS the Settlement Administrator to send a written request for clarification to the Class Member providing the Class Member an opportunity to clarify whether he or she desires to be part of the Settlement. Should the Class Member not return a signed exclusion form postmarked within ten days from the date of the Settlement Administrator's written request for clarification, the Court deems the Class Member part of the Settlement.

6. Except as to any individual claims of Class Members who have validly and timely requested exclusion from the Settlement, the Court hereby DISMISSES the Litigation against the Defendant with prejudice. As to the individuals who have validly and timely excluded themselves from the Settlement, the Court DISMISSES the Litigation without prejudice.

7. Upon the Effective Date, Named Plaintiffs, each member of the Settlement Classes who has not opted out of the proposed settlement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and any other person to the extent that they assert Claims on their behalf completely and forever release and discharge the Released Parties from any Claim, claim for relief, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution, attorney's fees, costs, expenses, or other monetary or nonmonetary relief of any and every kind, arising from GCS obtaining or accessing their consumer report or credit report, as alleged or that might have been alleged in the Litigation, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or unliquidated, under the law of any jurisdiction.

8. Also upon the Effective Date, Named Plaintiffs and each member of the Settlement Classes who has not opted out of the proposed settlement shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, or administrative or regulatory proceeding arising from GCS obtaining or accessing their consumer report or

credit report, as alleged, or that might have been alleged in the Litigation. This provision is not intended to bar any cooperation with a governmental authority.

9. The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Order Granting Preliminary Approval, together with the posting of the Settlement Agreement and the Class Notices on the website as set forth in the Order Granting Preliminary Approval, constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law.

10. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any distribution of the Common Fund and (b) the Settling Parties for the purpose of construing, enforcing, and administering the Settlement and this Final Judgment, including disbursement of Court-approved attorneys' fees, expenses, and Class Representative Incentive Awards.

11. <u>Incentive Awards</u> – The Court finds that the Named Plaintiffs have provided invaluable contributions in furtherance of this Litigation, and have duly earned the proposed Incentive Awards. Accordingly, the Court DIRECTS the Class Administrator to disburse to each Named Plaintiff a total sum of $5,000 out of the proceeds of the Common Fund—over and above the amount each Named Plaintiff is entitled to by virtue of his or her status as a Class Member—for each individual's participation in this case. These payments shall occur as stipulated in the Settlement Agreement.

12. <u>Attorneys' Fees</u> – The Court further finds that Class Counsel's requested award of attorneys' fees is fair and reasonable under Fourth Circuit standards. The Settlement appears to the Court to be a fair, reasonable, and adequate result obtained through hard-fought negotiations conducted at arm's length after exhaustive discovery and litigation by the Parties. As stipulated in the Settlement Agreement, the Court hereby awards as Attorneys' Fees in this case the sum of $900,000, which represents 30% of the proceeds of the Common Fund. The Court DIRECTS the Class Administrator to disburse this amount to Class Counsel from the Common Fund as set forth in the Settlement Agreement.

13. <u>Reimbursement of Expenses</u> – The Court also finds that the expenses incurred and advanced by Class Counsel in the amount of $52,078.85 were reasonable and necessary for the prosecution of this case. The Court hereby DIRECTS the Class Administrator to disburse this amount to Class Counsel from the Common Fund as set forth in the Settlement Agreement.

14. <u>Costs of Administration and Notice</u> – The Court finds that the costs of Administration and Notice as set forth in the Thompson Declaration were reasonably incurred and hereby DIRECTS the Class Administrator to recover any unpaid Administration and Notice costs as set forth in the Thompson Declaration.

15. <u>Disbursement of the Common Fund</u> – Following disbursement as ordered in paragraphs 11 through 14 herein, the Court hereby DIRECTS the Class Administrator to disburse the remainder of the Common Fund to the Class Members in the manner set forth in the Settlement Agreement. To the extent that the Class Administrator is unable to distribute the entirety of the Common Fund to the members of the settlement classes within eight (8) months after the Effective Date, the Court further DIRECTS the Class

Administrator to disburse the balance of the Common Fund to U.S. PIRG, the *cy pres* recipient agreed upon by the Parties.

16. Should the Settlement not become effective in accordance with its terms, this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

Entered this ___27th___ day of April 2011.